FILED

JUL 11 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(Name)  John Roettgen

(Address)  480 Alta Road

(City, State, Zip)  San Diego, CA 92179

(CDC Inmate No.)  V05142

1254    1983  ✓

FILING FEE PAID
Yes ___  No ✓

IFP MOTION FILED
Yes ✓  No ___

COPIES SENT TO
Court ✓  Pro Se ___

# United States District Court
## Southern District of California

(Enter full name of plaintiff in this action.)

Roettgen                        Plaintiff,

v.

D. Paramo, Warden, et al

(Enter full name of each defendant in this action.)

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'16 CV 1806 LAB BGS

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.  If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. Plaintiff:  This complaint alleges that the civil rights of Plaintiff,  John Roettgen
(print Plaintiff's name)
, who presently resides at  R. J. Donovan
(mailing address or place of confinement)
480 Alta Road, San Diego CA 92179
, were violated by the actions

of the below named individuals.  The actions were directed against Plaintiff at

on (dates) July 03, 2014  Through, and March 09, 2015
(institution/place where violation occurred)        (Count 1)        (Count 2)        (Count 3)

2. Defendants:  (Attach same information on additional pages if you are naming more than 4 defendants.

Defendant   D. Paramo                 resides in   San Diego
        (name)                                        (County of residence)
and is employed as a   Warden                              . This defendant is sued in
                (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: In his capacity as warden


Defendant   M. Stout                  resides in   San Diego
        (name)                                        (County of residence)
and is employed as a   facility Captain                   . This defendant is sued in
                (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: As facility captain


Defendant   M. Hagemann               resides in   San Diego
        (name)                                        (County of residence)
and is employed as a   correctional counselor II         . This defendant is sued in
                (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: As correctional counselor II


Defendant   T. B. Russell             resides in   San Diego
        (name)                                        (County of residence)
and is employed as a   correctional officer             . This defendant is sued in
                (defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: as correctional counselor

Defendant  _DeLeon_ _____ resides in _San Diego_ _____
             (name)                                  (County of residence)

and is employed as a _Licensed Psych Teck_ ___ . This defendant is sued in
                          (defendant's position/title (if any))

his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _as a Licensed psych Tech_

Defendant  _G. STRatten_ __ resides in _San Diego_ ____
             (name)                                (County of residence)

and is employed as a _Chief Deputy warder_ ___ . This defendant is sued in
                          (defendant's position/title (if any))

his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:

Defendant  _K. Spence_ ___ resides in _San Diego_ ____
             (name)                                (County of residence)

and is employed as a _Lieutenant_ ___ . This defendant is sued in
                          (defendant's position/title (if any))

his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _as a Lieutenant_

Defendant  _M. CurtIS_ ___ resides in _San Diego_ ____
             (name)                                (County of residence)

and is employed as a _correctional officer_ ___ . This defendant is sued in
                          (defendant's position/title (if any))

his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _correctional counselor_

Defendant  J. Heddy                    resides in   San Diego
                  (name)                                           (County of residence)
and is employed as a   correctional officer
                              (defendant's position/title (if any))   . This defendant is sued in
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law:   as a correctional officer


Defendant  A. Garvey                   resides in   San Diego
                  (name)                                           (County of residence)
and is employed as a   Sergeant
                              (defendant's position/title (if any))   . This defendant is sued in
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law:   as a sergeant


Defendant  F. Pintado                  resides in   San Diego
                  (name)                                           (County of residence)
and is employed as a   correctional officer
                              (defendant's position/title (if any))   . This defendant is sued in
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law:   as a correctional officer


Defendant  A. Sanchez                  resides in   San Diego
                  (name)                                           (County of residence)
and is employed as a   Lieutenant
                              (defendant's position/title (if any))   . This defendant is sued in
his/her ☒ individual ☐ official capacity.  (Check one or both.)  Explain how this defendant was acting
under color of law:   as a Lieutenant

Defendant   N. moon   resides in   San Diego
(name)                                         (County of residence)
and is employed as a   Psychologist   . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.   (Check one or both.)   Explain how this defendant was acting
under color of law:   psychologist

Defendant   Seibel   resides in   San Diego
(name)                                         (County of residence)
and is employed as a   Chief Deputy Warden   . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.   (Check one or both.)   Explain how this defendant was acting
under color of law:   Chief Deputy Warden

Defendant   C. Covel   resides in   San Diego
(name)                                         (County of residence)
and is employed as a   Associate Warden   . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.   (Check one or both.)   Explain how this defendant was acting
under color of law:   as an Associate Warden

Defendant   G. Hernandez   resides in   San Diego
(name)                                         (County of residence)
and is employed as a   Specialized unit Lieutenant   . This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☐ official capacity.   (Check one or both.)   Explain how this defendant was acting
under color of law:   specialized unit (ISU) Lieutenant

Defendant     *Lewis*                    resides in     *San Diego*
                (name)                                   (County of residence)
and is employed as a     *Sergeant*                                        . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☑ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law:     *sergeant*

Defendant                              resides in
                (name)                              (County of residence)
and is employed as a                                        . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law:

Defendant                              resides in
                (name)                              (County of residence)
and is employed as a                                        . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law:

Defendant                              resides in
                (name)                              (County of residence)
and is employed as a                                        . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law:



**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated:

*See Attachment ONE*

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 1.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

*See ATTACHMENT ONE*

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts:</u>   [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

See Attachment One

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _Roettgen_ / _Roettgen_ / _Roettgen_

Defendants: _Arnold, et al_ / _Foston_ / _DiPalermo_

(b) Name of the court and docket number: _U.S. Dist Court, Southern Dist._
_11-CV-02562-MMA (NLS) / 13-CV-0110 GPC (BGS). 14-CV-0298 JAH (WVG)_

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _Pending / Pending_

(d) Issues raised:

_____

_____

_____

_____

(e) Approximate date case was filed: _____.

(f) Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

_Exhausted CDCR 602s on all_

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s):
        From Further Retaliation

    2. Damages in the sum of $ 1,000,000.00 .

    3. Punitive damages in the sum of $ included

    4. Other: See Attachment one

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

July 6, 2016
Date

_____
Signature of Plaintiff

ATTACHMENT

ONE

TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................... 1

   I.  DEFENDANTS VIOLATED PLAINTIFF'S
      EIGHTH AMENDMENT RIGHT TO BE
      FREE FROM HARM: DELIBERATE
      INDIFFERENCE STANDARD ........................... 1

     CONT ONE ........................... 1

     COUNT TWO ........................... 6

   II.  DEFENDANTS VIOLATED PLAINTIFF'S
      FIRST AMENDMENT RIGHT TO BE FREE
      FROM RETALIATION IN RESPONSE TO
      PLAINTIFF EXERCISING HIS RIGHT
      TO REDRESS AND ACCESS TO COURTS ........................... 9

     COUNT THREE ........................... 9

     COUNT FOUR ........................... 12

     COUNT FIVE ........................... 18

     COUNT SIX ........................... 19

     COUNT SEVEN ........................... 20

   III.  DEFENDANTS VIOLATED PLAINTIFF'S
      EIGHTH AMENDMENT RIGHT TO BE
      FREE FROM CRUEL AND UNUSUAL
      PUNISHMENT AND FOURTEENTH
      AMENDMENT DUE PROCESS RIGHTS ........................... 26

     COUNT EIGHT ........................... 26

PRAYER FOR RELIEF ........................... 31

EXHIBITS

A: CDCR 812             G: Appeal HC 1400 1296

B: CDCR 812-C         H: Appeal Log RJD-B-14- 03802

C: 3 CDCR 128-G's      I: RVR FB-15-002

D: Appeal Log RJD-B-14-2979  J: Re-issue/Re-hear Log FB-15-002

E: Appeal Log RJD-B-14-4413  K: Dismiss Log # FB-15-002

F: Appeal HC 14052443

## I. DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM HARM; DELIBERATE INDIFFERANCE STANDARD

COUNT ONE:

Defendants O, Parano, warden; M. Stout, captain; M. Hageman, Correctional counselor II violated These Rights when on July 3, 2014 in an Institutional Classification committee in Ad-seg They ordered The Release of Inmate Jefferson, CDCR# P34202 to Be housed on C-yard, where Plaintiff was housed intentionally disregarding an 812 Enemy concerns Document (see Exhibit A)

On May 22, 2012 Inmate Jefferson Battered Plaintiff while Both were housed on C-yard. When Jefferson was notified That she① was going To Ad-seg for Battery on an inmate, she Began making allegations against Plaintiff Through Theatrical Alegator Tears in an attempt To place Blame onto Plaintiff. Both inmates were sent To Ad-seg as a result.

On May 23, 2012 During a captain Review of Both inmates' lock up orders, Jefferson's allegations magnified as The Results of her lies The night Before gaining The Results of having Plaintiff, The victim placed into Ad-seg also, so her Twisted mind made up more dashing The night.

Captain Ried who conducted The Ad-seg Review is of The same Race as Jefferson and sympathize over Blacks more Than other Races. Jefferson's Transgender status also garnished her a certain

① Inmate Jefferson is a Transgender inmate, so Plaintiff will Refer To her in The Gender she identifies with.

~1~

1  amount of sympathy in addition.

2      Escorting Captain Reid was Investigative Services Unit

3  (Isu) officer C. Davis ② Jefferson Reported to Captain Reid that

4  Plaintiff called Jefferson a "NIGGER" and claimed that Plaintiff

5  was so hated on the yard that he had been stabbed. These stories

6  were given greater weight due to captain Reid's sympathy towards

7  Black Drag Queens and Isu officer C. Davis' bias against me over

8  the law suit.

9      The Result was that Plaintiff was kept in Ad-seg beyond

10 that Review. After captain Reid interviewed Jefferson, but prior

11 to Plaintiff being interviewed, Davis conducted an un-clothed

12 search of Plaintiff in search of any evidence of Plaintiff

13 having been stabbed with no results.

14     When Plaintiff was interviewed, the first question out of

15 captain Reid's' mouth was "Are you Racist?" Plaintiff was

16 Doomed. The next was to question how many times Plaintiff had

17 Been in Ad-seg because Jefferson also claimed Plaintiff had been

18 in and out of Ad-seg many time — and Plaintiff guesses the captain

19 was incapable of checking the computer to verify that.

20     Plaintiff had only Been to Ad-seg once prior and Plaintiff's

21 answer to the question only served to inflame Davis more because

22 it was for one night when Plaintiff Reported that Davis and others

23 from his Isu Team Assaulted me on May 5, 2011, the subject

24 of his law suit.

25     Plaintiff Believes Davis had some influence in keeping Plaintiff

26 in Ad-seg beyond that Review, the captain Reid didn't need much.

27

28 ② C. Davis is a Defendant in a 1983 in the southern District case#
     13-cv-01101-GPC (BGS)

                        - 2 -

1   On May 30, 2012 Defendants D. Paramo and M Hagemann were

2   members on the ICC classification committee that Released Plaintiff

3   Back To C-yard, Plaintiff's status as a victim of Jefferson's

4   actions in tact

5        Jefferson went on To Be found Guilty of the Battery and

6   ~~was~~ her SHU term was waived, her Level III points over-ridden

7   and placed on a level III yard, Jefferson was Rewarded for

8   Battering Plaintiff. Actually, Plaintiff only Assumes Jefferson was

9   found Guilty of Battery, she may not have, the charge of Battery

10  Gains 10 points. In July 2014 Jefferson was level III, Plaintiff

11  will have to verify this information in discovery

12       Regardless, Jefferson was level IV at the Time of the Battery

13  and Required an over-Ride To Be placed on a level III yard.

14       On July 3, 2014 Plaintiff was at yard and several inmates

15  came up to him informing him That Jefferson had Returned, Plaintiff

16  verified this Through an Officer That worked the Unit she was

17  housed in.

18       Plaintiff immediately wrote a letter To Defendant D. Paramo

19  warden and To the courts (see 11-cv-02562-mmA(NLS) Doc 117)

20       On July 8, 2014, in Response To Plaintiff's letter To Defendant

21  warden D. Paramo, Defendant M. Hagemann was in Plaintiff's Housing

22  unit when Plaintiff was Released from his cell and instructed To go

23  To the Program office. Hagemann met Plaintiff in the Building and

24  walked with Plaintiff To the Program office.

25       Plaintiff asked if he was Being Sent To Ad-seg Based on

26  past experiences. Hagemann Replied, "Depends on you," M. Hagemann

27  Threatened To Send Plaintiff To Ad-seg, f he did not Sign off on

28  the 812 on Inmate Jefferson, I Responded that Jefferson should

    (Exhibit A)

1  g6 To Ad-seg, not Plaintiff, because Plaintiff was onto yard

2  Programming and the 812 should have kept Jefferson from being

3  placed on the yard with Plaintiff. Hagemann, CCII, stated Plaintiff

4  would go To Ad-seg because he was the complaining party.

5      To be clear, Defendants D. Paramo, warden, M. Hagemann,

6  CCII, and Captain M. Stout intentionally made two overrides

7  in order to place Jefferson onto the same yard with Plaintiff:

8              1) Jefferson was Level III points, so she had to

9              be over-ridden to be placed out-of-Level to the

10             Level IV yard (facility C);

11             2) The Enemy concerns 812 Form had to be

12             over-ridden in order to be placed on a yard

13             that currently housed an Enemy.

14     It is impossible to classify an inmate without a review

15  of an inmate's Enemy concerns. Title 15 contains the

16  Requirements for classification codified in 15 CCR §§ 3375(g)

17  (5)(P); 3375.2(b)(8); 3375.15 (lower case L)(1)(A) and (2)(c).

18     An 812 Enemy concerns form is placed in both Jefferson's and

19  Plaintiff's central files (c-file) (see Exhibit A).

20     Every classification committee, even in cases where the inmate

21  is not being moved to or from any yard, reviews the Enemy

22  list and confidential list. The correctional counselor and the

23  committee chair (warden in this case) and C&PR (classification

24  and parole representative) all review the Enemy list to make sure

25  and to update the locations of all enemies (see Exhibit B for

26  example) and a notation on the classification hearing

27  Document (CDCR 128-G) is made that Enemy concerns

28  was reviewed/updated etc (see Exhibit C, for example)

- 4 -

Defendants D. Paramo, warden; M. Hagemann, CCII; and M. Stout, captain are all Ranking staff supposedly Trained in Clasification Process. They knew (and D. Paramo, warden, participated in the 2012 incident That spawned the 812) That Jefferson and Plaintiff was enemies and intentionally Placed Jefferson out of Security level, onto The yard with Plaintiff as Retaliation for Plaintiff pursuing his access to Courts (covered in other courts). It was malicious and verdictive. When Plaintiff complained to M. Hagemann threatend and intimedated Plaintiff into signing off on The 812 so That R.J. Danovan - specifically Thase Three Staff, would not be held Liable if and when Jefferson attacked Plaintiff again.

## COUNT TWO:

Defendants correctional officer T.B. Russell (3) and Licensed Psychiatric Technician (LPT) Deleon violated these rights when on December 7, 2014, after having been in Ad-seg for over four (4) months in isolation for no reason, plaintiff informed LPT Deleon that he was feeling suicidal (4)

Deleon reported this to T.B. Russell and other security staff was present, Deleon's duties were to also report to psychiatric staff, which she did not do because Defendant T.B. Russell talked her into disregarding plaintiff (see Exhibit G)

The sole purpose of staff reporting to custody staff (officers) is so that custody staff secures a suicidal inmate into a safe and secured atmosphere where he is also supervised.

A Licensed Psych Tech is not qualified nor permitted to assess and diagnose the validity or severity of an inmates' claim of suicidal idealization, Therefor, the LPT is required to report to a supervisor and at some point a Psychiatrist, not ever a Psychologist, interviews the inmate to evaluate and diagnose the situation.

Due to a relationship/comradery Deleon had with Russell, Deleon intentionally failed to report to superiors. Additionally, officer T.B. Russell also intentionally failed to report this to her superiors or document. Both failed to document.

They both knew of a serious risk of harm related to plaintiff's mental health state and intentionally refused to reasonably respond to it.

(3) T.B. Russell is a Defendant in 14-cv-0298B-JAH(WVG) for assaulting plaintiff

(4) Plaintiff is a participant in the mental health delivery system at a CCCMS Level and it is documented that plaintiff's mental health declines drastically when housed in Ad-seg for a long term.

1  Let it be noted that Plaintiff was only in Ad-seg as a
2  form of retaliation committed by Defendants D. Paramo, Warden,
3  M. Hagemann, CCII, and M. Stout, captain, covered in another count,
4  Plaintiff was not in Ad seg for Disciplinary, but Because these
5  Defendants placed Plaintiff into Ad-seg for retaliation for exercising
6  his 1st Amendment right to access to the courts utilizing Jefferson's
7  presence on C-yard as an excuse, the Ad-seg placement had
8  nothing to do with Jefferson, It was Because Plaintiff was about
9  to serve Defendants in his second law suit (13-cv-0110-GPC(BGS)
10 No Amount of paperwork was fixing the problem and the extreme
11 stress it caused made Defendant's mental health state brittle,
12 Plaintiff was admitted to crisis unit for suicidal idealation on
13 January 2, 2015.
14    At that point, Plaintiff had removed the plastic covering to the ear-
15 piece of his prescription glasses and was just about to cut his
16 neck when a psychologist stuck her face in the window and
17 caught me, It would likely not have escalated to such a
18 degree had Delean and Russell followed through a couple weeks
19 earlier, This psychologist saved my Plaintiff's life — something placed
20 in double jeopardy due to these two Defendants, When Plaintiff
21 reported to Delean on December 7, 2014, he only had a plan, but
22 had not taken any steps towards executing a plan, The Jan 2,
23 actions was a result of nobody listening to Plaintiff, Defendant's
24 Delean's and T.B. Russell's actions/inactions almost resulted in
25 Plaintiff's Death.
26    It needs to be noted here that the retaliative transfer Defendants
27 Paramo, Hagemann and Stout put up in classification forced Plaintiff
28 to ween himself off of his psych med Zoloft which addressed

- 7 -

1  Plaintiff's diBilitative Depression The conditions Plaintiff was under was
2  magnified while off his Zoloft — which Delean was aware of, Plaintiff
3  was at an increased Risk due to Being off of his Zoloft.

- 8 -

## II DEFENDANTS VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHT TO BE FREE FROM RETALIATION IN RESPONSE TO PLAINTIFF EXERCISING HIS RIGHTS TO REDRESS AND ACCESS TO COURTS

COUNT THREE:

Defendants D. Paramo, warden; M. Hagemann, CCII; and M. Stout, Captain violated these Rights when on July 29, 2014 they sent Plaintiff to Ad-seg in order to interfere with Plaintiff serving the defendants in Southern District case number 13-cv-01101-GPC(BGS).

On July 16, 2014 the court ordered (Id @ Doc 14) for the Plaintiff to complete Summons forms and mail the complaints (SAC) and Summons forms to the U.S. Marshals.

On July 29, 2014, Plaintiff would have mailed the SACs and Summons' had he not been sent to Ad-seg a mere couple hours prior to mail call at which time Plaintiff's property, including the 1983 complaints, was packed and stored away from Plaintiff and Plaintiff was then unable to mail them, as intended by Plaintiff's.

This conduct is in keeping with Plaintiff's experiences of having his first 1983 suit filed, @ 11-cv-02562-MMA(NLS).

In this case (Id.), the subject was Plaintiff's second Amended complaint (Doc 35, Id). Just a year prior, Plaintiff had to seek a court order to compell Defendants (R.J. Donovan Prison) to mail the complaints (Id at ~~Docs 34 and 40~~ Doc 49). The captain at the time came to Plaintiff's Housing unit with two correctional officers in tow to seal up and process the NINE boxes of complaints to be mailed to the U.S. Marshal's.

Prior to that, the law library staff refused to copy the Exhibits which also required a court order (Id @ Docs 34 and 40)

1  These court orders unleashed a series of Retaliation. For

2  instance, on July 8, 2013, Just six (6) days after the captain

3  had Plaintiff's complaints mailed to the U.S. Marshal's (11-CV-02562-

4  MMA (NLS)), Plaintiff was Brutally Assaulted By CDCR officers

5  (see case # 14-CV-02988-JAH (WVG)), Upon Plaintiff's Return

6  from Ad-seg for Reporting that assault, the complaints Began

7  To Be served on the Defendants on July 24, 2013

8      CDCR staff at R.J. Donovan monitor the few cases filed By

9  inmates against them. They know when and likely which incoming

10  legal mail contains important activity in all the cases. They intercept

11  important mail and prevent Plaintiffs from complying with court

12  Deadlines.

13      When Plaintiff Prevailed on some Parts of Summary Judgment in

14  11-CV-02562-MMA (NLS) Doc 191 and subsequent order Doc 194 and was

15  To Receive an Attorney (court Appointed), staff intercepted Doc 189 so

16  that Plaintiff didn't know of the courts ruling for about two months,

17      More Recently, the court Granted a Discovery dispute of staff

18  Personnel files in Plaintiff's favor. Aside from the Retaliation associated,

19  staff intercepted the contents of the Attorney General's compliance

20  and Removed the contents having the Envelope delivered empty to

21  Plaintiff in a mocking manner (see 13-CV-01101-GPC (BGS) Doc 100)

22      On Thursday August 14, 2014 officer Pemental (a Defendant in

23  case 11-CV-02562-MMA (NLS) Told Plaintiff that he was Lucky To Be

24  getting fed at all and if the warden had anything To do with it, Plaintiff

25  would never get out of Ad-seg, "Enjoy your law suits," which Plaintiff

26  Took To mean Being in Ad-seg was connected To Plaintiff's law suits.

27      On September 1, 2014 officer L Chavez, an officer Plaintiff

28  never met prior to this Ad-seg placement, and not in Plaintiff's

- 10 -

1   experience Abusive, said that Plaintiff was in Ad-seg for pushing

2   too much Paper, which Plaintiff took as meaning for pursuing his

3   Right to Redress and access to the courts.

4       When Plaintiff attended ICC classification on Aug 7, 2014, and

5   every subsequent classification, M. Hagemann, CcII (Defendant) informed

6   the committee members of Plaintiff's law suits, as in multiple,

7   On August 7, Plaintiff's 13-cv-01101-GPC (BGS) case had not yet

8   Been served on the Defendants which was Plaintiff's second,

9       Defendant M. Hagemann introduced this information as evidence

10  that Defendant Plaintiff did not like R.J. Donovan to support justifying

11  Placing Plaintiff on involuntary Transfer (in another court).

12      It was clear that Being in Ad-seg had nothing to do with

13  Jefferson or security and safety concerns, Afterall, Plaintiff had

14  signed off of the BIZ,

15      (see Exhibit D)

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOUR:

Defendants D. Paramo, warden; M. Stout, captain; M. Hagemann, CCII/Acting CDPR; and G. Stratton, chief deputy warden violated Plaintiff's First Amended Right by placing Plaintiff up for Retaliatory Transfer.

On August 7, 2014 Defendants G. Stratton, CDW; M. Hagemann, CCII; and M. Stout, captain placed Plaintiff on an unnecessary and Punitive/Retaliatory Transfer for the most violent prison in the system, the one where R.J. Donovan sends Trouble makers.

Defendant M. Hagemann presented Plaintiff's case to the committee filling them in on Plaintiff's law suits (02562 and 01101) and the Appeals history of Plaintiff. He told the committee that R.J. Donovan would be better off without Plaintiff and then turned his attention to chief deputy warden G. Stratton and said "This is what we were talking about with Paramo." (Exhibit D)

Inmate Jefferson's presence on C-yard was the premise used to justify Plaintiff's ad-seg placement, so Plaintiff plead for the committee to either move all of Jefferson's enemies to one of the two level III yards so Jefferson could then go back to the other level III and Plaintiff could return to the level IV, C-yard — or — to over ride Plaintiff to one of the level III yards pending Jefferson's Transfer.

G. Stratton claimed Plaintiff had too many points, when Plaintiff knows for a fact there were other inmates with a comparable number of points over ridden to the level III yards; gang members, habitual drug users, violent inmates. Plaintiff is none of those things.

In fact, the only reason Plaintiff is level 4 is for Refusing cellmates where staff (officers) kept placing

- 12 -

1 Plaintiff in danger By Placing plaintiff into cells with sexual
2 Predators or Those who hate Gay People, including Gang members
3 which Kept assaulting Plaintiff, This occured over The Platform
4 of every Prison Plaintiff was in, Fifty six (56) of his Points
5 are Related To This, Additional Points have Been applied to
6 Plaintiff By staff assaulting Plaintiff and retaliation over That
7 first Law suit (11-CV-002562-mmA(NLS) which Plaintiff has
8 Been Pursuing seperately (13-CV-00101-GPC(BGS) and 14-cv-
9 02988 JAH(WVG), Plaintiff does not have a Record of
10 violence or substance use or any other Behavior That is a
11 Risk To security or safety of anyone in his 15 plus years
12 in CDCR — only of Appealing staff misconduct and following
13 up with a 1983 suit-Like This one.
14       At This Point, Plaintiff was not aware of The whole picture
15 when Hageman made These comments, Plaintiff failed to grasp Their
16 importance, Plaintiff at The Time · Believed Hageman was simply
17 smutting Plaintiff (Defaming) out of anger That Plaintiff Refused
18 To sign a 3/4 11½ x8 Page waiver of Right To Be free from
19 inmate harm That was Presented To Plaintiff on July 30, 2014
20 By The Acting captain of c-yard and his hinchman, Investigative
21 Services officer Ignacio Bravo (Defendant in 0110), supra) whose only
22 purpose of Being There was to lend his intimidation To The order To
23 sign such a lengthy Document That Plaintiff was unable to read due
24 To NOT having his glasses, After The Passage of Time, The accumulation
25 of information and assessment of it all did it Became Totally clear
26 That The entire Ad-seg Placement for The sole Purpose of harassing
27 and Tormenting Plaintiff for filing The Two law suits That named
28 collectively Thirty plus R.J. Donovan Employees as Defendants,

- 13 -

1   Plaintiff will further establish that at no time did R.J. Donovan

2   staff intend to actually transfer plaintiff. They intentionally made

3   mistakes in all of the transfer referals to the classification

4   staff Representative (CSR) would result in the CSR Rejecting

5   the transfer Referral. The true intent was to harass and torment

6   which they sold convincingly through their open hostility and verbal

7   abuse.

8      On september 25, 2014 Defendants D. Paramo, warden;

9   Mr. Stroul G. Stratton, Chief Deputy warden; and M. Hagemann violated

10   These Rights when, as a Result of Plaintiff engaging in an Eleven-day

11   hunger strike over the fear of Being transfered to High Desert (which

12   is now finally Being investigated for its extreme violence) Plaintiff was

13   taken to ICC again.

14      At this time, Defendant D. Paramo, warden dismissed Plaintiff

15   in the middle of the hearing, when Plaintiff was taken Back in,

16   D. Paramo told Plaintiff that if he quit the Hunger strike, he

17   would permit plaintiff to stay at R.J. Donovan, in ad-seg until

18   inmate Jefferson was transferred, and then would place Plaintiff

19   Back on C-yard, satisfied, Plaintiff discontinued the hunger strike

20      Later, however, when Plaintiff obtained a copy of his

21   128-G Classification Chrono, Plaintiff discovered that warden Paramo

22   continued Plaintiffs Referral for transfer to High Desert, Defendants

23   knew Plaintiff would obtain a copy of the 128-G and discover

24   this (hind-sight) and was designed to get Plaintiff off of Hunger

25   strike and still continue the pattern of harassment and torment

26      On october 30, 2014 Plaintiff again was taken to ICC

27   where Defendants M. Stout, captain and M. Hagemann CCII

28   (acting in capacity of Classification and parole Representative (C&PR).

1 | This Time Correctional Counselor II Kimo Smith Represented
2 | Plaintiff's case to the Committee whom Listed Four (4) Reasons
3 | for CSR to Reject The earlier Transfer Referrals. Defendants
4 | M. Stout and M. Hagemann ensured The TRIO's (including Di Paramo, Warden)
5 | Scheme was continued, made sure Plaintiff was put up for Transfer,
6 | But This Time CCII K. Smith ensured Plaintiff's Prescribed Diet
7 | was taken into consideration which had Been disregarded prior—
8 | So The Transfer disqualified High Desert. The Result was The same,
9 | Plaintiff was still (in his mind, as intended) up for Transfer.
10 | At This Time, Plaintiff was aware of a new Coleman Mental
11 | health Provision in Place called NDS (non-disciplinary Segregation)
12 | codified in 15 3335(b) and which was not published in The
13 | current Title 15 Back Then, But was in place By Notice of change to
14 | Regulations Number 13-03, Some how it was left out of The Title
15 | 15 for 2014. CCII Smith also ensured Plaintiff was assigned
16 | NDS status as Plaintiff was not under Disciplinary. Having
17 | Chief Deputy Warden K. Seibel chair Likely had something to do
18 | with it too as she was The Highest Ranking official and was not
19 | party to The conspiracy That included D. Paramo; G. Stratton; M. Stout
20 | and M. Hagemann (and likely J. J. Jackson CAPR too, But Plaintiff did not
21 | Raise him in any of his Inmate appeals, so he is not Listed as a Defendant)
22 | On December 24, 2014, a Little over two weeks from
23 | Reporting to Defendant Deleon and her and Defendant T.B. Russell ignoring
24 | That Plaintiff was suicidal (see Count Two), Defendants G. Stratton,
25 | Chief Deputy warden; and M. Stout, captain; and M. Hagemann, CCII;
26 | Took Plaintiff to classification, at which Time Defendant G. Stratton
27 | told Plaintiff That Plaintiff's classification would Be Post poned a
28 | week and asked CCII K. Smith to see if all of Inmate Jefferson's

1   enemies could Be shuffled to one of the two Level III yards at Donovan
2   so that Jefferson could Be placed on the other and Plaintiff could Be
3   placed Back on his Level IV, C-yard.

4       At this point, Plaintiff's mental state had deteriorated greatly
5   and all his hope Ballanced on that hope. Plaintiff had Been in
6   Ad-seg Being harassed and tormented for no Reason for over Five
7   (5) months.

8       When the next ICC came and went and Plaintiff Realized that
9   he was Being disregarded yet again, Plaintiff fell into a serious
10  Depression that Likely wouldn't have Been so Bad if he was on his
11  Zoloft medication. No Amount of Pleading or complaining was
12  helping. At the time, Plaintiff was also in contact with the
13  Coleman Attorneys.

14      Latt it Be noted that the Ad-seg unit is a dungeon without
15  electricity or cable for TV so inmates have nothing in the cells.
16  Plaintiff's deprivation was magnified B the Restrictions placed on his
17  legal papers (another count)

18      NDS inmates are afforded more Privileges, But Being
19  deprived of that status made it worse : Inmates who were cccms
20  Like Plaintiff are issued a Radio. Plaintiff did not Receive one.
21  It was Isolation interrapted periodically By Officer Pementel, a
22  defendant in O2562, calling Plaintiff child molester and messing with
23  Plaintiff's cell when he left it and his medically prescribed food, as
24  in O2562.

25      On January 2, 2015 Plaintiff was admitted to the mental
26  health crisis unit and Transfered to the mental health hospital
27  at CIM, Chino. The three weeks spent there was soothing.
28  to Be away from all the Retaliation and to have some program

- 16 -

1  helped Plaintiff Greatly in finding some Peace

2      While there, a CCI told Plaintiff that the mistakes made

3  in Plaintiff's classification Referrals for Transfer were Rookie

4  mistakes. That a Trained CCI (like himself) would not make

5  those mistakes, much less a CCII (like Defendant Hagemann).

6  It was obvious to him that the "mistakes" were intentional and

7  anyone making such submissions could expect the CSR to

8  Reject it.

9      It was at this point Plaintiff learned that the many Transfer

10  Requests were designed to Harass and Torment Plaintiff, which

11  Greatly comforted Plaintiff.

COUNT FIVE

Plaintiffs D. Paramo, warden; G. Stratton, CDW; M. Stout captain; M. Hageman violated these rights when they intentionally did not classify Plaintiff NDS (non-Disciplinary Segregation) where Plaintiff was in Ad-seg for months, and appeared at several ICC Hearings (Aug 7, 2014; Sept 25) where these Defendants denied Plaintiff NDS, which comes with additional Privileges intentionally declined to Plaintiff as retaliation for Plaintiff's Appeals, law suits and refusal to sign off a 3/4 page 812 waiver forced upon Plaintiff opting for his safety from Jefferson.

On October 30, 2014 when the NDS status was finally extended to Plaintiff, Defendant M. Hageman informed Plaintiff the reason Plaintiff had been refused NDS was due to the "recacitrant nature" of Plaintiff's Ad-seg Placement. Not sure how being placed in Ad-seg for "safety concerns," as they claim could ever qualify as recacitrant, but likely related to the real reason Plaintiff was placed into Ad-seg; 'to prevent Plaintiff from mailing his complaints and summons' to the U.S. marshal, placing Plaintiff into Ad-seg accomplished depriving Plaintiff of his property, which, if Plaintiff would have signed off the 812 and been placed back on c-yard, would have resulted in several weeks of delay.

The increase in harassment and torment was enhanced by refusing to waive liability for Jefferson's presence

(See Exhibit E and F)

COUNT SIX:

Defendants K. Spence, Lieutenant; officer M. Curtis; and m. Stout captain deprived Plaintiff his legal property when on October 02, 2014 Defendant M. Curtis, correctional officer limited Plaintiff to one cubic foot of legal materials from Plaintiff's property stating defendant K. spence (5) directed officer m. Curtis to limit Plaintiff specifically to one cubic foot of legal materials from Plaintiff's property when Plaintiff was issued ad-seg property which is totally in contrast to CDCR property in retaliation for naming Lieutenant K. spence in law suits (note 5, below) (Exhibit H)

This act was not only retaliation on a personal level but also joined him with Defendants D. Paramo, warden; m. Stout, captain and his immediate supervisor; and M. Hagemann, CCII whom work closely with one another through the Ad-seg Department and ICC Hearings in spence's Housing units.

Lieutenant K. spence had been the Ranking Officer for the Ad-seg units for years - At least six years that Plaintiff was housed at R.J. Donovan.

Let it also be noted that Defendant M. Stout, captain, is the Reviewer on the Appeal that Plaintiff filed in relation to this issue. CDCR Appeal coordinator has 30 work days to answer a first level Appeal. Plaintiff submitted it on Oct 19, 2014 and Stout didn't respond until January 20, 2015, over double the time.

(5) Lieutenant K. spence was a former Defendant in 02562, supra, but dismissed by way of closure 12(b) motion; and a Defendant in 14-cv-02988-JAH (WVG)

- 19 -

COUNT SEVEN

DURRING the course of January 2, 2015 through March 09, 2015, Defendants M. Stout, captain; J. Heddy, corr. officer; A. Garvey, sergeant; M. Hagemann, CCII/Acting CCPR/Acting captain; F. Pintado, corr. officer; A. Sanchez, Lieutenant; N. Moon, Psychologist/reporting employee; Sei Bel, Chief Deputy warden, C. Covel, Associate Warden; G. Hernandez, Investigative Services Unit Lieutenant; Johnson, sergeant; D. Paramo, warden; Lewis, sergeant all participated in issuing a Retaliatory and False Disciplinary log FB-15-002. (EXHIBIT I)

This Disciplinary (AKA: Rules Violation Report, hereinafter RVR) was false and Retaliatory in the extreme.

During the six months Plaintiff was in solitaire confinement he wrote letters to the warden (until Plaintiff discovered on January 22, 2015 that the warden had been the reason for everything from Jefferson being Released TO C-yard where Plaintiff Resided TO Placing Plaintiff into Ad-seg and all subsequent conduct by everyone), to coleman Attorneys, California Attorney General; secretary of the CDCR; CDCR Legal Affairs; Prison law office; office of Administrative law; litigation coordinator; San Diego District Attorney's office, Plaintiff made sooo much noise that someone had to be asking them what they were doing

Sooo, the RVR in an attempt to justify keeping plaintiff in Ad seg.

Doctor N. Moon claims she did not issue an RVR, captain Stout showed particular interest in the RVR. A. Garvey took offense that Plaintiff ignored him when Garvey tried to speak to Plaintiff while Plaintiff was in the cages waiting to be evaluated for crisis placement.

- 20 -

Defendant F. Pintado did not work the unit. His Report of his involvement is completely false. He was not there. The only reason he was included is because of the six officers that worked in the Housing unit, all of them refused to put their name on those Reports. Defendant J. Heddy told Plaintiff that when he asked about it.

January 30 2015

Plaintiff then asked his staff assistant A. Demesa if that was true and Demesa told Plaintiff that he felt the whole thing (RVR) was Bullshit. All of them did. He said that they knew it was a product of Plaintiff's law suits. That they heard enough from T.B. Russell and K. Sperce to know that Administration was Really pissed at Plaintiff over his law suits and none of his crew was stupid enough to let Administration Rope them into Plaintiff's next law suit. Demesa told Plaintiff that they all Refused to get involved when Sergeant A. Garvey made demands for them to write Reports and that resulted in Captain M. Stout addressing them.

Demesa said that Captain M. Stout started yelling at them in their (officer's) Record/Break area trying to intimidate them. The officers Banded together and told Captain M. Stout that they Refused to get involved in their (Administration's) Bull shit and if Stout wanted to press it, they'd get their Union involved. Demesa laughed as he Recalled Stout's face turning Red with anger and stomping off.

Sergeant A. Garvey stopped working the Ad-seg unit out of anger towards staff not supporting them

- 21 -

TO pursue the RVR. Officer P. Rivera, who was later assigned as plaintiff's staff assistant, told petitioner that Garvey refused to work with a team that didn't have his back. That Garvey viewed the incident as a manner to gain favor with the higher ups, knowing how angry the warden, Stout and Hagemann was with plaintiff and he hoped to garnish his favor by joining their cause.

Lt. Skelton was the senior hearing officer, a Lieutenant, on plaintiff's RVR. When plaintiff refused to go to his RVR hearing, refusing to participate in the fiasco, Lieutenant L. Skelton came to plaintiff outside at the Recreational Kennels.

His first words was, "Why can't you give in just one time? Maybe if you just dropped it one time they'd stop fucking with you."

Plaintiff has a history with Larry Skelton. He has always advised plaintiff to give in and move on. He said its plaintiff's fault that captain Mr. Stout and Mr. Hagemann, CCII has focused on plaintiff, "What do you hope to accomplish with your paperwork?" He asked if plaintiff had prevailed on any one of them, which plaintiff had to concead that he had not, to which he replied, "See, you are nobody. You should accept your surroundings and stop all this paper filing. And now you got me all caught up in this shit. My superiors want me to fuck you hard and if I do, I'll be in your next paperwork, huh?"

After a time, Skelton said that he was going to investigate the matter and see if he could reduce the RVR, which was the best plaintiff could expect since the warden was "watching this one."

///////

later on, plaintiff was escorted from his cell to the office to speak to Skelton. Skelton said, "This whole thing stinks and you got me right in the middle of it. When I spoke to the reporting employee, Dr. Moon, she said the RVR was a fraud after I told her I was reducing it. I think you are going to be pleased with the outcome. I'm reducing it to a division F, the lowest level, for possession of dangerous contraband. It's nothing."

Skelton then asked if there was any way he could talk plaintiff into counting himself lucky and just dropping it and moving on with life (Afterall, plaintiff would be getting out of Ad-seg soon—"aren't you tired of fighting"). Plaintiff responded that there was no chance; he had already informed everyone of his intent to sue over the whole thing.

Skelton said, "You know if it was up to me, I would just dismiss this RVR, but then I'd have the warden and Stout breathing down my neck. I really fought for you to get them to let me reduce it. They are really pissed!"

Plaintiff informed Skelton that plaintiff would not include Skelton in his law suit as a defendant since plaintiff did believe Skelton's hands were tied.

On February 2, 2015 defendant T.B. Russell came to plaintiff's door and told plaintiff "Keep my name out of that shit (RVR), in fact, me and none of my partners were involved in that shit, so keep all of us out of it." Plaintiff responded that he already knew and that De-mesa already told me plaintiff.

23

In order to satisfy the last two elements of stating a Retaliation claim; Plaintiff believes he's complied with the first three:

    1) Assertion that state actor inflicted some adverse action against Plaintiff;

    2) Because of;

    3) Prisoner/Plaintiff's protected conduct and that such action;

Plaintiff now will comply with the last two:

    4) chilled the inmates' exercise of 1st Amend. Rights; and

    5) Action did not reasonably advance a legitimate correctional Goal.

Pursuant to Rhodes v. Robinson 408 F.3d 559, 567-68 (9th Cir 2005)

CHILLING EFFECT

Generally such heavy handed Retaliation is enough to chill a Regular inmate — and these tactics usually do work. The thing with Plaintiff is that, as a gay man who has suffered much torture, he has learned that when he gives into terrory (sic), it only gets worse.

Even though CDCR staff's conduct freightens the hell out of him, he feels that if he doesn't document it (then it never happened), then it frees them to continue. Documenting through the Inmate Appeals process is the only way to protect him self. If something really bad happens, there will be a paper trail to follow.

Most inmates don't pursue Appeals because of the Retaliation involved. In Plaintiff's case, the first Counsult (2562, supra) started a series of misconduct. If Plaintiff would not have followed through, Plaintiff would be worse off. Instead of threats of charging Plaintiff with false staff assault or discovery of Dangerous contraband in his cell, it would have happened.

In this case, had Plaintiff not created a lot of paperwork, the staff would have helped with the RVR and Plaintiff would have Been found Guilty of an A1 offense and Been Placed in the SHU for a year and a half,

It was sooo damn frieghtening while Plaintiff was going Through it, But the up-side is that now Plaintiff gets the oppertunity to obtain accountability, Most inmates are unable to endure the suffering that comes with exercising their Rights,

It is not necessary that the conduct actually did chill Plaintiff's pursuit of his access to courts (Rhodes, supra @ 569)

If not for the Retaliation, Plaintiff would not have Been Placed in Ad-seg and Tormented in his cage, there was no Reason for Plaintiff to Be placed in Ad-seg in the First Place,

The RVR was in Response to Plaintiff having the Defendants served in 13-CV-01101, supra, which the Ad-seg placement and depravation of legal papers was intended to stop AND Plaintiff also Filed a Third Lawsuit, 14-CV-02988, supra, all in December 2014, They were very Angry and Plaintiff was fortunate to get Through it with his Life,

And Plaintiff Believes he's demonstrated how none of these actions had a Reasonable Penological interest.

- 25 -

## III   DEFENDANTS VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS

## COUNT EIGHT:

Defendants, During the course of January 2, 2015 and March 09, 2015, M. Stout, Captain; J. Heddy, Corr. Officer; A. Garvey, Sergeant; M. Hagemann, CCII/Acting COPR/Acting Captain; F. Pintado, Corr. Officer; A. Sanchez, Lieutenant; N. Moon, Psychologist/Reporting Employee; Seibel, Chief Deputy Warden; C. Covel, Associate Warden; G. Hernandez, Investigative Services Unit Lieutenant; Johnson, Sergeant; D. Paramo, Warden; Lewis, Sergeant; all participated In a false Disciplinary Log #FB-15-002 In Retaliation for having served The Defendants In Southern District case 13-cv-01107, supra, which Plaintiff's Placement In Ad-Seg on July 29, 2014 was meant to prevent AND for Plaintiff filing a Third Civil Rights Complaint, 14-cv-02988, supra, all while housed six months, disciplinary free, In a Retaliatory Ad-Seg placement That was Retaliation for pursuing his Access to Court Rights,

This RVR is Bogus and has no foundation in Truth, and Plaintiff Prevailed Resulting In It Being dismissed. (Exhibit K)

Actually, Plaintiff encorporates court Seven here as Though it were fully Stated herein, In the interest of economy.

Due process, I Read, Is violated Regardless of whether There Is a Liberty interest under the Atypical and Significant Test when disciplinary charges completely unsupported by evidence Nonnete v Small 316 F.3d 872, 878-79 (9th Cir. 2002); Buensworth Vi Gunderson 179 F.3d 771, 775 (9th Cir. 1999).

P. And no logical Penological interest is served By falsely Charging Inmates,

- 26 -

1   Specifically, the Defendants collaborated and performed
2   different functions in this RVR that no one staff could have
3   accomplished on their own — and most, if not all, had to
4   know they were participating in an RVR that was contrived
5   and false, in the following manners:
6       Defendant N. Moon, psychologist, is the Reporting employee
7   who is represented as the complaining/Reporting party. This function
8   is pivital in a disciplinary proceeding because this is the start.
9   Defendant N. Moon indicated to Plaintiff that she did not have
10  anything to do with the RVR, but her name is on it and that
11  would certainly be hers to prove.
12      Defendant M. Stout Reviewed the RVR. He also issued
13  several chronos Relative to this RVR. In addition several staff
14  indicated that M. Stout played a part in "pushing" this RVR
15  which seemed to hold some personal significance.
16      Defendant A. Garvey is the Reviewing Supervisor on the
17  face of the RVR and, interestingly, is the interviewer Reviewer
18  of Defendant N. Moon's Crime/Incident Report CDCR 837 Report
19  where Defendant N. Moon's signature Represented on the document
20  appears to be a computer generated transfer of Moon's signature.
21  Additionally, this is the only 837 Report that bears Garvey's
22  signature. All other 837 Reports are signed by Sergeant Lewis
23  as the reviewer. Defendant A. Garvey, sergeant was careful
24  to avoid his involvement — to obscure his involvement. There
25  is a chance Defendant N. Moon's 837 Report has been fabricated
26  and forged by Defendant A. Garvey.
27      Additional evidence of this document being fabricated
28  and forged is that the Report states that N. Moon Reported

To her supervisor and relinquished the eye glass piece
To a correctional officer, Defendant F. Pintado. Problem
with this statement is that Defendant Pintado did not work
Ad-seg unit 7 that day. He was assigned to Facility B
Yard. Why would Moon go out to the yard to give it
To him? (see Pintado's 837 Report for his assignment).

Pintado did not work 7 that day and Plaintiff had
never seen him until January 10, 2015 when he participated
in the preperation for a cell extraction of Inmate Beasley
CDCR J43687 at which time Plaintiff observed an officer
dressed in Riot Gear and Emblazoned on his back on tape
was F. Pintado. Philipeno guy, Plaintiff thinks.

Also, Moon would have notified security staff before her
supervisor so that security staff could secure Plaintiff from
harming himself. It makes more sense that she reported
to A. Garvey, the unit on-site supervisor who then instructed
one of the six officers assigned to Ad-seg to secure Plaintiff
Like officer E. Guzman noted on an 837 as securing Plaintiff.
His Report signed by Lewis, sergeant, which again, did not work
That day. Officer E. Guzman is not listed as a defendant
Because he did nothing wrong.

Defendant F. Pintado is a liar. He was not in housing
unit that day. He was not involved in any manner and is
included in this suit because he falsefied his Report in order
To help cover up the mis-conduct when all six officers assigned
To unit 7 refused to get involved - Even Slimey A. Garvey
who put it all on Lewis.

/ / / /

- 28 -

1  Defendant J. Heddy placed his signature on the RVR
2  allegedly for the Reporting employee DR. MOON. He either
3  conspired with captain M. Stout to initiate a forged
4  Document utalizing Moon as a scape goat or he signed
5  the RVR with DR. Moon's permission and would either way
6  Be liable for his part in issuing a false Disciplinary on
7  Plaintiff. Either way it would Be conspiracy with captain
8  STOUT. J. Heddy informed Plaintiff that the SIX officers
9  assigned to the Ad-seg unit Refused to put ~~their~~ their names
10 on the Reports - so Heddy knew the RVR was false.
11     Defendant M. ~~Stout, captain~~ Hagemann, CCII/ACTING CAPR/
12 acting captain knew of the false RVR and still did not dismiss
13 it all the way But made it into a 128-B that will stay in
14 Plaintiff's Record forever, or until court order to Remove it.
15     Defendant A. Sanches, Lieutenant is the Reporting staff on
16 all of the crime/incident Reports 837-A ~~and the Reviewer~~
17 ~~on the Re-issued RVR, She Had to Know the RVR was~~
18 ~~false. Sh~~ She Reviewed all the Reports and should have
19 known the RVR was false.
20     Defendant G. Hernandez and Defendant D. Paramo, warden
21 ~~and Defendant Sorbel~~ had a duty to Refer Plaintiff's "Charges"
22 to the ~~DA~~ District Attorney and instead conspired to
23 keep the matter in-house By not sending it to the DA
24 pursuant to Policy. These Defendants have done the same
25 in the past to protect other Investigative Services Unit,
26 of which G. Hernandez, Lieutenant is the Supervisor over, from
27 exposure for assaulting Plaintiff (see 0110, supra)
28

- 29 -

1  Defendant Lewis, sergeant had to know the RVR
2  was false since he was asked to sign as the Reviewer of
3  all the crime/incident report 837-C (except for the one that
4  is represented as Defendant N. Moon's) when he was not working
5  That day, But dated all of them for that day

6  Defendant SeiBel, chief Deputy warden Signed
7  for D. Paramo, warden on the 837-A's, therefore Reviewed
8  the Reports and should have known it pertained to a
9  false Disciplinary (RVR)

10  Defendant C. Couel, Associate warden served as
11  The chief Disciplinary Officer and Reviewed all the Reports
12  and must have known the RVR was false, But it did not
13  Stop him from attempting to perfect the Record By ordering a
14  Re-issue/Re-heard on may 2, 2015 (Exhibit J)

15  Let it Be noted That Lieutenant L. Skelton also told
16  Plaintiff that Defendants D. Paramo, warden; M. Stout, captain;
17  M. Hagemann, cc II; and G. Stratton, COW; were pressuring
18  the pursuit of this RVR.

PRAYER FOR RELIEF:

1) Investigation into staff misconduct relative to this complaint
By outside/independent Investigator;

2) CDCR staff be fired:

    D. Paramo, warden;

    G. Stratton, chief Deputy warden;

    M. Stout, captain (or whatever his rank now);

    M. Hagemann, CCII/CAPR/Captain (or whatee rank);

    A. Garvey, sergeant;

    Any other staff revealed in the investigation as knowing;
    and having part in falsification or forgery of any;
    Documents in Plaintiff's file;

3) Remove the 128-B Authored by M. Hagemann on March 09,
2015; and any other Document of Adversity Generated during
the Period of Time, July 03, 2014 and March 09, 2015;

4) Discipline all other staff for their parts;

5) Absolutely no more Retaliation;

6) Damages in the Amount of One million Dollars.

7) any other Remedy at the court's discretion.

    The above is True and correct to the best of my
Knowledge, made under penalty of Perjury.

    Respectfully sworn to this 6 day of July, 2016

John Roettger   V05142
Plaintiff in Pro Se

— 31 —

E X H I B I T

A

ROET
001204

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128 B (rev 4/74)

NAME and NUMBER:      ROETTGEN, J.      CDCR: V-05152      FB-7-120L

On May 22, 2012, staff observed Inmate JEFFERSON, P-34202 battering Inmate ROETTGEN, V-05124 while the culinary on Facility C located at the Richard J. Donovan Correctional Facility (RJDCF). Both inmates were interviewed with regards to enemy concerns at it pertains to this incident.

Inmate JEFFERSON stated that he does not consider Inmate ROETTGEN as an enemy.

Inmate ROETTGEN stated that he does consider Inmate JEFFERSON as an enemy.

Based upon the statements made by these two inmates, and the circumstances surrounding the offense, it is this writer's opinion that an enemy situation does exist amongst these two inmates.CDC-812's have been updated to reflect the same.

ORIG: C-File
    CC: INMATE
        COUNSELOR
        WRITER

DATE: 5-23-12                    (safety concerns)

K. REID
Facility Captain
Facility C

GENERAL CHRONO/RJDCF

E X H I B I T

B

**CSR REVIEWED**

STATE OF CALIFORNIA
CDCR 812STG (10/12)

DEPARTMENT OF CORRECTIONS
AND REHABILITATION

## NOTICE OF CRITICAL CASE INFORMATION-SAFETY OF PERSONS (Non-Confidential Enemies)

This non-confidential form is used to document offenders or potential offenders who should be kept separate and offenders suspected of affiliation with a security threat group (STG). Indicate "None" under CDCR number and/or group section if there are no enemies and/or security threat group concerns. Refer to CCR, title 15, Section 3378 for additional information.

| NON-CONFIDENTIAL ENEMIES | | | | Date 8/4/14 | Date 9-16-14 | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|
| CDCR Number | Print Name | Primary/ Supporting Documentation | Date | Current Location | Current Location | Current Location | Current Location | Current Location | Current Location |
| D72261 | MADRigal | 128B OTD 2/4/08 | | TGN | DISCH | | | | |
| V21961 | RIZZO | 128B OTD 3-23-08 | | WEST | MCSP-A | | | | |
| T92705 | PROTO | 128B OTD 8-9-08 | | MCSP | MCSP | | | | |
| G26772 | WELSH | 128B OTD 3-9-09 | | DISCH | DISCH | | | | |
| D52853 | COOPER | RVR OTD 6/2/09 | | PVSP | PVSP-D | | | | |
| P82722 | Bushnell | 128B OTD 3-3-11 | | ASP-II | ASP-C | | | | |
| T99814 | ROBERSON | 128B OTD 3-3-11 | | DISCH | DISCH | | | | |
| Unk | ALLEN | 128 OTD 3-3-11 | | UTL | UTG | | | | |
| P35202 | Jefferson | 128B OTD 7-30-14 | | RJD-C | RJD-C | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

### DELETION OF PRIOR ENEMIES

| CDCR Number | Print Name | Document Deleting Enemy Issue | Delete Date | Print Name, Title, Inst/Region, Initials of Person Deleting |
|---|---|---|---|---|
| | | | | |
| | | | | |

### SUSPECTED SECURITY THREAT GROUP (STG) AFFILIATION

| | Type of Affiliation (Member/Associate) | Date | Primary Supporting Documentation |
|---|---|---|---|
| STG-I: | | | |
| STG-II: | | | |

### STAFF COMPLETING UPDATE

| Print Name and Write Initials | Title | Institution/Region | Date |
|---|---|---|---|
| M. HAGEMANN    MH | CCII | RJD-ASU | 8-9-14 |
| R. HAGEMAN MH | CCII | RJD | 9-16-14 |

| CDCR Number: V05147 | Offenders Name: R OGTTGEN | | Page 1 of 1 |
|---|---|---|---|

E X H I B I T

C

| State of California | | DEPARTMENT OF CORRECTIONS | | | CDC-128G |
|---|---|---|---|---|---|
| CDC Number: V05142 | Name: ROETTGEN, J | Classification Score: 102 Level: IV-180 | | Type and Release Date: MEPD 12-26-2061 | |
| Custody: CLOA S,R | WG/PG: A2/B Effective: 09-23-09 | Next Classification: 08-11 Next BPT: 11-2060 | | Housing: F3-13-246L | R.P.S. Status: N/A |

### Assignment/Committee Summary

UNASSIGNED /PR/ RE AFFIRM COMM. ACT FROM 7-22-10 /REAFFIRM CLOA RS

### Introduction

Inmate ROETTGEN appeared in person before the Facility Three Unit Classification Committee (UCC) on this date for the purpose of transfer consideration due to a program change on RJD-IV SNY Facility 3. A 72 hour notice was provided. Inmate is a participant of the MHSDS Program at the CCCMS level of care. Inmate is not a participant in the DD Program.

### Accommodations / Staff Assistant

Today's psychologist reaffirmed that inmate is designated as CCCMS; however does not require a Staff Assistant (SA). UCC did not assign a SA based on mental health concerns. Inmate has 12.9 reading score.

### Committee Discussion

On 7-22-10 inmate was referred to the CSR fo transfer Due to Special Review: Per direction of the Classification Services Unit, inmate is referred for placement at KVSP-IV (180/SNY). CSR TX KVSP-IV only. Inmate Roettgen's case was a DRB Controlled during his transfer to RJD, but after further review of the case it is noted that the DRB no longer has a control hold on the case. Therefore, Committee acts to reaffirm the action on 7-22-10 referring inmate for transfer to KVSP IV 180 SNY only. The inmate's CLOA custody status was addressed a second time. The committee is reaffirming the inmate's custody is appropriate at CLOARS per CCR 3377.2 (b) (3) (A).

### Committee Action

Committee acts to reaffirm the action on 7-22-10, referring inmate for transfer to KVSP 180 IV SNY only. also reaffirm inmate's custody at CLOARS. Inmate's WG/PG remains A2/B. The inmate's placement score remains at 102. This transfer is to be considered non- adverse. Upon transfer, inmate's custody and credit earning status should be CLOARS and A2/B at the receiving institution.

### Case Factors

CDC forms 840, 812, 872-C, 127, and MSF have been updated. Confidential file noted and reviewed. Case Factors are noted on CDC 128-G dated 04-16-09, and remain appropriate with the exception of the following: Inmate is 48 years old, TB Code 22 per CDC 128-C dated 05-06-10. Inmate's IHC is RR and he is180 design eligible. Inmate requires a Gluten free diet per 7410 dated 5-19-10. as well as any actions noted in this committee. Committee notes inmate is not eligible for MSF due to VIO,SEX. SC/ASSAULTIVE BEHAVIOR AGAINST CELL MATES / 180/FORCE AND VIOLENCE. CSRA( L ), PC 2933(No ), PC 2933.05(No ).

### Participation

MHSDS staff did participate in today's hearing, and they described the inmate's mental health status and treatment needs. MHSDS staff did concur with the committee's decision. Inmate ROETTGEN actively participated in today's hearing and stated he did understand the Committee's actions and was not in agreement. Inmate stated " I don't agree with any of this". The inmate's right to appeal have been explained. His next scheduled classification is 08-11, for an Annual Review.

### Committee Members

M. Stout, Fac. Capt; J. Homer, CCII (A); G. Little, CCI

Chairperson: M. Stout, Fac. Capt          Recorder: G. Little, CCI          Member: J. Homer, CCII(A)

DATE: 07-29-10 (GAL)          CLASSIFICATION: UCC          INSTITUTION: RJDCF
Rev. 1/1/08)

State of California                                                                    DEPARTMENT
OF CORRECTIONS                                                                         CDC-128G

| CDC Number: | Name: | Classification Score: 102 | Type and Release Date: | |
|---|---|---|---|---|
| V05142 | ROETTGEN, J | Level: IV-180 | | MEPD 12-26-2061 |
| Custody: | WG/PG: A2/B | Next Classification: 08-11 | Housing: | R.P.S. Status: |
| CLOA S,R | Effective: 09-23-09 | Next BPT: 11-2060 | F3-13-246L | N/A |

**Assignment / Committee Action:**
UNASSIGNED / Special Review: Per direction of the Classification Services Unit, inmate is referred for placement at KVSP-IV(180/SNY).  CSR TX KVSP-IV(180/SNY) only.

**Review:**  Inmate ROETTGEN appeared in person before the Facility Three Unit Classification Committee (UCC) on this date for the purpose of transfer consideration due to a program change on RJD-IV SNY Facility 3.  A 72 hour notice was provided. Inmate is a participant of the MHSDS Program at the CCCMS level of care.  Inmate is not a participant in the DD Program.

LOC:  CCCMS          DDP: NCF          DPP: N/A          Reading GPL: 12.9          IHPC: RR
CSRA: Low            2933: No          2933.05: No

**Accommodation/SA:**  Today's psychologist reaffirmed that inmate is designated as CCCMS; however does not require a Staff Assistant (SA).  UCC did not assign a SA based on mental health concerns. Inmate has 12.9 reading score.

**Placement Score:**  The inmate's placement score has been adjusted from 106 to 102 to reflect 2 qualifying period(s) of disciplinary free behavior and 0 qualifying period(s) of satisfactory work performance.

**Case Factors:**  CDC forms 840, 812, 812-C, 127, and MSF have been updated.  Confidential file noted and reviewed.  Case Factors are noted on CDC 128-G dated 04-16-09, and remain appropriate with the exception of the following: Inmate is 48 years old, TB Code 22 per CDC 128-C dated 05-06-10 as well as any actions noted in this committee. Inmate is not eligible for MSF due to VIO,SEX,.  This transfer is not to be considered adverse.  Upon transfer, inmate's custody and credit earning status should be CLOARS and A2/B at the receiving institution. Inmate requires a Gluten free diet per 7410 dated 5-19-10.

Housing: SC/ASSAULTIVE BEHAVIOR AGAINST CELL MATES / 180/FORCE AND VIOLENCE

Duty (Med): FD          Arson: No          Escape: No          Sex: Yes          PC 290: Yes          MDO: Yes

**Participation:**  MHSDS staff did participate in today's hearing, and they described the inmate's mental health status and treatment needs.  MHSDS staff did concur with the committee's decision.  Inmate ROETTGEN actively participated in today's hearing and stated he did understand the Committee's actions and was not in agreement.  The inmate's right to appeal have been explained.  His next scheduled classification is 08-11, for an Annual Review.

**Committee Members:**
M. Stout, Fac/Capt;  J. Homer, CCII (A);  G. Little, CCI

Chairperson: M. Stout, Fac. Capt          J. HOMER, CCII(A)          Recorder: G. Little, CCI

DATE: 07-22-10 (GAL)          CLASSIFICATION: UCC          INSTITUTION: RJDCF
.ev. 1/1/98)

| State of California | | DEPARTMENT OF CORRECTIONS | | CDC-128G |
|---|---|---|---|---|
| CDC Number:<br>V05142 | Name:<br>ROETTGEN, J | Classification Score: 108<br>Level: IV | Type and Release Date:<br>MEPD 03-13-2062 | |
| Custody:<br>CLOB RS | WG/PG: A1/A<br>Effective: 12-27-10 | Next Classification: 08-12<br>Next BPT: 12-2026 Type: DOC | Housing:<br>FC-11-121L | R.P.S. Status:<br>N/A |

### Assignment/Committee Summary

UNASSIGNED / A/R:INCREASE CLS FROM 96 TO 108, NQP OF DISCP FREE BEH OR WORK. REAFF PO SSWL, RETAIN FAC C, RETAIN S/C STATUS.

### Committee

Inmate ROETTGEN appeared the Facility C Unit Classification Committee (UCC) for a(n) Annual Review.  72 hour notice was provided.  Inmate is a participant of the MHSDS Program at the CCCMS level of care per CDC 128MH3 dated 05-18-11. Inmate is not a participant in the DD Program. He was introduced to Committee members and he stated he felt well to proceed with Committee.  PC 2933: Ineligible, PC 2933.5: Ineligible, CSRA: 1/Low, IHC: RE

### Accommodations / Staff Assistant

Staff Assistant was not assigned.  Inmate's GPL is 12.9.

### Committee Discussion

The inmate's classification score has been adjusted from 96 to 108 to reflect no qualifying periods of Minimum Custody, disciplinary free behavior or satisfactory work performance. Committee notes I/M was found guilty of a Div D RVR on 06-27-11 for fighting and a Div D RVR on 05-05-11 for resisting staff resulting in the use of force.  Inmate ROETTGEN is currently unassigned and is on the SSWL waiting list(s).   Inmate is currently single cell due to in cell fights CDC 115's dated 6/2/09 and 8/23/08. Inmate was considered for DRB in the past due to inmate's refusal to program at COR III NY, his inability to program safely on a GP setting and his housing limitations due to his gluten free diet. Subsequently on 4/16/09 DRB released control of case and inmate was referred to transfer to RJD. Inmate continues to meet 180 criteria based on A1 (MERD 10/17/09).

### Committee Action

After careful review of all case factors, UCC elects to retain inmate in Facility C, continue single cell and reaffirm PO SSWL.

### Case Factors

CDC forms 840, 812, 812-C, 127, and MSF have been updated.  Confidential file noted and reviewed.  Case Factors are noted on CDC 128-G dated 04-07-11, and remain appropriate with the exception of the following: Inmate is 50 years old, TB Code 22 per CDC 128-C dated 04-21-11 as well as any actions noted in this committee.  Committee notes inmate is not eligible for MSF due to VIO/SEX/LIF.

### Participation

Inmate ROETTGEN actively participated in today's hearing and stated he did understand the Committee's actions and was in agreement.   RJD's behavioral expectations and the inmate's right to appeal have been explained.   His next scheduled classification is 08-12 for an Annual Review.

### Committee Members

K. Reid, F. C., K. Smith, CCII, J. Mahan, Education., L. Medina, CCI


Chairperson: K. Reid, F. C.                                      Recorder: L. Medina, CCI

DATE: 12-06-11                          CLASSIFICATION: UCC                          INSTITUTION: RJDCF
(Rev. 1/1/08)

I wish to get this copy for my own Records
I don't mind that my custody is Restricted

Roettgen  V05142  2/1/12

EXHIBIT

D

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



October 20, 2014            ·MAILED

                            OCT 2 2 2014

ROETTGEN, JOHN, V05142
Richard J. Donovan Correctional Facility
at Rock Mountain
P.O. Box 799006
San Diego, CA  92179-9005


RE: TLR# 1404368   RJD-14-02979   CUSTODY/CLASS


The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8.  The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(15).  You have submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review.


R.L.BRIGGS

R.BRIGGS, Chief(A)
Office of Appeals


Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

****PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE****

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request



RE: Screening at the FIRST Level

*September 19, 2014*

**ROETTGEN, V05142**
*B 007 1150001LP*

CUSTODY/CLASS., UCC/ICC/DRB, 09/15/2014
Log Number: RJD-B-14-02979
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(6). Your appeal makes a general allegation, but fails to state facts or specify an act or decision consistent with the allegation.*

R. Olson, CCII
Appeals Coordinator
Richard J. Donovan Correctional Facility

NOTE: If you are required to respond/explain to this CDCR Form 695, use **ONLY** the lines provided below.

*This is clearly an attempt to interfere with my Right to Appeal, but is also waiving R.J.D's opportunity to address the issue pursuant to Brown v. Valoff 422 F.3d 926 (9th Cir. 2005) and the RLRA. Now I'm extending to you, your opportunity pursuant to the PLRA. Had this really been an issue, it should have been stated in the Sept. 6 2014 screen out.*

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted. **PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

*7-150*

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*September 06, 2014*

**ROETTGEN, V05142**
*B 007 1150001LP*

CUSTODY/CLASS., UCC/ICC/DRB, 08/18/2014
Log Number: RJD-B-14-02979
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:*

*\* Need 128-G*

*The Hiring Authority reviewed this appeal and determined that it did not meet the requirement for assignment as a staff complaint and was referred for routine appeal processing.*

R. Olson, CCII
Appeals Coordinator
Richard J. Donovan Correctional Facility

NOTE: If you are required to respond/explain to this CDCR Form 695, use **ONLY** the lines provided below.

I JusT Received a copy of my 128-G Today and am attaching iT as
instRucTed. FurTheR, This issue is all due To one sTaff memBeR's
GRudge, CCII M Hagemann — iT is personal in nature — NoT Professional.
And as good CDCR sTaff, They all fall in and Back up oTheR CDCR sTaff.
Resubmitted SepT. 16, 2014 & c←

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.  **PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| LAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 1404368  V05142 | RJD -B | 14-2979 | 2 |

AAR 8/27/14   FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Roettgen, John | CDC Number: V05142 | Unit/Cell Number: 07-150 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Retaliation for Exercising My Right To Be free from Physical harm from Inmate

**Received**
AUG 18 2014
RJDCF Appeals
SO-R7-Need
128G
2C/C CC

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A):
On May 22, 2012, I was victim of battery on an Inmate By Inmate Jefferson P34202, on May 23, 2012, Capt. K. Ried initiated an 812 on Both of us. In Early July 2014, after having made enemies on

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A):
Immediately Release me to one of the SNY yards at RJD that does not house Inmate Jefferson P34202, Either move her off of C-Yard and Place me Back there or let Jefferson keep C-Yard →

**Received**
SEP 15 2014
RJDCF Appeals
S10 R6
@ 4/C ICC

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
114-D lock up order          IMS PqP Inst. Providing Diets
Form 22 Requesting CDCR 128-G Returned unanswered / Form 128-G added 9/10/14

☐ No, I have not attached any supporting documents.  Reason: _____

RIS 9v

Inmate/Parolee Signature: _____   Date Submitted: Aug 14, 2014

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**                 Staff – Check One: Is CDCR 602-A Attached?  ☒ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section  AUG 20 2014    SEP 17 2014
☒ Rejected (See attached letter for instruction)  Date: ___  Date: ___  Date: ___  Date: ___
☐ Cancelled (See attached letter)  Date: ___
☐ Accepted at the First Level of Review.
Assigned to: ___  Title: ___  Date Assigned: ___  Date Due: ___

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___  Interview Location: ___
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ (Print Name)  Title: ___  Signature: ___  Date completed: ___
Reviewer: ___ (Print Name)  Title: ___  Signature: ___
Date received by AC: ___

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____
_____
_____
_____
_____
_____

Inmate/Parolee Signature: _____    Date Submitted : _____

---

**E. Second Level - Staff Use Only**                     Staff – Check One:  Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____        Interview Location: _____

Your appeal issue is:  ☐ Granted     ☐ Granted in Part     ☐ Denied     ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____  Title: _____  Signature: _____  Date completed :_____
        (Print Name)

Reviewer: _____  Title: _____  Signature: _____
        (Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____/____/____ |

---

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation,  P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

RJD waived their opportunity to address this issue pursuant to the PLRA.
I am now extending to the Chief of Inmate Appeals an opportunity to address it.

_____
_____

Inmate/Parolee Signature: _____        Date Submitted: 9-23-14

---

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date OCT 20 2014 Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
        See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____/____/____ |

---

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

_____  Inmate/Parolee Signature: _____   Date:_____
Print Staff Name: _____  Title: _____  Signature: _____   Date:_____

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**

CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-B | 14-2979 | |
| | AAR - 8/27/14 | | FOR STAFF USE ONLY |

·Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.**    **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Roettgen, John | V05142 | 7-150 | |

**A.  Continuation of CDCR 602, Section A only (Explain your issue)** : D-Yard and B-Yard (Jefferson was granted an override to Level 3 as reward for battery me in 2012) Jefferson was placed on C-Yard where I was housed, IRReg ardless the 812. A week Ye later, CCII Hagemann Pressured me to sign off under threat of placing me into Ad Seg. At which time I informed him that I had written the werden, O. Paramo on the subject. From the time Jefferson came onto C-Yard till July 29 2014, I stayed in my cell waiting for His transfer, only coming out for my RX Diet. On July 29,14, I was placed into Ad Seg in Response to the letter I wrote the Warden. July 30,14 Acting Capt. F. Almerta had ISU officer I. Bravo escort me to aggressively demand I sign off on an 812 on Jefferson stating I'd be back on the yard by nightfal. All they seemed concerned with was covering Hagemann's mistake by attempts to coerce me to sign off on the 812. On August 7, 2014 ICC members aggressively yelled at me accusing me of being manipulative as CCII Hagemann threatened my single cell status and placed me up for transfer to two of the worst prison in the state - Because I would not give in to force. I was programming on C-Yard Just fine when Administration allowed a documented confirmed Enemy concern (Jefferson) onto the yard with me - Then Retaliated and Punished me for Refusing to Sign off on the 812

Inmate/Parolee Signature: _____     Date Submitted: Aug 14, 2014

**B.  Continuation of CDCR 602, Section B only (Action requested)**: _____ and Place me on B-Yard.

Jefferson was Rewarded for battering me in 2012 by being placed on B-Yard on a Level IV over Ride and since continued making enemies on the other SNY Yards. Why am I being punished in order to accommodate Jefferson, Further Rewarding her bad behavior? Jefferson should have never been placed on the yard with me because of the 812. Punishing me for exercising my Rights to stay safe from Harm at the hands of other inmates is a violation of my 1st Amend. Const. Rights. Cancle my Retaliatory Transfer and Release me from Ad Seg. Immediately! Hagemann also lied to committee stating High Desert and Salinas Valley was the only SNY that has my Therapedic diet — Pursuant to IMSP&P Vol 4, Ch 20 Page 14, mule creek and 19 other yards are listed - at least 5 others Level IV

Inmate/Parolee Signature: _____     Date Submitted: Aug 14, 2014

INMATE APPEALS BRANCH

STAFF USE ONLY

RECEIVED

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE - CENTRAL FILE
BLUE - INMATE (2ND COPY)
GREEN - ASU

CANARY - WARDEN
PINK - HEALTH CARE MANAGER
GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
|  |  |

## REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY      [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: *(handwritten text, partially illegible)*

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)      [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:   / /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 07/29/14 | V. Canela |  | Lieutenant |

| DATE OF NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
|  |  |  |  |  |

[ ] INMATE REFUSED TO SIGN      INMATE SIGNATURE            CDC NUMBER

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

**STAFF ASSISTANT (SA)**                **INVESTIGATIVE EMPLOYEE (IE)**

| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
|  |  |  |  |

### IS THIS INMATE:

| | | | | |
|---|---|---|---|---|
| LITERATE? | [ ] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICE DELIVERY SYSTEM NEEDS? | [ ] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | |

Any "NO" requires SA assignment                Any "NO" requires IE assignment

[ ] NOT ASSIGNED                [ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER      [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE      INMATE SIGNATURE            DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
|  |  |  |  |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|  |  |  |  |

**DECISION:**  [ ] RELEASE TO UNIT/FACILITY _____  [ ] RETAIN PENDING ICC REVIEW  [ ] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC
REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
|  |  |  |  |  |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|

See Chronological Classification Review document (CDC 128-G) for specific hearing information.

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A:  INMATE/PAROLEE REQUEST

| NAME (Print)     (LAST NAME)          (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| RoeTTgen          John | V05142 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| 7-150 | | HOURS FROM_____ TO_____ | CDCR FORM 128-G |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

Please send me a copy of my CDCR Form 128-G from ICC Hearing
Dated August 7, 2014 pursuant to 15CCR 3338(i) as well as copies of
any other documents Relied upon.         Thank You,

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL:  ADDRESSED TO:_____  DATE MAILED: ___/___/___
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| C/O TIBAYAN | 8/7/14 | | (CIRCLE ONE)   YES    NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| CCII Hagemann    B-Yard Program | Aug 7 2014 | (CIRCLE ONE)   IN PERSON   BY US MAIL |

## SECTION B:  STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C:  REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D:  SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CLASSIFICATION CHRONO, CDC-128G

| NAME: ROETTGEN, J. | CDCR#: V05142 | HOUSING: FB-7-150L |
|---|---|---|

| RELEASE DATE | CUSTODY | CS | WG | PG | ANN REV | MHSDS | DDP/DPP |
|---|---|---|---|---|---|---|---|
| 5/2/2026; MEPD | MAXRS | 104 | D1 | D | 2/15 | CCCMS | NA/NCF |

## COMMITTEE SUMMARY

ASU INITIAL/RETAIN IN ASU ENEMY CONCERNS/REFER TO CSR FOR TX RX: HDSP-IV-SNY W/ALT SVSP-IV-SNY NO 'D' YARD /MAX CUSTODY/D1D, EFF: 7-29-2014/SC/RE/SMY, MHSDS: CCCMS.

### COMMITTEE DISCUSSION:

Inmate Roettgen (I/M) made a personal appearance before the Institutional Classification Committee (ICC) for the purpose of an Initial ASU Review, 72-hour advance notice provided. I/M stated he was in good health and doing "alright." I/M does meet criteria for inclusion in the MHSDS at a CCCMS level of care. DDP: NCF    CSRA: 1    GPL: 9.9    PC2933/PC2933.05: Ineligible. IHC Code: RE, and remains the same. Effective Communication Established. CDCR 128-C3 indicates medical Low Risk.

### ASU REASON:

I/M Roettgen, was placed in ASU on 7/29/2014, from Facility C, after it was determined he has enemy concerns on facility C. CDC-114D administrative review conducted on 7-30-2014, by, F. Armenta Captain. A Staff Assistant (SA) was assigned. An Investigative Employee (IE) was not assigned. The reviewer acted to designate Single-Cell (SC) status and retained I/M in ASU pending ICC review. I/M waived his rights to 72-hours preparation time.

### STAFF ASSISTANT:

Mental Health (MH) staff described the I/M's treatment needs and likelihood of decompensation if retained in ASU, refer to 128MH3 dated 8/7/2014. Inmate is a participant in the Mental Health Services Delivery System (MHSDS) at a CCCMS level of care, and thus requires a Staff Assistant (SA). I/M has a reading score of 9.9 therefore, ICC elects to continue the use of an SA, CCI T. Johnson was present at today's hearing and met with the inmate at least 24 hours in advance of this hearing. Effective communication was established by speaking slowly and clearly, using simple language, and having the inmate repeat back key words and phrases to indicate his comprehension of the issues.

### ICC ACTION:

ICC elects to Retain inmate in ASU. **Refer to the CSR FOR TX: RX HDSP IV-SNY W/ALT OF SVSP IV-SNY.** I/M is to be retained in ASU. I/M continues to pose a threat to the safety and security of the institution. MAX Custody. D1/D, Eff: 7/29/2014.

### CASE FACTORS:

Case factors remain as noted per CDC-128G dated 11/4/2005, except for the following changes noted in this committee action. TB Code: 22, per CDC-128C dated 5-1-14. CDC-812: has been updated. Confidential File: noted and appropriately classified. I/M does not meet criteria for MSF placement due to VIO,SEX, PSY and TIM.

### CELL STATUS:

I/M has no history of in-cell predatory behavior or demonstrated a pervasive pattern of in-cell violence, However, ICC elects to continue I/M on single-cell (SC) status and Small Management Exercise yard while housed in ASU, upon release from ASU, Next scheduled ICC or TX, a single cell review should be conducted as it does not appear the inmate meets the current criteria for single cell status. I/M is satisfied with his cell status and exercise yard while housed in ASU.

### PARTICIPATION:

I/M actively participated in today's hearing and stated that he understood committee's actions and is in agreement. MH staff concurred with ICC's decision. Use of Force, property, visiting and appeal rights were explained. There are no additional case concerns at this time.

### COMMITTEE MEMBERS:

G. STRATTON, CDW; D. HOLBROOK AW: M. STOUT, CAPT ; JJ, JACKSON C&PR ; M. HAGEMANN, CCII; M. PARKER, STAFF PSYCHOLOGIST.

G. STRATTON, CDW, CHAIRPERSON                    M. HAGEMANN, CCII  RECORDER

DATE: 8-7-14        CLASSIFICATION: ICC/ASU-CSR (revised 7/07)        INST: RJDCF

E X H I B I T

E

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date:  APR 1 7 2015

In re:  John Roettgen, V05142
Richard J. Donovan Correctional Facility
  at Rock Mountain
P.O. Box 799006
San Diego, CA 92179-9005

TLR Case No.: 1409780      Local Log No.: RJD-14-04413

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:**  It is the appellant's position that his submitted appeal was incorrectly processed by appeals staff at the R.J. Donovan Correctional Facility (RJD). The appellant states that the Appeals Coordinator cancelled his appeal because it was untimely. However, the appellant states that he was not aware of the issue he was appealing until October 30, 2014.

The appellant adds that CDCR regulations are obscure on the matter and his appeal should not have been cancelled. He requests that his previously cancelled appeal (RJD Log #14-3975) be re-instated and considered timely.

**II  SECOND LEVEL'S DECISION:**  The reviewer found that the institution is in compliance with all departmental rules and regulations in the processing of inmate appeals. The appeal inquiry revealed that the appellant's previously submitted appeal was correctly cancelled for failure to meet time constraints. The reviewer noted that pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.8(b)(1), an inmate must submit an appeal within 30 calendar days of first knowledge of the action or decision being appealed.

The reviewer found that the appellant was attempting to appeal the actions taken by the Institution Classification Committee (ICC) on August 7, 2014. However, his appeal regarding his status while in the Administrative Segregation Unit (ASU) was not received by the RJD's Appeals Office until November 6, 2014, which was beyond the allowable 30 calendar days. The reviewer considered the appellant's argument but determined that the appeal was properly cancelled by the Appeals Coordinator. Based upon the conducted inquiry, the appeal was denied at the Second Level of Review.

**III  THIRD LEVEL DECISION:**  Appeal is denied.

    **A.  FINDINGS:**  Following analysis of the submitted documentation, the Appeals Examiner has determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff at the RJD. An appeal inquiry was conducted by appropriate supervising staff and the appeal was reviewed by the institution's Chief Deputy Warden. Despite the appellant's dissatisfaction, this review finds no evidence of a violation of existing policy or regulation by the institution based upon the arguments and evidence presented.

The appellant has failed to provide evidence to support his appeal claim that he submitted his appeal in a timely manner. Pursuant to departmental regulations, an appellant must submit the appeal within 30 calendar days of the event or decision being appealed. The fact that the appellant cannot appeal his non-disciplinary status while housed in the ASU does not mean he cannot address any issue he desires with his assigned counselor or case records staff at the institution. The appellant may submit a CDCR Form 22, Inmate/Parolee Request for Interview, Item, or Service to ask his assigned counselor about his credit earning status for any period of time. However, the appellant has not met departmental appeal time limits to address the actions taken by the ICC on August 7, 2014. Relief in this matter at the Third Level of Review is not warranted.

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:     January 16, 2015                    *Rc'd*
                                              *Jan 27, 2015*

To:       Roettgen, J., V05142
          D OHU 1-172001L
          California Institute for Men

Subject:  **SECOND LEVEL APPEAL RESPONSE; LOG NO.: RJD-B-14-04413**

> **APPEAL ISSUE:** This appeal concerns the cancellation of a submitted appeal dated November 4, 2014, Log No. RJD-B-14-03975 (14-3975), and received by the Richard J. Donovan Correctional Facility (RJDCF) Inmate Appeals Office (IAO) on November 6, 2014.
>
> **INTERVIEW:**          The appellant was interviewed by phone on January 15, 2015, by CCII B. Baenziger, Appeals Coordinator. Appellant was given an opportunity to explain and clarify his appeal issue. The interview was conducted by phone due to the appellant being housed at the California Institute for Men.
>
> **REGULATIONS:**        The rules governing this issue are:
>
>                         CCR, Article 8          Appeals
>
>                         CCR, 3084.6(c)(4)       Cancellation Criteria
>
>                         CCR 3084.8              Appeal Time Limits

A review of education records and the Disability and Effective Communication System (DECS) revealed that the appellant has a Test of Adult Basic Education (TABE) level of 9.9, and does not require any special accommodation to achieve effective communication. Appellant is currently a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management System (CCCMS) level of care. Effective communication during the interview was achieved by using simple English, speaking slowly, reading to the appellant, and having him repeat back, in his own words, his understanding of the information communicated.

**APPEAL DISCUSSION:** This appeal will only address the cancellation decision on the previous appeal, and not the merits of that appeal.

Appellant is appealing the cancellation of a previous appeal, Log No. 14-3975. On November 22, 2014, a CDC Form 695 was issued to the appellant indicating that the appeal was cancelled per CCR 3084.6(c)(4), because it was not submitted within the applicable time constraints. It was noted that the *date of the occurrence (ICC action) was on August 7, 2014, the date of the appeal was November 4, 2014, and the date the appeal was received in the IAO was*

Roettgen, J., V05142
Log No. RJD-B-14-04413
Page 2 of 2

***November 6, 2014. The appeal was received approximately 90 days after the date of occurrence.*** This exceeded the time limit for submitting appeals set forth in CCR 3084.8, which provides that "an inmate or parolee must submit the appeal within 30 calendar days of: (1) the occurrence of the event or decision being appealed, or; (2) upon first having knowledge of the action or decision being appealed."

The appellant contends that the appeal was improperly cancelled because he did not realize what the NDS (non-disciplinary segregation) issue was until the October 30, 2014 ICC and after he located the Notice to Change of Regulations #13-03. He further states that the NDS issue was not part of the 2014 publishing of the Title 15, which made the information obscure.

A review of SOMS indicates that the appellant was granted NDS status on October 30, 2014. The appellant is attempting to appeal the fact that he was not granted NDS prior to this date. The prior committee action that could have granted NDS occurred on August 7, 2014. NDS was not granted at that time. The appellant had 30 days from the date of that committee to submit an appeal on that issue.

CCR 3084.6(c)(4) provides that an appeal may be cancelled when the time limits for submitting the appeal are exceeded even though the inmate had the opportunity to submit within the prescribed time constraints. Appellant did not submit the cancelled appeal within the prescribed 30 day time limit although he had the opportunity to submit within that time limit. Therefore, the above referenced cancellation decision was ***appropriate.***

**APPEAL DECISION:**  Based upon the aforementioned, the appellant's request to grant the appeal and allow his original appeal to be resubmitted for processing is ***DENIED*** at the Second Level of Review.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

K. A. SEIBEL
Chief Deputy Warden
Richard J. Donovan Correctional Facility

Date

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-B | 14-4413 | Legal |

1409780   V05142

**FOR STAFF USE ONLY**

You ma[...] [a]nd Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse [...] other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, _only_ one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Roettgen    John | CDC Number: V05142 | Unit/Cell Number: 07-150 | Assignment: |
|---|---|---|---|

**State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):**
Appeal Cancellation of Appeal Log RJD-B-14-03975

**A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A):** I did not Realize What The NDS issue was until Oct 30, 2014 ICC and after Tracking down The notice to change of Regulations #13-03 Because The whole Thing wasn't included in The 2014 publishing of The Title 15, Making The Information Obscure

**B.  Action requested (If you need more space, use Section B of the CDCR 602-A):** Re-instate Appeal Log # RJD-B-14-03975 as Being Timely and pursuant To screen out authorities, screen out demanding copy of 128-G of Oct 30, 14, which I've already Been Requesting over a month To no affect.

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
4 pages - 602 log# RJD-B-14-03975 and attachment and screen out form of 11/22/14

☐ No, I have not attached any supporting documents.  Reason :_____

Inmate/Parolee Signature: _____   Date Submitted: Dec 4, 2014
☐ By placing my initials in this box, I waive my right to receive an interview.

Received  DEC 0 8 2014  RJDCF Appeals  ⑩ Legal - POA

**C.  First Level - Staff Use Only**        Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☒ No
This appeal has been:
☒ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: ____ Date: ____ Date: ____ Date: ____
☐ Cancelled (See attached letter)  Date: ____
☐ Accepted at the First Level of Review.
  Assigned to: ____  Title: ____  Date Assigned: ____  Date Due: ____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
  Date of Interview: ____  Interview Location: ____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: ____
  See attached letter.  If dissatisfied with First Level response, complete Section D.
Interviewer: ____ Title: ____ Signature: ____ Date completed: ____
  (Print Name)
Reviewer: ____ Title: ____ Signature: ____  **BYPASS**
  (Print Name)
Date received by AC: ____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                  14 - 4413          **Side 2**

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____

BYPASS

_____

Inmate/Parolee Signature: _____   Date Submitted : _____

---

**E. Second Level - Staff Use Only**                          **Staff – Check One: Is CDCR 602-A Attached?**  ☐ Yes  ☒ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review
Assigned to: __Appeals__   Title: _____   Date Assigned: **DEC 29 2014**   Date Due: **JAN 2 2 2015**

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.
   Date of Interview: __1-15-15__   Interview Location: __CIM by phone__
   Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
                    See attached letter.  If dissatisfied with Second Level response, complete Section F below.
Interviewer: __Danziger__   Title: __C.C II__   Signature: _____   Date completed : __1-16-15__
          (Print Name)
Reviewer: __Scribel__   Title: __CDW__   Signature: _____
         (Print Name)
Date received by AC: __JAN 2 6 2015__

| AC Use Only | **JAN 2 6 2015** |
| Date mailed/delivered to appellant | |

---

**F.  If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

Being new to Ad Seg The First Time after The Addition of NDS, I didn't Know I was entitled To iT - When I Began To Became aware, I assumed (as any logical person would) That a person sitting Back here non Disciplinary would automatically obtain NDS, not be at the whim of staff, iT was not untill Just PRIOR To The October 30 ICC date That I completed The Research and knew To Demand iT - attributing To The obscurity by publication and staff's intent. That's When I knew

Inmate/Parolee Signature: _____   Date Submitted: Feb 1, 2015

---

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
       See attached Third Level response.

| Third Level Use Only | APR 2 7 2015 |
| Date mailed/delivered to appellant | |

---

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____ Inmate/Parolee Signature: _____   Date: _____
Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*November 22, 2014*

**ROETTGEN, V05142**
*B 007 1150001LP*

SEGREGATION HEARINGS, Other, 11/06/2014
Log Number: RJD-B-14-03975
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4).   Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints.*

*\* Date of occurrence (ICC action): 8-7-14*
*\* Appeal dated: 11-4-14*
*\* Received: 11-6-14*

*\* The Hiring Authority reviewed this appeal and determined that it did not meet the requirement for assignment as a staff complaint and was referred for routine appeal processing.*

R. Olson, CCII / R. Olivarria, CCII (A)
Appeals Coordinator
Richard J. Donovan Correctional Facility

NOTE:  If you are required to respond/explain to this CDCR Form 695, use **ONLY** the lines provided below.

_____

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.  **PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-B | 14-3925 | |
| | AAR 11/21/14 | *FOR STAFF USE ONLY* | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, *only* one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Roettgen, John | V05742 | 07-150 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

C&PR M. Hagemann's Disciplining me for Resisting force To Sign off 812

**A.** Explain your issue (if you need more space, use Section A of the CDCR 602-A):

I have Been in AddSeg for 3 months - ICC classified me D1-Non disciplinary, But captain Stout conspiring with M. Hagemann To punish me Because I Refuse To Sign off on an 812 That was in place PRIOR to

**B.** Action requested (if you need more space, use Section B of the CDCR 602-A): _____

Get The NDS PRogram working as iT should - D1 is NDS. Discipline Hagemann and Stout for conspiring To commit selective Punishment and other Sanctions noT Available ThRough 602 PRocess

Supporting Documents:  Refer to CCR 3084.3.

☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

128-G                          _____

_____        _____

☐ No, I have not attached any supporting documents.  Reason : _____

_____

_____

| Inmate/Parolee Signature: _____ | Date Submitted: Nov. 4, 2014 |
|---|---|

☐ **By placing my initials in this box, I waive my right to receive an interview.**

Received

NOV 06 2014

RJDCF Appeals
s/o of date of
occurrence (ICC
action): 8-7-14
Appeal dated: 11-4-14
Received: 11-6-14
12.S/M.OTHER

INMATE APPEALS BRANCH

S T A F F   U S E

RECEIVED

**C. First Level - Staff Use Only**                    Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review.  Go to Section E.

☐ Rejected (See attached letter for instructions) Date: NOV 13 2014 _____  Date: _____  Date: _____  Date: _____

☒ Cancelled (See attached letter) Date: _____

☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____                    Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____  Title: _____  Signature: _____  Date completed: _____
(Print Name)

Reviewer: _____  Title: _____  Signature: _____
(Print Name)

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted : _____

---

**E.   Second Level - Staff Use Only**                                Staff – Check One:  Is CDCR 602-A Attached?   ☐ Yes     ☐ No

This appeal has been:

☐ By-passed at Second Level of Review.  Go to Section G.

☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____

☐ Cancelled (See attached letter)

☐ Accepted at the Second Level of Review

Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

Second Level Responder:  Complete a Second Level response.  If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _____     Interview Location: _____

Your appeal issue is:   ☐ Granted     ☐ Granted in Part     ☐ Denied     ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____   Title: _____   Signature: _____   Date completed : _____
(Print Name)

Reviewer: _____   Title: _____   Signature: _____
(Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ____/____/____ |

---

**F.   If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation,  P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted: _____

---

**G.  Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____   Date: _____

☐ Cancelled (See attached letter)   Date: _____

☐ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted     ☐ Granted in Part     ☐ Denied     ☐ Other: _____

See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____/____/____ |

---

**H.  Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

Inmate/Parolee Signature: _____                        Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | RJD-B | 14-3975 | |
| | AAR 11/21/14 | | FOR STAFF USE ONLY |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Roettger, John | V05142 | CT-150 | |

**A. Continuation of CDCR 602, Section A only (Explain your issue) :**

Hagemann and Stout placing him on the yard with me, without Regard To The BIZ (inmate Jefferson P 34202). This 602 is sub- sequent To 14-02979. Pursuant To Change To Regulations 13-03 NDS Policy, an inmate in Ad Seg for Non-Disciplinary Segregation—IS D1 which is NDS, Captain Stout and his cohort M. Hagemann developed an B NDS list That They, under Knowledge of Their supervisors, Deem What inmates are NDS and Receive These privileges Beyond The ICC's Determination of D1. On OCT 30, 2014, C4PR M. Hagemann Told me in front of The committee That The Reason I had not Been granted NDS These Long 3 months is Because of my "Recalcitrant Behavior" of Refusing To sign off on The enemy Hagemann purposely placed on The yard with me Back in July. Hagemann said my Recalcitrant Behavior was "disciplinary in nature". None of The committee members Seemed To have any Issue with Hagemann's and Stout's overReaching Punishments in violation of The 14th Amendment and 1st for Retaliation, which means all of The committee members agreed with it and Joined In on The conspiracy — as They again placed me up for Transfer when it should Be Jefferson Transferring — NOT ME!

Inmate/Parolee Signature: _____ Date Submitted: Nov 4, 2014

**B. Continuation of CDCR 602, Section B only (Action requested):** _____

Inmate/Parolee Signature: _____ Date Submitted: _____

INS-STAFF USE ONLY
INMATE APPEALS BRANCH RECEIVED

CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | ROETTGEN, JOHN D. | **Date:** | 09/25/2014 |
| **CDC#:** | V05142 | **Date of Birth:** | 09/15/1961 |

| | | | |
|---|---|---|---|
| **Hearing Date:** | 09/25/2014 | **Hearing Type:** | Safety Concerns |
| **Committee Type:** | Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | **Correctional Counselor:** | M. Hagemann |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

PhD. L. THOMAS, Mental Health (MH) staff described the I/Ms treatment needs and likelihood of decompensation if retained in ASU, refer to 128MH3 dated 9/25/2014, Inmate is a participant in the Mental Health Services Delivery System (MHSDS) at an CCCMS level of care, and agreed with today's action.

## COMMITTEE ACTION SUMMARY

ASU REVIEW/ RETAIN IN ASU / PENDING TX DUE TO ENEMY CONCERNS /REFER TO CSR FOR TX RX: HDSP-IV-SNY W/ALT SVSP-IV-SNY NO D YARD /MAX RS CUSTODY/D1/D, /SC/RE/SNY, MHSDS: CCCMS.TX IS ADVERSE IN NATURE.
NOS is D1/A, for me

## COMMITTEE COMMENTS

I/M Roettgen, was placed in ASU on 7/29/2014, from Facility C, after it was determined he has enemy concerns on facility C.

CDC-114D administrative review conducted on 7-30-2014, by, F. Armenta Captain. A Staff Assistant (SA) was assigned. An Investigative Employee (IE) was not assigned. The reviewer acted to designate Single-Cell (SC) status and retained I/M in ASU pending ICC review. I/M waived his rights to 72-hours preparation time.

ICC elects to Release inmate from ASU to RJD-III-SNY pending TX. Refer to the CSR FOR TX: RX HDSP IV-SNY W/ALT OF SVSP IV-SNY NO D Yard due to enemy. I/M is to be retained in ASU. I/M continues to pose a threat to the safety and security of the institution. CLO BRS A1/A TX NON-ADVERSE IN NATURE.

Mental Health (MH) staff described the I/Ms treatment needs and likelihood of decompensation if retained in ASU, refer to 128MH3 dated 9/25/2014, Inmate is a participant in the Mental Health Services Delivery System (MHSDS) at an CCCMS level of care, and thus does require a Staff Assistant (SA), CCI B. LEWIS was assigned and present at this hearing and met with inmate at least 24 hours in advance of this hearing. I/M has a reading score of 9.9, therefore, ICC elects to continue the use of the SA for all future hearings. Effective communication was established by speaking slowly and clearly, using simple language, and having the inmate repeat back key words and phrases to indicate his comprehension of the issues.

I/M has no history of in-cell predatory behavior or demonstrated a pervasive pattern of in-cell violence, However, ICC elects to continue I/M on single-cell (SC) status and Small Management Exercise yard while housed in ASU, upon release from ASU, Next scheduled ICC or TX, a single cell review should be conducted as it does not appear the inmate meets the current criteria for single cell status. I/M is satisfied with his cell status and exercise yard while housed in ASU.

I/M actively participated in todays hearing and stated that he understood committees actions and is in agreement. MH staff concurred with ICCs decision. Use of Force, property, visiting and appeal rights were explained. There are no additional case concerns at this time.

| **RECORDER** | |
|---|---|
| M. Hagemann | |
| | 09/25/2014 |
| | Date |

**CHAIRPERSON**

D. Paramo

09/30/2014

Date

CDCR SOMS ICCT162 - Classification Committee Chrono



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| Inmate Name: ROETTGEN, JOHN D. | Date: 10/27/2014 |
|---|---|
| CDC#: V05142 | Date of Birth: 09/15/1961 |

| Hearing Date: 10/30/2014 | Hearing Type: Subsequent ASU; Transfer |
|---|---|
| Committee Type: Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | Correctional Counselor: K. Smith |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

Psychologist D. DeFranscesco is present in committee. Dr. DeFranscesco informed ICC that Inmate Roettgen participates in the MHSDS at the CCCMS level of care. Inmate Roettgen has a severe risk of decompensation if retained in ASU and a good understanding of Due Process and the issues of committee.

## COMMITTEE ACTION SUMMARY

ASU REVIEW: RETAIN IN ASU DUE TO ENEMY CONCERNS ON FAC C / REFER TO CSR FOR TX TO SATF-IV-SNY W/ALT COR-IV-SNY / NON ADVERSE TX / MED A & A1/A UPON TX / GRANT NDS / SC & SM YARD PENDING TX

## COMMITTEE COMMENTS

COMMITTEE DISCUSSION
Inmate Jefferson (I/M) made a personal appearance before the Institution Classification Committee (ICC) for an ASU Review. I/M stated he was in good health and prepared to proceed with committee. A 72 hour notice was provided. Inmate is a participant of the MHSDS Program. Level of care: CCCMS  DDP: NCF  Reading GPL: 9.9  DPP: N/A BPH: N/A
CSRA: LOW 1    PC2933: NO    PC2933.05: NO    IHC: RE
ASU REASON:
I/M was placed in ASU on 7/29/14, from Facility C, after he told staff he has safety concerns
STAFF ASSISTANT:
I/M participates in the MHSDS at the CCCMS. Mental Health Staff indicated I/M has a good understanding of the issues related to committee. I/M has a reading score of 9.9 and states that he does understand all the issues involved with committee. ICC did not assign a Staff Assistant. Effective communication was achieved by speaking clearly and concisely, using simple language, with continuous prompts to the inmate to repeat, in his own words, his understanding of the issues presented.
ICC DELIBERATION & ACTION:
I/M was placed in ASU on 7-29-14 after he informed staff he has safety concerns on Facility C. On 8-7-14, ICC elected to retain I/M in ASU due to safety concerns and refer his case to the CSR for transfer. The case was not reviewed by a CSR. I/M was returned to ICC on 9/25/14. On 9/25/14, ICC again retain I/M in ASU due to an enemy on Facility C and referred the case for transfer. On 10/6/14, the CSR reviewed the case and requested the following corrections; 1) there is no 840 even though an Annual was due in August; 2) a CDC 127 was not prepared and updated; 3) Clarify if the evaluation for potential decompensation has been completed; 4) It does not appear that the inmate's Arizona incarceration has been ordered. Please order and scan a copy of the order into ERMS. This casework has been completed with this committee. An Annual Classification Scoresheet and an Emergency Notification Form have been completed. The potential for decompensation is addressed in this committee. A request for I/M's Arizona Incarceration history was ordered on 10-27-14. A copy of the fax should be in the Misc. section of ERMS.
I/M's non confidential enemy is Inmate Jefferson, P34202. Inmate Jefferson was housed on Facility B (III-SNY). Jefferson was placed in ASU from Facility B and on 7/3/14 ICC released him to Facility C. On 7/29/14 I/M recognized Jefferson as his enemy and informed staff. They are considered enemies because Jefferson battered I/M on May 22, 2012. See RVR # FC-12-209 for Jefferson.
I/M has level IV points, meets criteria for 270 design housing, requires SNY, participates in the MHSDS at the CCCMS level of care, and per the High Risk Database, is medium medical risk.
ICC elects to retain I/M in ASU pending transfer due to an enemy concern on Facility C. Refer case to CSR for transfer to SATF-IV-SNY w/alt COR-IV-SNY. Transfer is non adverse. I/M should be MED AR & A1/A upon transfer. I/M's reason for ASU placement is non disciplinary and I/M qualifies for NDS pending transfer.
CASE FACTORS:
Confidential file noted and reviewed.  Case Factors are noted on CDC 128-G dated 11-03-05.
CELL STATUS:
I/M has been single cell since June 10, 2009. I/M has been found guilty of two in-cell batteries on 3/23/08 & 6/2/09. Both batteries occurred the same way. I/M was in ASU. Staff attempted to place an inmate in I/M's cell and as soon as the inmate entered the cell I/M attacked him. In 2008, I/M received 5 RVRs for refusing cellmates, dated 1/4/08, 2/15/08, 7/10/08, 8/14/08, & 9/30/08. Due to the history of in-cell

batteries, it is recommended that I/M be retained single cell.

DATE: 10/30/14  CLASSIFICATION:  ICC/CSR/ASU   INSTITUTION:  RJDCF

**RECORDER**

K. Smith

10/30/2014

Date

**CHAIRPERSON**

K. Seibel

10/30/2014

Date

CDCR SOMS ICCT162 - Classification Committee Chrono

E X H I B I T

F



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Date:** 12/13/2014                    **CANCELLATION NOTICE**

**To:**  ROETTGEN, JOHN (V05142)
B  007 1150001LP
Richard J Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

**Tracking/Log #:**     RJD HC 14052443

It has been determined your appeal submitted does not comply with appeal procedures established in the California Code of Regulations (CCR) Title 15, Article 8, and is being cancelled and returned to you for the following reason(s):

**Not CCHCS Jurisdiction:** CCR, Title 15, Section 3084.6(c)(1) states, "The action or decision being appealed is not within the jurisdiction of the department." Your appeal issue is not a health care services issue over which California Correctional Health Care Services has jurisdiction.

Administrative Segregation placement and release are controlled by custody.  Mental Health staff can only make recommendations regarding your release.

The following documents are required when appealing a cancelled appeal:  (1) a new, separate CDCR 602 HC (REV. 6/13), Patient/Inmate Health Care Appeal Form; and (2) the ORIGINAL cancelled appeal with the original responses and attachment(s).

When requesting reconsideration of a cancelled appeal, in your new, separate CDCR 602-HC you shall: (1) complete Section A. with your explanation of the reason(s) you believe the screening policy or the application of the screening policy was inappropriate (**no other issues and/or requests will be accepted for review**); (2) complete Section B. requesting reconsideration of the previously cancelled appeal; and (3) submit the complete appeal package to the office that cancelled the appeal.

D. Van Buren

Van Buren, D.
Health Care Appeals Office
Richard J Donovan Correctional Facility

Cancellation Note: Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. When an appeal is cancelled, your administrative remedies have not been exhausted pursuant to Title 15 CCR Section 3084.1(b).

***PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE***

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**PATIENT-INMATE HEALTH CARE APPEAL**

CDCR 602 HC (REV. 6/13)

Page 1 of 2

| STAFF USE ONLY | | | | | |
|---|---|---|---|---|---|
| Emergency Appeal | ☐ Yes   ☐ No | Institution: RJDHC | Log #: 1405 2443 | | Category: 8 |
| Signature: | Date: | | FOR STAFF USE ONLY | | u |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY.

| Name (Last, First): Roettgen, John | CDCR Number: V05142 | Unit/Cell Number: 07-150 | Assignment: |
|---|---|---|---|

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):

Denial of Coleman Protections

**SECTION A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A):

Mental Health is aware and allows custody to violate my Coleman protections as they Relate to my Ad Seg Retention, They knew of my coleman Rights (DR. Parker) and allowed CCII M. Hagelman and the Rest intentionally mis-classify me D1D for Three months which

**SECTION B.** Action requested (If you need more space, use Section B of the CDCR 602-A):

I want out of Ad Seg - A Third of a year is enough when haven't done any thing wrong, I was fine B4 they placed the enemy on C-Yard - There's no Reason I can't go out to B- or D-Yard - And no Reason I need to be Transfered.

☐ Supporting Documents: Refer to CCR 3084.3.

List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

☒ No, I have not attached any supporting documents. Reason: Because I don't have any access Since K. spence has Refused me Legal Property

Patient-Inmate Signature: _____   Date Submitted: Dec 8, 14

☐ By placing my initials in this box, I waive my right to receive an interview.

| SECTION C. FIRST LEVEL - Staff Use Only | Check One: Is CDCR 602-A attached? | ☒ Yes  ☐ No |
|---|---|---|
| This appeal has been: | Check One: Is this a recategorized/converted 1824? | ☐ Yes  ☒ No |

☐ Bypassed at the First Level of Review. Go to Section E.

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____ Date: _____ Date: _____

☒ Cancelled (See attached letter): Date: 12/13/14

☐ Accepted   Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: 1/26/15

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____                    Interview Location: _____

Your appeal issue is:   ☐ Granted   ☐ Granted in part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted?  ☐ Yes  ☐ No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: _____ Title: _____ |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | Signature: _____ Date completed: _____ |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | Reviewer: _____ Title: _____ |
| 4.Comments: _____ | | | (Print Name) |
| | | | Signature: _____ |

| HCAC Use Only | HCAC Use Only |
|---|---|
| DEC 1 1 2014 | DEC 1 5 2014 |
| Date received by HCAC: _____ | Date closed and mailed/delivered to appellant: _____ |

RJD RECEIVED
DEC 1 1 2014
Appeal's Office

STAFF USE ONLY

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12) Health Care

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |

RJDHC 14052443

**FOR STAFF USE ONLY**

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
**Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Roettger, John | CDC Number: V05742 | Unit/Cell Number: 07-150 | Assignment: |

**A.  Continuation of CDCR 602, Section A only (Explain your issue) :**

Resulted in an extra long stay in Ad Seg, Loss of Good Time Credits, Loss of NDS privileges and more.

Pursuant to Coleman, I should have been Released from Ad Seg in 72 hrs. Allowing the mis-classification permitted the circumvention of the Coleman protections as well as NDS - Parker knows this. This is true of the August 7, 2014 ICC and September 25 ICC - heard by Parker and other mental health personnel (from IDTTs of Aug 12 and Nov 4). They also know that ICC Routinely gives over-rides to inmates and Release them to B and D yard - most of which are given these over-rides after committing violent acts, which I have not. They also know that coleman mandates inmates C3ms or EOP slated for an extended stay in Ad Seg; should be transferred to Sacramento. Why am I, after a THIRD OF A YEAR STILL HERE? Mental Health, like anyone else, cannot serve two masters. Matthew 16:13. At some point Mental Health will have to perform Mental Health duties is regard to the pleasures and abuses of "custody", it can't be a mystery why so many C3ms move up to EOP in Ad Seg!

**Inmate/Parolee Signature:** _____  **Date Submitted:** Dec. 8, 2014

**B.  Continuation of CDCR 602, Section B only (Action requested):** _____

**Inmate/Parolee Signature:** _____  **Date Submitted:** _____

EXHIBIT

G

 CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES


**Date:**   MAR 1 3 2015

**To:**   ROETTGEN, JOHN (V05142)
Richard J Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

**From:**   California Correctional Health Care Services
Inmate Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking/Log # :**   RJD SC 14001296

This Staff Complaint appeal was reviewed by Inmate Correspondence and Appeals Branch staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

**DIRECTOR'S LEVEL DECISION:**

Appeal is denied. This decision exhausts your administrative remedies.

**APPEAL ISSUES:**

You alleged on December 7, 2014, you notified Licensed Psychiatric Technician (LPT) Deleon that you were feeling suicidal. You contended LPT Deleon immediately informed the second watch officers, with Correctional Officer (CO) Russell as the "ring leader", whom influenced LPT Deleon to not follow through by calling the Triage and Treatment Area (TTA) or other staff.

You requested LPT Deleon and CO Russell be disciplined.

**BASIS FOR DIRECTOR'S LEVEL DECISION:**

Your appeal was deemed a staff complaint by the institutions hiring authority. The Director's Level Examiner reviewed the Confidential Inquiry, supporting documents and your appeal documents. Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules and policies. Any report generated or action taken regarding a staff complaint is confidential. As such, no matters related to staff shall be shared with other staff, inmates or the public.

Your complaint was referred for a Staff Complaint Inquiry. The supervisor's inquiry into the matter concluded staff did violate CDCR policy. Review of the inquiry documents and all supporting documents demonstrated you were interviewed on December 29, 2014, LPT Deleon was interviewed on December 31, 2014, and CO Casillas was interviewed on January 21, 2015 and on January 30, 2015. Your electronic Unit Health Record was reviewed. The content of the inquiry supported the conclusion determined. LPT Deleon violated California Code of Regulations (CCR), Title 15, Section 3365 and the Mental Health Services Delivery System (MHSDS) Program Guide, Chapter 10: Suicide Prevention and Response by failing to document or refer you for a face to face evaluation for your report of suicidal ideation on December 7, 2014.

J.ROETTGEN, V05142
RJD SC 14001296
Page 2 of 2

You alleged COs; specifically, CO Russell, influenced medical staff to not provide you medical attention and you requested CO Russell be disciplined. Your appeal was categorized as a health care staff complaint and any allegations or requests regarding custody staff are a custody issue. Therefore, these issues will not be addressed in this appeal response and should be pursued through the appropriate custody channels.

It is not in the purview of inmates to request specific action taken in regards to the conduct of the inquiry or in regards to disciplinary action against personnel. CCR, Title 15, Section 3084.9(i) and the CDCR Operations Manual specify the requirements necessary to conduct a staff complaint inquiry. Further, personnel action taken against employees is confidential and will not be shared with inmates, staff or the public. Therefore, your request for LPT Deleon to be disciplined shall not be addressed as you have been provided all information to which you have a right under CCR, Title 15, Section 3084.9(i).

After review, there was no compelling evidence that warranted intervention at the Director's Level of Review as your staff complaint was processed in accordance with CDCR policy and the California Code of Regulations, Title 15.

**RULES AND REGULATIONS:**

The rules governing these issues are: California Code of Regulations, Title 15, Section 3001, 3004, 3084.1, 3270, 3271, 3350, 3354, and 3391; CDCR Operations Manual Section: 31140.14, Inmate Medical Services Program Policies and Procedures, and Mental Health Services Delivery System Program Guide.

**ORDER:**

No changes or modifications are required by the institution.

J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

Template Date 4/4/2012                                         Attachment E-1
State of California                          Department of Corrections and Rehabilitation

# Memorandum

Date    :    January 14, 2015

To      :    Roettgen, J., CDCR# V05142
             B-7-226
             Richard J. Donovan Correctional Facility
             480 Alta Road
             San Diego, Ca 92179

Subject:     **STAFF COMPLAINT RESPONSE - APPEAL # RJD SC 14001296 *SECOND* LEVEL
             RESPONSE**

APPEAL ISSUE:   The appellant alleges that on 12/07/2014 he told Psychiatric
Technician (PT) V. De Leon that he was feeling suicidal.   He claims that PT De Leon
informed second watch officers, with Correctional Officer (C/O) T. B. Russell being
the ring leader, who influenced PT De Leon not to follow through by calling the TTA
or other staff.   All issues unrelated to the allegation of staff misconduct must be
appealed separately and will not be addressed in this response.  You do not exhaust
administrative remedies on any unrelated issue not covered in this response or
concerning any staff member not identified by you in this complaint.   If you are
unable to name all involved staff you may request assistance in establishing their
identity.

➢  **DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct
   presented in the written complaint has been completed. Based upon this review
   your appeal is:
➢  Being processed as an Appeal Inquiry.
Patient/inmate Roettgen was interviewed on 12/29/2014 by L. Cohen, Supervising
Registered Nurse II.  During the interview he stated that in July of 2013, he had been
assaulted by .C/O Russell who still held a grudge against him.  He alleges that on
12/7/2014, he reported to PT De Leon that he was feeling suicidal and the
PT De Leon went directly to C/O Russell with that information.   He believes that
PT DeLeon failed to act on his mental health issues because of C/O Russell's
interference.

**Your appeal is PARTIALLY GRANTED in that: *An inquiry was conducted into
his allegations.***

---

➢  **The Appeal inquiry is complete/has been reviewed and all issues were
   adequately addressed.**
The following witnesses were questioned: C/O M. Casillas.

Staff: *did* ☒  *did not* ☐ violate CDCR policy with respect to one or more of the
issues appealed.

---

Template Date 4/4/2012                                    Attachment E-1

Page 2

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: L. Cohen, SRN II          Sign:                Date: 1/29/15
Interviewer

Print: M. Glynn, CEO             Sign:                Date: 2/2/15
Reviewing Authority

Appeal Log No: RJD SC 14001291

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
PATIENT-INMATE HEALTH CARE APPEAL
CDCR 602 HC (REV. 6/13)

RJD SC 14001296

Page 1 of 2

| STAFF USE ONLY | | |
|---|---|---|
| Emergency Appeal | ☐ Yes  ☐ No | Institution  Log #  Category |
| Signature: | Date: | FOR STAFF USE ONLY |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT or TYPE CLEARLY.

| Name (Last, First): Roettgen John | CDCR Number: V05742 | Unit/Cell Number: 07.12 150 | Assignment: |
|---|---|---|---|

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):
Psych Tech Allowing Cops to interfere with their duties

**SECTION A** Explain your issue (If you need more space, use Section A of the CDCR 602-A): On December 07, 2014, I told Psych Tech De Leon That I was feeling suicidal. She informed The 2nd Watch Officers whom officer T.B. Russell as The ring leader blew me off and influenced De Leon to not follow through By calling TTA or whomever

**SECTION B** Action requested (If you need more space, use Section B of the CDCR 602-A):
Psych Tech De Leon and officer T.B. Russell be disciplined for violating CDCR and coleman policy — security should have absolutely no judgment on matters of psychiatry

☐ Supporting Documents: Refer to CCR 3084.3.
List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

☒ No, I have not attached any supporting documents. Reason:

| Patient-Inmate Signature: | Date Submitted: December 16, 2014 |
|---|---|
| ☐ By placing my initials in this box, I waive my right to receive an interview. | |

| **SECTION C: FIRST LEVEL — STAFF USE ONLY** | Check One: Is CDCR 602-A attached? ☐ Yes ☒ No | |
|---|---|---|
| This appeal has been: | Check One: Is this a recategorized/converted 1824? ☐ Yes ☒ No | |
| ☒ Bypassed at the First Level of Review. Go to Section E. 12/19/14 | | |
| ☐ Rejected (See attached letter for instruction): Date: | Date: | Date: | Date: |
| ☐ Cancelled (See attached letter): Date: | | |
| ☐ Accepted  Assigned to: | Title: | Date Assigned: | Date Due: 2/3/15 |

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

| Date of Interview: | Interview Location: |
|---|---|
| Your appeal issue is: ☐ Granted ☐ Granted in part ☐ Denied ☐ Other: | |
| See attached letter. If dissatisfied with First Level response, complete Section D. | |

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted? ☐ Yes ☐ No | |
|---|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: | Title: |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) | |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | Signature: | Date completed: |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Reached | | |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | Reviewer: | Title: |
| 4. Comments: | | | (Print Name) | |
| | | | Signature: | |

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC: DEC 19 2014 | Date closed and mailed/delivered to appellant: |

RJD Health Care Services
RECEIVED
DEC 19 2014
Appeal's Office

STAFF USE ONLY

ICAB
MAR 13 2015
Complete

RECEIVED
ICAB
MAR 17 2015
ch
HC APPEALS

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

PATIENT-INMATE HEALTH CARE APPEAL
CDCR 602 HC (Rev. 08/13)                                                      Page 2 of 2

**SECTION D** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

Patient-Inmate Signature: _____   Date Submitted: _____

**SECTION E SECOND LEVEL - Staff Use Only**    Check One: Is CDCR 602-A attached?    ☐ Yes ☑ No

This appeal has been:                          Check One: Is this a recategorized/converted 1824?   ☐ Yes ☑ No

☐ Bypassed at Second Level of Review. Go to Section G.

☐ Rejected (See attached letter for instruction):   Date: _____  Date: _____  Date: _____  Date: _____

☐ Cancelled (See attached letter):   Date: _____

☐ Accepted   Assigned to: L. Cohen   Title: SRN II   Date Assigned: 12/24   Date Due 2/3/15

Second Level Responder: Complete a Second Level response. Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: 12/29/14                  Interview Location: ASU 7

Your appeal issue is:   ☐ Granted   ☑ Granted in part   ☐ Denied   ☐ Other:
See attached letter. If dissatisfied with Second Level response, complete Section F.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted? ☑ Yes ☐ No |
|---|---|---|---|
| ☐ TABE score < 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: L. Cohen   Title: SRN II |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | Signature: _____ Date completed: 12/29/14 |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | Reviewer: MOFFORD   Title: PCN A |
| ☐ Not Applicable | ☐ Other: | *See chrono/notes | (Print Name) |
| 4. Comments: | | | Signature: _____ |

HCAC Use Only                                    HCAC Use Only                          FEB 06 2015
Date received by HCAC: 12/19/14                  Date closed and mailed/delivered to appellant:

**SECTION F** If you are dissatisfied with the Second Level response, explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Health Care Appeals, ATTN: Chief, Building C, P.O. Box 588500, Elk Grove, CA 95758. If you need more space, use Section F of the CDCR 602-A.

Rn Leon and Officer T.B. Russell did violate policy which almost cost me my life on January 2, 2015 due to staff ignoring my pleas

Patient-Inmate Signature: _____   Date Submitted: Feb 12, 2015

**SECTION G THIRD LEVEL - Staff Use Only**

☐ Rejected (See attached letter for instruction):   Date: _____  Date: _____  Date: _____  Date: _____

☐ Cancelled (See attached letter):   Date: _____

☑ Accepted at the Third Level of Review

Your appeal is:   ☐ Granted   ☐ Granted in part   ☑ Denied   ☐ Other:

See attached Third Level response.                Third Level Use Only                 MAR 13 2015
                                                  Date closed and mailed/delivered to appellant:

Request to Withdraw Appeal: I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

Patient-Inmate Signature: _____   Date Submitted: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

# STAFF USE ONLY

ICAB
MAR 13 2015
Complete

E X H I B I T

H

DATE:            **January 20, 2015**

*RC'd*
*Jan 28, 2015*

NAME:           **ROETTGEN**

CDC #:          **V05142**

APPEAL LOG #       **RJD-B-14-03809**

APPEAL DECISION:    **GRANTED**       **<u>FIRST LEVEL REVIEW</u>**

**APPEAL ISSUES:**    You are appealing the issue that you have not been permitted to exceed one cubic foot of legal material (property), which hampers your ability to progress in your legal matters while housed in the Administrative Segregation Unit (ASU).

You are requesting that your legal property not be subjected to "special conditions."

**APPEAL RESPONSE:**  In reaching a decision on this issue, a review of your appeal has been conducted. Your current housing status and endorsement has been reviewed.

A review of the Disability and Effective Communication System reveals that you have a Test of Adult Basic Education score of 9.9. It is also reveals you are a participant in the Mental Health Service Delivery System at the Correctional Clinical Case Management System level of care. Therefore, it doesn't appear assistance is needed to achieve effective communication. Based on the decision of this Inmate Appeal, an interview was not required.

Based on your placement in the ASU, the same guidelines depicted in the California Code of Regulations, Section 3190 (d), which states in part that the State issued and personal property shall not exceed six cubic feet apply to you. Legal property is not exempt from these limitations; therefore the request to exceed one cubic feet is permitted.

Therefore, based on the aforementioned, your appeal is **GRANTED** at the First Level of Review.

_____
M. STOUT,
Captain Facility B
Richard J. Donovan Correctional Facility

_____
C. COVEL
Associate Warden, Facilities
Richard J. Donovan Correctional Facility

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)                                                                                                              Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: 5 |
|---|---|---|---|
| | RJD-B | 14-3809 | Property/Prop. Rest |
| | | FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Roettgen, John | CDC Number: V05142 | Unit/Cell Number: D7-150 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Limits imposed on my legal materials in Ad Seg

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):
On Oct 2, 2014, I was informed That LT. Sperce instructed officer
M. Curtis, legal property officer, to limit The amount of legal materials
Release To me (specifically) from my property To 1 cubic foot in violation of

B. Action requested (If you need more space, use Section B of the CDCR 602-A):
Stop Arbitrarily Joining (as in conspiracy) in Retaliation efforts To
Torture and Punish me Through imposition of special Restrictions
Placed on me over and above Those of other inmates and give me

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
Form 22 addressed to Lt. Kisperco— not answered
Nov 04 — added 4 page copy of Declaration from Dep. Att General
2 pages from NDS Policy    Dec 4, added Form 22 for Capt Stout
☐ No, I have not attached any supporting documents. Reason: _____

Inmate/Parolee Signature: _____          Date Submitted: Oct 19-14
☐ **By placing my initials in this box, I waive my right to receive an interview.**

Received
OCT 21 2014
RJDCF Appeals
S/O R7 - Form 22
To C/O Curtis, Lt Speric
(5) Prop/ Prop Rest

Received
NOV 4 2014
RJDCF Appeals
S/O R7 - Form 22
supervisor review to
Capt. Stout
(5) Prop— Prop. Restr

Received
DEC 08 2014
RJDCF Appeals

---

**C. First Level - Staff Use Only**                          Staff – Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section ___ OCT 24 2014   Date: 11-18-14   Date: _____   Date: _____
☒ Rejected (See attached letter for instruction) Date: _____
☐ Cancelled (See attached letter) Date: _____
☒ Accepted at the First Level of Review.
   Assigned to: C. COVEL      Title: AW-B     Date Assigned: DEC 18 2014   Date Due: JAN 22 2015

First Level Responder: Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.
                                          Date of Interview: N/A          Interview Location: N/A
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
                              See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: M. STOUT     Title: CAPT   Signature: _____   Date completed: 1/20/15
             (Print Name)
Reviewer: C. COVEL        Title: AW     Signature: _____
           (Print Name)
Date received by AC: JAN 26 2015

| AC Use Only | |
|---|---|
| Date mailed/delivered to appellant | JAN 26 2015 |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 1**

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: 5 |
|---|---|---|---|
| | RJD-B | 14-3809 | |
| | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Roettgen | V05142 | 07-150 | |

A. **Continuation of CDCR 602, Section A only (Explain your issue):** CDCR Policies. 15CCR 3190(d)
Places no Restrictions on Legal materials beyond the 6CFT, while 15CCR 3161(a)
3161(a)(b) allows for an additional 1CFT for Legal materials. 15CCR
3164(a) states "Inmates confined in administrative segregation for any
Reason will not Be Limited in their access to the courts." Also See 3164(c)
Change to Regulations 13-03 implementing NDS Property allows Legal
materials and does not impose any additional Restrictions.
    These Restrictions have effectively stopped me in my pursuit of
Cases I have active in the courts; 11-cv-02562 MMA (NLS) and
13-cv-01101-GPC(BGS); Lieutenant Spence being a Defendant in 02562.
It is bad enough I'm being kept in the Hole because Administration wishes
to cater to I/m Jefferson's (P34202) bad behavior for making enemies all over
RJD—Placing me in ad seg to accommodate her (Appeal 14-2979) a conspiracy
I Believe This action attaches to. All of this Retaliation is un—
authorized through CDCR Policy. So far two and a half months
in ad seg and unable to keep court imposed Dead-Lines Because
of LT. Spence and Curtis' acts of severely Limiting me in my
possession of Legal materials.

Inmate/Parolee Signature: _____    Date Submitted: Oct 19-14

B. **Continuation of CDCR 602, Section B only (Action requested):** _____
My Legal Property so not subject to special conditions

Inmate/Parolee Signature: _____    Date Submitted: _____

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

November 05, 2014

*Resubd*
*Dec 5, '14*
*c̄ Attached*
*Goldenrod copy* D
*form 22 - To capt Stout*
*as directed on another screenout*

**ROETTGEN, V05142**
B 007 1150001LP

PROPERTY, Property Restriction, 10/21/2014
Log Number: RJD-B-14-03809
(Note: Log numbers are assigned to all appeals for tracking purposes)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:*

*CDCR FORM 22 to CO Curtis, Lt Spence. You have failed to attempt to resolve your issue by utilizing the CDCR Form 22 process. You may have your unit officer sign the CDCR Form 22, so you have the receipt for proof that you have attempted to resolve your issue. Another option is to mail the CDCR Form 22 directly to the intended staff person; however, you will not be provided a receipt. Send the CDCR Form 22 to the appropriate staff member for a response; if dissatisfied with their response send it to their supervisor; if you are still not satisfied with the response, attach it to your appeal and resubmit it to the appeals office for further review.*

R. Olson, CCII / R. Olivarria, CCII (A)
Appeals Coordinator
Richard J. Donovan Correctional Facility

NOTE: If you are required to respond/explain to this CDCR Form 695, use **ONLY** the lines provided below.

Originally I attached a copy of a form 22 To This 602. I sent To Lt. K. Spence — I've attached another copy of it, He never Responded — However, The court has been checking into this so see attached copy of Declaration of Deputy Attorney General J. P. Walters Whom spoke To Spence whom admitted To The claim's I've made In This 602. Lt. K. Spence does not have This authority and is violating my 1st & 14th Amendment Rights.

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted. **PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

## INMATE APPEAL ASSIGNMENT NOTICE

Rc'd
Dec 19, 14

To: INMATE  ROETTGEN, V05142                        Date: December 18, 2014
Current Housing:  B  007 1150001LP

From:  INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER:  RJD-B-14-03809

ASSIGNED STAFF REVIEWER:  AW-B
APPEAL ISSUE: PROPERTY
DUE DATE: 01/22/2015

Inmate ROETTGEN, this acts as a notice to you that your appeal has been sent to the
above staff for FIRST level response.  If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for SECOND level review.


R. Olson, CCII / B. Baenziger, CCII
Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility

1  KAMALA D. HARRIS
   Attorney General of California
2  CHRISTOPHER FINDLEY
   Deputy Attorney General
3  JOHN P. WALTERS
   Deputy Attorney General
4  State Bar No. 216472
     110 West A Street, Suite 1100
5    San Diego, CA 92101
     P.O. Box 85266
6    San Diego, CA 92186-5266
     Telephone: (619) 645-3033
7    Fax: (619) 645-2581
     E-mail: John.Walters@doj.ca.gov
8  *Attorneys for Defendants*
   *T. Armstead, R. Cobb, J. Daigle, T. Glover,*
9  *Jr., R. Griffen, J. Ives, M. Maces, B. Morris,*
   *D. Morris, O. Navarro, E. Pimentel, A.*
10 *Pittman, T. Rucker, N. Scharr, O. Shelland,*
   *J. Springer, K. Spry, M. Steele, W. Suglich, S.*
11 *Summers, J. Vasquez, and M. Virgen*

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15

| | |
|---|---|
| 16 | |
| **JOHN ROETTGEN,** | 11-CV-02562 IEG (NLS) |
| 17 | |
| Plaintiff, | **DECLARATION OF JOHN P.** |
| 18 | **WALTERS IN COMPLIANCE** |
| **v.** | **WITH COURT ORDER NO. 135** |
| 19 | |
| 20 **ARNOLD, et al.,** | Judge:      The Honorable Nita L. |
| | Stormes |
| 21 Defendants. | Trial Date: None Set |
| | Case Filed: 11/3/2011 |

22

23       I, John P. Walters, declare:

24       1.    I make the following declaration of facts based upon my own knowledge,

25  except those matters expressly based on information and belief, which I believe to

26  be true. If called, I can testify competently to the facts contained in this declaration.

27  ///

28  ///

                                      1

1    2.    I am a Deputy Attorney General. I am licensed to practice law before

2    this Court and all of the courts in California. I am the attorney for Defendants in

3    this case.

4    3.    This declaration is made to comply with the Court's Order that the

5    Deputy Attorney General contact the litigation coordinator at Donovan prison to

6    "determine what accommodations, if any, can be made so that Plaintiff can access

7    his legal papers and have reasonable access to the law library." (Doc. No. 135.)

8    The Order was in response to Plaintiff's claim that he did not have his legal

9    property and had "extremely limited access to the law library." (Doc. Nos. 124,

10   134.)

11   4.    I contacted Chantelle York on November 3, 2014. Ms. York is serving as

12   the temporary litigation coordinator at Donovan prison during litigation coordinator

13   Bruce Baenziger's extended leave. On November 4, 2014, Ms. York put me in

14   touch with Lt. Spence. Lt. Spence is the lieutenant supervising the administrative

15   segregation unit where Plaintiff is currently housed.

16   5.    Lt. Spence told me that Plaintiff is currently housed in the administrative

17   segregation unit because of Plaintiff's safety concerns. Inmates in administrative

18   segregation do have more restricted access to property and the law library than

19   general population inmates. But Plaintiff is receiving reasonable access to both.

20   Lt. Spence said that Plaintiff is categorized as judicial expediency inmate due to his

21   pending cases and court dates. As such, Plaintiff is regularly attending the law

22   library on Tuesdays and Fridays for two hours each session. Thus, Plaintiff is

23   getting four hours in the law library each week. Further, Plaintiff is allowed to

24   possess one cubic foot of legal property in his cell. Lt. Spence confirmed that

25   Plaintiff had at least one cubic foot of legal property in his cell on November 4,

26   2014. In addition, whenever Plaintiff wants to trade the legal property in his cell

27   for other legal property held in storage, all he has to do is submit a request through

28   the Administrative Segregation Unit Legal Property Officer. It generally takes two

2

1    to three days for inmates to receive additional legal property once a request is

2    submitted.

3        6.    Despite Plaintiff's access to legal property and the law library, Lt. Spence

4    said that if Plaintiff is having problems he can submit a basic Form 22 request to

5    the staff in the administrative segregation unit.  Any problems raised are addressed

6    in writing by staff, and will be reviewed by the sergeant, lieutenant, or captain.

7        I declare under penalty of perjury under the laws of California and the United

8    States of America that the foregoing is true and correct.

9        Executed on November 4, 2014.

10

11                        /s/ John P. Walters
                          ─────────────────────
12                          JOHN P. WALTERS

13

14

15   SD2013806097
     80972606.doc

16

17

18

19

20

21

22

23

24

25

26

27

28

                                3

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Roettgen, John v. Arnold, et al.**

No.:         **11-CV-02562 IEG (NLS)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On November 4, 2014, I served the attached **DECLARATION OF JOHN P. WALTERS IN COMPLIANCE WITH COURT ORDER NO. 135** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Gabrielle DeSantis-Nield, Esq.
Nield Law Group
Carlsbad Gateway Center
5650 El Camino Real, Suite 120
Carlsbad, CA 92008

Counsel for Co-Defendant K. Reid Karen
Reid

John Roettgen
CDC # V-05142
Richard J. Donovan Correctional Facility
480 Alta Road
P.O. Box 799006
San Diego, CA 92179-9006

In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 4, 2014, at San Diego, California.

| | |
|---|---|
| S. Banks | |
| Declarant | Signature |

SD2013806097
80973586.doc

E X H I B I T

I

STATE OF CALIFORNIA                                                                                           DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| V-05142 | ROETIGEN | CCR §3006(a) | 01/01/15 | R.J.D.C.F. | FB-15-___02 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☒ YES    ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☒ ASSIGNED | 1/28/15 | J. A. Dumard |
| ☐ NOT ASSIGNED | REASON _Does_ / Does not meet the criteria pursuant to CCR §3315.(d)(2) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED    ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |
| ☒ NOT ASSIGNED | REASON Does / _Does not_ meet the criteria pursuant to CCR §3315.(d)(1) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ▶ | |

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| ☐ COPY OF CDC 115-A GIVEN INMATE | ▶ | | |
| ☐ FINAL COPY OF CDC 115-A GIVEN INMATE | | TIME | DATE |

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

## SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS
### (See Title 15, California Code of Regulations, for details)

A.  **HEARING** — A serious rule violation may result in the loss of credits. A hearing will normally be held within thirty (30) days but not less than 24 hours, from the date you receive a copy of the Rules Violation Report. An exception is provided in the Californianl Code of Regulations when a case has been referred for possible prosecution and you have requested, in writing, and been granted, a postponement pending the outcome of such referral. Failure of staff to meet time constraints will usually act as a bar against denial or forfeiture of time credits, but will not bar against other authorized disciplinary actions. *(CCR 3320)*

B.  **INVESTIGATIVE EMPLOYEE / STAFF ASSISTANCE** —

   1.   *General Information* — You may request to have an investigative employee and/or a staff assistant assigned to assist you in the investigation, preparation, or presentation of your defense at the disciplinary hearing if it is determined by staff that (1) you are illiterate, or (2) the complexity of the issues, or (3) your confinement status makes it unlikely that you will be able to collect and present the evidence necessary for an adequate comprehension of your case. *(CCR 3315–3318)*

   2.   *Staff Assistant* — A staff member will be assigned to assist you in the disciplinary process if you are deemed to be incapable of representing yourself. The assigned staff will assist you in preparing for the hearing and assist you at the hearing. The staff assistant will maintain any confidence you request about your past conduct. *(CCR 3318)*

   3.   *Investigative Employee* — An investigative employee, if assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. *(CCR 3318)*

   4.   *Witnesses* — You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, question any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. *(CCR 3315)*

   5.   *Personal Appearance* — A hearing of the charges will not normally be held without your presence, unless you refuse to attend. *(CCR 3320)*

C.  **REFERRAL FOR PROSECUTION** — Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. *(CCR 3316–3320)*

You have the right to remain silent at a disciplinary hearing and no inference of guilt or innocence will be drawn from your silence. Any statements you do make may be used against you in criminal proceedings.

D.  **DISPOSITION** — At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the CDC 115 and CDC 115-A by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. *(CCR 3320)*

E.  **APPEAL** — If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal, form CDC 602, within fifteen days following receipt of the finalized copy of the CDC 115 / CDC 115-A. When filing your appeal, be sure to attach a copy of the finalized CDC 115 / CDC 115-A, if applicable; and any other pertinent documentation. *(CCR 3003)*

F.  **ABBREVIATIONS** — HO-Hearing Officer; SC-Sub Committee; FC-Full Committee; SHO-Senior Hearing Officer; BPT-Board of Prison Terms.

CDC-804 Sent To Records By:

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| V-05142 | ROETTGEN | | 5/2/2002 | R.J.D.C.F. | FB-07-150L | FB-15-002 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR S3006(a) CONTRABAND | POSSESSION OF INMATE MANUFACTURED WEAPON | ASU, BLDG. #7 | 01/02/2015 | 0900 Hours |

CIRCUMSTANCES On Friday, January 2, 2015, at approximately 0900 hours, while Performing my duties as Administrative Segregation Unit, (ASU), Building #7, Staff Psychologist, I was conducting my rounds. During my rounds I arrived at Cell 7-150, which was occupied and assigned to Inmate ROETTGEN, V-05142, FB-07-150L. During this time Inmate Roettgen informed me that he was suicidal and was going to cut his neck. I then proceeded to talk him out of hurting himself. I asked him how he was going to hurt himself. Inmate Roettgen stated, "I'm going to cut myself with my eye glasses." Inmate Roettgen finally agreed to not hurt himself and slid an eye glass piece underneath the cell door onto the dayroom floor. I picked up the piece of altered eye glasses and kept control of it notifying my supervisor of Inmate Roettgen's suicidal state. I also relinquished custody of the altered eye glass piece to ASU Custody Staff, Correctional Officer Pintado, who took custody and control of the contraband. As Staff Psychologist I referred Inmate Roettgen for further mental health evaluation where he was subsequently placed on Mental Health Crisis Bed status. This concludes my report. Inmate Roettgen is a participant in the Mental Health Services Delivery System (MHSDS) at the CCMS level of care. Inmate Roettgen did have a CDCR 115-MH prepared because his behavior at the time of the offense was considered to be bizarre, unusual or uncharacteristic.

MHSDS: CCCMS    GPL: 12.9

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| N. Moon, Staff Psychologist | 1/15/15 | ASU, BLDG. #7 | W/S/SU |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| A. Garvey, Correctional Sergeant | 1/6/15 | DATE N/A | LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | A1 | 1/6/15 | M. Stout, B-Facility Captain | ☐ HO ☑ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 1/28/15 | 0850 | MIRANDA WARNING, HOLDING CELL LOG, MENTAL REPORT (7219), Two EVIDENCE PHOTO |
| ☑ INCIDENT REPORT LOG NUMBER: SD-DD7-15-1-001 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | | 1/2/15 | 0850 | | 1/2/15 | 0850 |

HEARING

128-B TIMESTAMP, 128-B Time RESUME
DA NON-REFERRAL

This copy delivered Jan 28, 2015 By C/o J. Heddy @ approximately 0900 hrs ⊂ another copy of a 128-B ( 2015 has The "S" underlined) who said, "Just letting you know your 115 is back on."

128-B Time Resume (REVISED)    1/28/15 0850
    1/28/15 0910

This is who signed ④ Moon above in Reporting Employee space. Officer J. Heddy

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| | ▶ | | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| M. Stout, B-Facility Captain | | C. Covel, Associate Warden | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

CDC 115 (7/88)

*In Copy*

# INVESTIGATIVE SERVICES UNIT
# R. J. DONOVAN CORRECTIONAL FACILITY
## Notice of District Attorney Non-Referral

**Date:**     **January 20, 2015**

**TO:**     **D. PARAMO**
            **WARDEN**

## SUBJECT:

Name:   ROETTGEN, JOHN;  V-05142        SUSPECT

RJDCF Case#:   RJD-B07-15-01-0001        Date of Incident:   1/2/2015
Violation:          Possession of Weapon

We have reviewed the above incident and we will not be referring this case to the
District Attorney for prosecution for the reason(s) checked below:

☐   Insufficient evidence to prove the inmates culpability beyond a reasonable doubt.

☐   Insufficient evidence to prove knowledge, dominion and control of the contraband
by inmate beyond a reasonable doubt.

☑   Although there is prima facie evidence indicating the inmate responsible for the
offense, the matter should be handled by administrative disciplinary proceedings
by the Department of Corrections.

☐   There is insufficient evidence to identify the inmate as the assailant responsible for
the injury.

☐   There is prima facie evidence showing inmate had knowing possession of
contraband, however, minor amounts are involved and the case should be handled
by administrative disciplinary proceedings by the Department of Corrections.

☐   Administrative Review only, no felony committed.

Reviewed:   _____        _____
            D. PARAMO                        G. HERNÁNDEZ
            Warden                           Investigative Lieutenant
                                             Investigative Services Unit

# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
### CDCR 837-A (REV. 10/06)

| Page 1 of 7 | INCIDENT LOG NUMBER<br>RJD-B07-15-01-0001 | INCIDENT DATE<br>01/02/2015 | INCIDENT TIME<br>09:00 |
|---|---|---|---|

| INSTITUTION<br>RJD | FACILITY<br>B07 - FACILITY B | FACILITY LEVEL<br>☐ I  ☐ II  ☐ RC<br>☐ III  ☑ IV | INCIDENT SITE<br>HOUSING UNIT 7 | LOCATION<br>CELL 7-150 | PROGRAM<br>ASU | AD/SEG<br>YARD<br>N/A | USE OF<br>FORCE:<br>No |
|---|---|---|---|---|---|---|---|

| SPECIFIC CRIME / INCIDENT<br>Possession of Dangerous Property or Contraband - Inmate Manufactured Weapon | ☑ CCR  ☐ PC  ☐ N/A    NUMBER / SUBSECTION<br>3006-a Contraband - Dangerous Property |
|---|---|

| D.A. REFERRAL ELIGIBLE<br>☑ Yes  ☐ No | CRISIS RESPONSE TEAM ACTIVATED<br>☐ Yes  ☑ No | MUTUAL AID<br>☐ Yes  ☑ No | PIO/AA NOTIFIED<br>☐ Yes  ☑ No |
|---|---|---|---|

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH AND CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|
| ☑ N/A | ☑ N/A | ☑ N/A<br><br><br>Other Desc: |

| SERIOUS INJURY | INMATE WEAPONS | TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|---|
| ☑ N/A | ☐ N/A<br>1. Inmate Manufactured Stabbing Instrument - Other<br>Other Description: altered metal piece of eye glasses sharpened | ☑ N/A |
| **ESCAPES**<br>☑ N/A | | |

| CONTROLLED SUBSTANCE | WEIGHT/ In Grams | PROGRAM STATUS | EXCEPTIONAL ACTIVITY |
|---|---|---|---|
| ☑ N/A | | ☑ N/A | ☑ N/A<br><br><br>EXTRACTION:<br>☑ N/A |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES)

On Friday, January 02, 2015, at approximately 0900 hours Inmate ROETTGEN, J., V05142, FB-07-150L, expressed suicidal ideations. Inmate ROETTGEN then relinquished an inmate manufactured weapon made out of an altered metal piece of eye glasses which was sharpened to a point.

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE)<br>A. SANCHEZ | TITLE<br>CORRECTIONAL LIEUTENANT | ID#<br>1411831 | BADGE #<br>55433 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE<br>6242 | DATE<br>1/2/2015 |
| NAME OF WARDEN / AOD (PRINT/ SIGN)<br>DANIEL PARAMO | | TITLE<br>WARDEN | DATE |

**PART A1 - SUPPLEMENT**
CDCR 837-A1 (REV. 10/06)

| | Page 2 of 7 | INCIDENT LOG NUMBER RJD-B07-15-01-0001 |
|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| RJD | B07 - FACILITY B | 01/02/2015 | 09:00 |

TYPE OF INFORMATION:

☑ SYNOPSIS/SUMMARY OF INCIDENT   ☐ SUPPLEMENTAL INFORMATION   ☐ AMENDED INFORMATION   ☐ CLOSURE REPORT

SYNOPSIS OF EVENT:

On Friday, January 2, 2015, at approximately 0900 hours, Administrative Segregation Unit (ASU) N. Moon, Staff Psychologist, was conducting her daily rounds of Housing Unit 7 ASU. During her rounds she arrived to cell 7-150 which is solely occupied by Inmate ROETTGEN, CDC# V05142, FB-07-150L. While at Inmate ROETTGEN's cell door Psychologist Moon was informed by Inmate ROETTGEN that he was suicidal and was going to cut his neck. Psychologist Moon continued to talk to Inmate ROETTGEN where she asked him how he was going to hurt himself. Inmate ROETTGEN stated that he was going to hurt himself and cut himself with his eye glasses. Inmate ROETTGEN agreed not to hurt himself and slid an altered piece of eye glasses underneath his cell door onto the dayroom. Psychologist Moon picked up the contraband which slid underneath Inmate ROETTGEN's cell onto the dayroom floor where she took control of it and notified her supervisor of Inmate ROETTGEN's suicidal state and also notified custody staff.

Officer Guzman arrived to cell 7-150 and placed Inmate ROETTGEN in handcuffs and escorted him to a holding cell. Officer Guzman searched and cleared the holding cell for any contraband. Officer Guzman conducted an unclothed body search of Inmate ROETTGEN with negative results. In addition Officer Guzman searched cell 7-150 with negative results of any additional discovery of contraband.

Officer Pintado took custody and control of the altered piece of eyeglasses from Psychologist Moon. Officer Pintado observed the contraband to be an altered piece of eye glasses which was made out of metal and fashioned into an inmate manufactured weapon. The altered piece of eye glasses measured approximately 5 ½ inches in length from the handle and to the sharpened point and approximately ¼ inch width at the handle part area. Officer Pintado took approximately (2) two Xerox photographs of the inmate manufactured weapon and secured the contraband into Central Control Evidence Locker #1.

At approximately 1355 hours Officer Pintado read Inmate ROETTGEN his rights pursuant to the Miranda Decision. Inmate ROETTGEN stated that he understood his rights and elected not to make a statement.

Inmate ROETTGEN was medically evaluated by Psych Tech (PT) Godinez in ASU 7 noting no injuries.

Inmate ROETTGEN was subsequently referred to the Triage Treatment Area (TTA) for a mental health evaluation and placed into a Mental Health Crisis Bed (MHCB) in ASU Housing Unit 6 with no further incident.

Inmate ROETTGEN was advised that he will be receiving a Serious Rules Violation Report (CDC 115), for violating the California Code of Regulations, Section 3006(a), Contraband, specifically: Possession of Dangerous Contraband-Inmate Manufactured Weapon which may also be referred to the San Diego County District Attorney's Office for possible felony prosecution.


ALARM:
N/A
USE OF FORCE:
N/A.

SUSPECT(S):
Inmate ROETTGEN, V05142


HANDCUFFS (LEG IRONS/SPIT HOOD):
Officer Guzman placed Inmate ROETTGEN in handcuffs.

☑ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) A. SANCHEZ | TITLE CORRECTIONAL LIEUTENANT | ID# 1411831 | BADGE # 55433 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 6242 | DATE 1/2/2015 |
| NAME OF WARDEN / AOD (PRINT/ SIGN)/ DANIEL PARAMO | | TITLE WARDEN | DATE 1/5/15 |

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART A1 - SUPPLEMENT
CDCR 837-A1 (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| | Page 3 of 7 | INCIDENT LOG NUMBER RJD-B07-15-01-0001 |
|---|---|---|

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| RJD | B07 - FACILITY B | 01/02/2015 | 09:00 |

TYPE OF INFORMATION:

[✓] SYNOPSIS/SUMMARY OF INCIDENT   [ ] SUPPLEMENTAL INFORMATION   [ ] AMENDED INFORMATION   [ ] CLOSURE REPORT

WITNESS(S):
N/A

EVIDENCE:
Psychologist Moon discovered (1) one altered piece of eye glasses where she relinquished custody and control of it to Officer Pintado.

Officer Pintado took custody and control of an altered piece of eye glasses measured approximately 5 ½ inches in length from the handle and to the sharpened point and approximately ¼ inch width at the handle part area. Officer Pintado took approximately (2) two Xerox photographs of the inmate manufactured weapon and secured the contraband into Central Control Evidence Locker #1. Sergeant Garvey took a total of (11) eleven photographs of the weapons and contraband discovered.  All weapons were secured into Central Control's Evidence Locker #6.

All photographs were added to incident packet.

ESCORT(S):
Officer Guzman escorted Inmate ROETTGEN.

SEARCHES (HOLDING CELLS/SURROUNDING AREA):
Officer Guzman conducted the following searches involving Inmate ROETTGEN: unclothed body search, holding cell, and assigned cell 7-150 with negative results.

REASONABLE ACCOMODATION:
A review of the Disability and Effective Communication System indicated no reasonable accommodation was needed.

HOLDING CELL(S) (TIMES):
Inmate ROETTGEN:  3 Hours 0 Minutes.

DECONTAMINATION:
N/A

MEDICAL:
A Medical Report of Injury or Unusual Occurrence, CDC 7219 form, was completed of Inmate ROETTGEN by L. Godinez, PT, noting no injuries.

INJURIES STAFF:
No staff injuries.

MIRANDA:
Officer Pintado advised Inmate ROETTGEN of his rights pursuant to the Miranda Decision.

VIDEOTAPE INTERVIEW OF INMATE (ALLEGATIONS/SBI):
There were no allegations made against staff for any unnecessary or excessive Use of Force.

DISCIPLINARY
Inmate ROETTGEN was advised that he will be receiving a Serious Rules Violation Report (CDC 115), for violating the California Code of Regulations, Section 3006(a), Contraband, specifically: Possession of Dangerous Contraband-Inmate Manufactured Weapon.

[✓] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) A. SANCHEZ | TITLE: CORRECTIONAL LIEUTENANT | ID# 1411831 | BADGE # 55433 |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE 6242 | DATE 1/2/2015 |
| NAME OF WARDEN / ADD (PRINT/ SIGN) DANIEL PARAMO | | TITLE WARDEN | DATE |

# CRIME/INCIDENT REPORT
## PART A1 - SUPPLEMENT
CDCR 837-A1 (REV. 10/06)

| | Page 4 of 7 | INCIDENT LOG NUMBER |
|---|---|---|
| | | RJD-B07-15-01-0001 |

| INSTITUTION | FACILITY | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|
| RJD | B07 - FACILITY B | 01/02/2015 | 09:00 |

TYPE OF INFORMATION:

[✓] SYNOPSIS/SUMMARY OF INCIDENT    [ ] SUPPLEMENTAL INFORMATION    [ ] AMENDED INFORMATION    [ ] CLOSURE REPORT

Inmate ROETTGEN was advised that this case would be referred to the San Diego County District Attorney's Office for possible felony prosecution.

NOTIFICATINS (CCPOA)
None

CONCLUSON:
The pending charge against Inmate ROETTGEN is an offense that requires Secure Housing Unit (SHU) term; prior to incident Inmate ROETTGEN was currently housed in ASU. There were no injuries to staff and no damage to any State Property as a result of this incident.
All appropriate Administrative staff members have been advised of this incident. You will be apprised of any further developments, should they occur.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE: | ID# | BADGE # |
|---|---|---|---|
| A. SANCHEZ | CORRECTIONAL LIEUTENANT | 1411831 | 55433 |

| SIGNATURE OF REPORTING STAFF | | PHONE EXT. INCIDENT SITE | DATE |
|---|---|---|---|
| | | 6242 | 1/2/2015 |

| NAME OF WARDEN / AOD (PRINT/ SIGN) | TITLE | DATE |
|---|---|---|
| DANIEL PARAMO | WARDEN | |

# CRIME / INCIDENT REPORT
## PART B1 - INMATE
CDCR 837-B1 (REV. 10/06)

| | | | Page 5 of 7 |
|---|---|---|---|

| INSTITUTION | FACILITY | | INCIDENT LOG NUMBER |
|---|---|---|---|
| RJD | B07 - FACILITY B | | RJD-B07-15-01-0001 |

### INMATE (ENTIRE SHEET)

| NAME: LAST | | FIRST | | MI | | CDC # | | SEX | ETHNICITY | | FBI # | | CII # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ROTTGEN | | JOHN | | D | | V-05142 | | M | WHI | | | | |

| PARTICIPANT | CLASS SCORE | PVRTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | RELEASE Date Type | EXTRACTION | DOB | HOUSING |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT | 112 | NO | 05/15/2009 | 05/15/2009 | 05/02/2062 | MEPD | NO | 09/15/1961 | FB-07-150L |

| CURRENT INMATE LEVEL | ☐ N/A  ☑ CCCMS  ☐ EOP  ☐ DMH | COMMITMENT OFFENSE | COUNTY OF COMMITMENT |
|---|---|---|---|
| IV | ☐ MHCB  ☐ DDP  ☐ DPP | | |

☑ N/A   DESCRIPTION OF INJURIES, LOCATIONS AND CAUSE

| ☐ N/A  ☑ TREATED AND RELEASED | ☐ HOSPITALIZED | NAME/ LOCATION OF HOSP/ TREATMENT FACILITY |
|---|---|---|
| ☐ DECEASED DATE | ☐ REFUSED TREATMENT  ☐ N/A | ASU 7 DAYROOM |

| Reason For Death: | Is There ASCA Serious Injury | ☑ N/A  PRISON GANG / DISRUPTIVE GROUP | VALIDATED / ASSOCIATED |
|---|---|---|---|
| | ⦿ No  ◯ Yes | | |

STATE OF CALIFORNIA                                                                            DEPARTMENT OF CORRECTIONS AND REHABILITATION
**CRIME / INCIDENT REPORT**                                                                    DV-1.5.4
**PART B2 - STAFF**
CDCR 837-B2 (REV. 10/06)                                              | Page 6 of 7 |

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| RJD | B07 - FACILITY B | RJD-B07-15-01-0001 |

## STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| GUZMAN | E. | | CORRECTIONAL OFFICER | M | HIS | T/W |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| RESPONDER | 66246 | 1412256 | 221594 | HCA B07 ESCORT ASU |

☑ N/A    DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A   ☐ TREATED AND RELEASED | USED FORCE | PROCESSED EVIDENCE
☐ REFUSED TREATMENT  ☐ HOSPITALIZED | ☐ Yes ☑ No | ☐ Yes ☑ No
Reason For Death | ☐ DECEASED DATE | TYPE OF FORCE:
| Is There ASCA Serious Injury  ⦿ No  ◯ Yes |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| PINTADO | F | | CORRECTIONAL OFFICER | M | HIS | S/M |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| RESPONDER | 47566 | 1411042 | 221580 | FAC. B YARD 1 |

☑ N/A    DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A   ☐ TREATED AND RELEASED | USED FORCE | PROCESSED EVIDENCE
☐ REFUSED TREATMENT  ☐ HOSPITALIZED | ☐ Yes ☑ No | ☑ Yes ☐ No
Reason For Death | ☐ DECEASED DATE | TYPE OF FORCE:
| Is There ASCA Serious Injury  ⦿ No  ◯ Yes |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| MOON | N | L | PSYCHOLOGIST | F | AMI | W/S/S |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| PRIMARY | N/A | 1414948 | N/A | ASU 7 STAFF PSYCHOLOGIST |

☑ N/A    DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A   ☐ TREATED AND RELEASED | USED FORCE | PROCESSED EVIDENCE
☐ REFUSED TREATMENT  ☐ HOSPITALIZED | ☐ Yes ☑ No | ☐ Yes ☑ No
Reason For Death | ☐ DECEASED DATE | TYPE OF FORCE:
| Is There ASCA Serious Injury  ⦿ No  ◯ Yes |

**CRIME / INCIDENT REPORT**
**PART B2 - STAFF**
CDCR 837-B2 (REV. 10/06)

Page 7 of 7

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| RJD | B07 - FACILITY B | RJD-B07-15-01-0001 |

### STAFF (ENTIRE SHEET)

| NAME: LAST | | FIRST | | MI | TITLE | | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|---|---|---|
| GODINEZ | | L. | | | LICENSED PSYCHIATRIC TEC | | F | HIS | S/S |

| PARTICIPANT | BADGE # | ID # | POST ASSIGN # | POSITION |
|---|---|---|---|---|
| OBSERVER, MED | N/A | 1414556 | N/A | ASU 7 UPPER TIER PT |

☑ N/A      DESCRIPTION OF INJURIES, LOCATION AND CAUSE:

| ☑ N/A   NAME/ LOCATION OF HOSP/ FACILITY | ☑ N/A                      ☐ TREATED AND RELEASED<br>☐ REFUSED TREATMENT  ☐ HOSPITALIZED<br>☐ DECEASED DATE | USED FORCE              PROCESSED EVIDENCE<br>☐ Yes  ☑ No        ☐ Yes  ☑ No<br>TYPE OF FORCE: |
|---|---|---|
| Reason For Death | Is There ASCA Serious Injury   ⦿ No  ○ Yes | |

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**

**PART C - STAFF REPORT**

CDCR 837-C (REV. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page  1  of  1

INCIDENT LOG NUMBER
RJD-A07-01-15-0001

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| MOON | N. | | 1/2/15 | 0900 hrs |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| N/A | ASU PSYCHOLOGIST | 5 Yrs.  9 Mo. | 1/2/15 | H.U. 7-150 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| W/S/S | 0700-1700 | POSSESSION OF INMATE MANUFACTURED WEAPON | 3006 (a) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | (S) C/O PINTADO | (S) ROETTGEN, V05142      FB-07-150L |
| ☐ RESPONDER | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |
| ☐ SCRIBE | | |

| FORCE USED BY YOU | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE |
|---|---|

FORCE USED BY YOU

☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

☐ N/A

**WEAPON**
☐ MINI 14
☐ .38 CAL
☐ 9MM
☐ SHOTGUN

**FORCE:**
☐ EXPANDABLE BATON
☐ PHYSICAL FORCE
☐ X10

WARNING  EFFECT

**LAUNCHER:**  EFFECT#:
☐ 37MM
☐ L8
☐ 40MM
☐ 40 MM MULTI
☐ HFWRS

**CHEMICAL / TYPE:**
☐ N/A
☐ OC
☐ CN
☐ CS
☐ OTHER

FORCE OBSERVED BY YOU

☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

☐ OTHER FORCE NOT LISTED ABOVE

| EVIDENCE COLLECTED | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ Yes  ☐ No | ☐ N/A     EYE GLASS PIECE | ☐ N/A     GIVEN TO OFFICER PINTADO | ☐ Yes  ☒ No | ☐ Yes  ☒ No |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ Yes  ☒ No | ☒ N/A | ☒ N/A | ☐ BODILY  ☒ N/A  ☐ UNKNOWN  ☐ OTHER ____ | ☐ Yes  ☒ No |

NARRATIVE:

On Friday, January 2, 2015, at approximately 0900 hours while performing my duties as Administrative Segregation Unit  (ASU) 7 Staff Psychologist, I was conducting my rounds. During my rounds I arrived to 7-150 which is assigned to Inmate Roettgen, V05142, FB-7-150L. During this time Inmate Roettgen informed me that he was suicidal and going to cut his neck. I then proceeded to talk him out of hurting himself. I asked him how he was going to hurt himself. Inmate Roettgen stated, "I'm going to cut myself with my eye glasses." Inmate Roettgen finally agreed to not hurt himself and slid an eye glass piece underneath the cell door onto the dayroom floor. I picked up the piece of altered eye glasses and kept control of it notifying my supervisor of Inmate Roettgen's suicidal state. I also relinquished custody of the altered eye glass piece to ASU 7 custody staff. Officer Pintado took custody and control of the contraband.

As the Staff Psychologist I referred Inmate Roettgen for further mental health evaluation where he was subsequently placed on Mental Health Crisis Bed status. This concludes my report.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| *[signature]* | Staff Psychologist | N/A | 1414948 | 1/2/15 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| *[signature]* A. Garvey | 1-02-15 | ☒ Yes  ☐ No | ☐ Yes  ☒ No | 1/2/15 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (REV. 10/06)

| | | |
|---|---|---|
| Page __1__ of __1__ | INCIDENT LOG NUMBER | RJD-B07-01-15-0001 |

| NAME: LAST | | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|---|
| GUZMAN | | E | | 1/2/15 | 0900 hrs |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 221594 | HCAB07 ESCORT ASU | 12 Yrs. 2 Mo. | 1/2/15 | H.U. 7-150 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| T/W | 0700-1500 | POSSESSION OF INMATE MANUFACTURED WEAPON | 3006 (a) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|---|
| ☐ PRIMARY | | | (S) ROETTGEN, V05142  FB-07-150L |
| ☒ RESPONDER | | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | | | |
| ☐ CAMERA | | | |
| ☐ SCRIBE | | | |

**FORCE USED BY YOU** — TYPE OF WEAPON / SHOTS FIRED / FORCE

| FORCE USED BY YOU | ☐ N/A | WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT#: | CHEMICAL / TYPE: |
|---|---|---|---|---|---|---|---|
| ☐ WEAPON | | ☐ MINI 14 | | | ☐ 37MM | | ☐ N/A |
| ☐ PHYSICAL | **FORCE:** | ☐ .38 CAL | | | ☐ L8 | | ☐ OC |
| ☐ CHEMICAL | ☐ EXPANDABLE BATON | ☐ 9MM | | | ☐ 40MM | | ☐ CN |
| ☒ NONE | ☐ PHYSICAL FORCE | ☐ SHOTGUN | | | ☐ 40 MM MULTI | | ☐ CS |
| | ☐ X10 | | | | ☐ HFWRS | | ☐ OTHER |
| **FORCE OBSERVED BY YOU** | ☐ OTHER FORCE NOT LISTED ABOVE | | | | | | |
| ☐ WEAPON | | | | | | | |
| ☐ PHYSICAL | | | | | | | |
| ☐ CHEMICAL | | | | | | | |
| ☒ NONE | | | | | | | |

| | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| **EVIDENCE COLLECTED** | ☒ N/A | ☒ N/A | ☐ Yes / ☒ No | ☐ Yes / ☒ No |
| ☐ Yes | | | | |
| ☒ No | | | | |

| **REPORTING STAFF INJURED** | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☐ Yes | ☒ N/A | ☒ N/A | ☐ BODILY / ☒ N/A | ☐ Yes |
| ☒ No | | | ☐ UNKNOWN | ☒ No |
| | | | ☐ OTHER _____ | |

NARRATIVE:

On Friday, January 2, 2015, at approximately 0930 hours while performing my duties as HCAB07 ESCORT ASU# 1 I went to HU7-150 and placed Inmate Roettgen V-05142 in hand cuffs due to inmate claiming that he was suicidal. I escorted him to B Section holding cell module, where I performed a search of the holding cell with negative results, I also conducted an unclothed body search of Inmate Roettgen which yield negative results and a Holding Cell Log was started. A thorough search of cell 7-150 was conducted with negative results. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| | Correctional Officer | N/A | 1412256 | 1/2/15 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| D Lewis Sgt | 01/02/15 | ☒ Yes ☐ No | ☐ Yes ☒ No | 1/2/15 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT

CDCR 837-C (REV. 10/06)

| | | |
|---|---|---|
| Page __1__ of __1__ | INCIDENT LOG NUMBER RJD-B07-01-15-0001 | |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| PINTADO | F. | | 1/2/15 | 0900 hrs |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 221580 | FAC. B YARD 1 | 21 Yrs. 3 Mo. | 1/2/15 | H.U. 7-150 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S/M | 0600-1400 | POSSESSION OF INMATE MANUFACTURED WEAPON | 3006 (a) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| ☐ PRIMARY | (S) N. MOON, PSYCH | (S) ROETTGEN, V05142 | FB-07-150L |
| ☒ RESPONDER | | | |
| ☐ WITNESS | | | |
| ☐ VICTIM | | | |
| ☐ CAMERA | | | |
| ☐ SCRIBE | | | |

| FORCE USED BY YOU | FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE | | | | | | |
|---|---|---|---|---|---|---|---|
| | ☒ N/A | WEAPON | WARNING | EFFECT | LAUNCHER: | EFFECT#: | CHEMICAL / TYPE: |
| ☐ WEAPON | | ☐ MINI 14 | | | ☐ 37MM | | ☐ N/A |
| ☐ PHYSICAL | FORCE: | ☐ .38 CAL | | | ☐ L8 | | ☐ OC |
| ☐ CHEMICAL | ☐ EXPANDABLE BATON | ☐ 9MM | | | ☐ 40MM | | ☐ CN |
| ☒ NONE | ☐ PHYSICAL FORCE | ☐ SHOTGUN | | | ☐ 40 MM MULTI | | ☐ CS |
| | ☐ X10 | | | | ☐ HFWRS | | ☐ OTHER |

| FORCE OBSERVED BY YOU | ☐ OTHER FORCE NOT LISTED ABOVE | | |
|---|---|---|---|
| ☐ WEAPON | | | |
| ☐ PHYSICAL | | | |
| ☐ CHEMICAL | | | |
| ☒ NONE | | | |

| EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|
| ☐ N/A (1) one metal altered piece of eye glasses | ☐ N/A Central Control Evidence Locker #1 | ☐ Yes ☒ No | ☐ Yes ☒ No |

| EVIDENCE COLLECTED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301/3067 COMPLETED |
|---|---|---|---|---|
| ☒ Yes ☐ No | ☒ N/A | ☒ N/A | ☐ BODILY   ☒ N/A ☐ UNKNOWN ☐ OTHER _____ | ☐ Yes ☒ No |

| REPORTING STAFF INJURED |
|---|
| ☐ Yes |
| ☒ No |

NARRATIVE:

On Friday, January 2, 2015, at approximately 0930 hours while performing my duties as Facility B Yard #1 I was redirected to Administrative Segregation Unit (ASU) 7 to assist with daily duties within ASU 7. While performing my duties Inmate Roettgen, V05142, FB-07-150L, was discovered to be in possession of an inmate manufactured weapon. I took possession of the inmate manufactured weapon from Staff Psychologist N. Moon. Upon taking custody and control of the contraband I observed it to be an altered piece of eye glasses which was made out of metal and fashioned into an inmate manufactured weapon. The altered eye glasses measured 5 ½ inches in length from the handle and to the sharpened point. It was approximately ¼ inch in width at the handle part area. While maintaining control of the weapon I took (2) two Xerox photograph copies of the inmate manufactured weapon. I then secured the contraband into Central Control Evidence Locker #1.

At approximately 1355 hours I read Inmate Roettgen his rights Pursuant to the Miranda Decision. Inmate Roettgen understood his rights and elected not to make a statement. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID# | DATE |
|---|---|---|---|---|
| | Correctional Officer | 47566 | 1411042 | 1/2/15 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| Lewis Sgt | 01/02/15 | ☒ Yes ☐ No | ☐ Yes ☒ No | 1/2/15 |

ATTACHMENT A

## HOLDING CELL LOG

PLACEMENT DATE: _1/2/15_  TIME: _0930_  HOLDING CELL LOCATION: _ASU 7 A SECTION_

INMATE'S NAME: _ROETTGEN_  CDCR #: _V05142_

PLACEMENT APPROVAL: _DR. MOON_  (PRINT NAME/TITLE)  _(SIGNATURE)_

REASON FOR PLACEMENT: _SUICIDAL THOUGHTS_

STAFF PLACING INMATE IN HOLDING CELL: _E. GUZMAN_  (PRINT NAME/TITLE)  _(SIGNATURE)_

HOLDING CELL SEARCHED BY: _E. GUZMAN_  (PRINT NAME/TITLE)  _(SIGNATURE)_  _NEG_  (RESULTS)

CLOTHING CONFISCATED: YES ☐  NO ☒  N/A ☐    ALTERNATE CLOTHING ISSUED: YES ☐  NO ☒

The inmate shall be checked every fifteen (15) minutes and will be offered access to water and toilet facilities at reasonable intervals, not to exceed one (1) hour.  All medical requests shall be immediately evaluated by Health Care Staff.

| | TIME CHECKED: | CHECKED BY: (PRINT NAME) | SIGNATURE: | COMMENTS: (CANNOT BE BLANK) |
|---|---|---|---|---|
| SHOULD MATCH TIME AT TOP | 0930 | E. Guzman | | STANDING. |
| | 0945 | E. Guzman | | STANDING |
| | 1000 | E. Guzman | | Standing |
| SHOULD BE END OF 1ST HOUR | 1015 | E. Guzman | | Standing |
| | 1030 | E. Guzman | | Sitting |
| | 1045 | E. Guzman | | DR. HANSEN INTERVIEWED |
| | 1100 | E. Guzman | | STANDING. |
| SHOULD BE END OF 2ND HOUR | 1115 | E. Guzman | | STANDING |
| | 1130 | E. Guzman | | STANDING |
| | 1145 | E. Guzman | | SITTING |
| SHOULD BE END OF 3RD HOUR | 1200 | E. Guzman | | STANDING. |
| | 1215 | E. Guzman | | STANDING |
| | 1230 | E. Guzman | | STANDING. ESCORT OUT FOR H. FOR MHCB placem. |
| SHOULD BE END OF 4TH HOUR | | | | |

STAFF REMOVING I/M FROM HOLDING CELL: _ESGUERRA_  (PRINT NAME/TITLE)  _(SIGNATURE)_

TIME RELEASED FROM HOLDING CELL: _1230_  TOTAL TIME IN HOLDING CELL: _3 HRS_

COMMENTS ON INMATE'S BEHAVIOR/DISPOSITION: _COOPERATIVE & CALM._  (EXAMPLE: COOPERATIVE/ESCORTED TO ASU)

MANAGER'S/AOD'S APPROVAL TO EXCEED THE FOUR (4) HOUR CUMULATIVE TIME LIMIT IN HOLDING CELL(S): _____  (PRINT NAME/TITLE)  _(SIGNATURE)_

REASON FOR EXCEEDING THE TIME LIMIT: _____  (EXAMPLE: ASU PLACEMENT DELAYING BED AVAILABLE)

Rev. 5/2014

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | DATE |
|---|---|---|---|---|
| RJD | ASU 7 | INJURY   USE OF FORCE   (UNUSUAL OCCURRENCE)   ON THE JOB INJURY   PRE AD/SEG ADMISSION | | 1/2/15 |

| THIS SECTION FOR INMATE ONLY | NAME  LAST  Doettgen  FIRST | CDC NUMBER V05142 | HOUSING LOC. 7-150 | NEW HOUSING LOC. |
|---|---|---|---|---|

| THIS SECTION FOR STAFF ONLY | NAME  LAST  N/A  FIRST | BADGE # N/A | RANK/CLASS N/A | ASSIGNMENT/RDOs N/A |
|---|---|---|---|---|

| THIS SECTION FOR VISITOR ONLY | NAME LAST N/A FIRST MIDDLE | DOB N/A | OCCUPATION N/A |
|---|---|---|---|
| | HOME ADDRESS N/A  CITY  STATE  ZIP | HOME PHONE N/A | |

| PLACE OF OCCURRENCE B-7 | DATE/TIME OF OCCURRENCE 1/2/15 | NAME OF WITNESS(ES) N/A | | |
|---|---|---|---|---|
| TIME NOTIFIED 1140 | TIME SEEN 1143 | ESCORTED BY Custody | MODE OF ARRIVAL (circle) (AMBULATORY) LITTER  WHEELCHAIR ON SITE | AGE 53 RACE WH SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"no comment"

| INJURIES FOUND? YES (NO) | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other N/A | 17 |
| N/A | 18 |
| N/A | 19 |

O.C. SPRAY EXPOSURE? YES /(NO)
DECONTAMINATED? YES /(NO)
Self-decontamination instructions given? YES /(NO)
Refused decontamination? YES /(NO)
Q 15 min. checks
Staff issued exposure packet? YES (NO)

| RN NOTIFIED/TIME RN Toovey 1200 | PHYSICIAN NOTIFIED/TIME NP Lawhorn 1200 |
|---|---|
| TIME/DISPOSITION 1145 | REPORT COMPLETED BY/TITLE (PRINT AND SIGN) ID# 144556 |
| TO MH for further eval | Godinez RN   (sig)   BADGE # N/A   RDOs S/S |

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDCR 7219 (Rev. 11/05)   DISTRIBUTION:   ORIGINAL - Custody   CANARY - Inmate/Employee   PINK - Health and Safety / RTW Coordinator (only work related injury)

## <u>NOTICE OF RIGHTS PURSUANT TO MIRANDA DECISION</u>

Richard J. Donovan Correctional Facility
San Diego, California

Date: 1/2/15
Time: 1355

Inmate _ROETTGEN_, I wish to ask you some questions regarding your possible involvement in _POSSESSION OF AN INMATE MANUFACTURED WEAPON._

However, before I do, I need to inform you that:

1. You have the right to remain silent.
   Do you understand?  ☑ Yes  ☐ No  ☐ No response

2. Anything you say may be used against you in court.
   Do you understand?  ☑ Yes  ☐ No  ☐ No response

3. You have the right to the presence of an attorney before and during any questioning.
   Do you understand?  ☑ Yes  ☐ No  ☐ No response

4. If you cannot afford an attorney, one will be appointed for you free of charge before any questioning, if you want.
   Do you understand?  ☑ Yes  ☐ No  ☐ No response

5. Do you want to talk about what happened?
   ☐ Yes  ☑ No  ☐ No response

Interviewer's Signature: _____
Print Name: _F. PINTADO_
Title: _CORRECTIONAL OFFICER_

Witnessed By: Signature: _____
Print Name:
Title:

Inmate / Suspect Signature: _INMATE REFUSED TO SIGN_

Inmate / Statement: _NONE_

# R. J. DONOVAN CORRECTIONAL FACILITY

## EVIDENCE PHOTOGRAPH

**Name and CDC Number Suspect(s)**

**1. ROETTGEN, J. (V05142) FB-7-150L.**

**Date & Time Evidence Retrieved:  1/2/2015 @0900 HOURS**

**Location where evidence was retrieved (General to Specific): Inmate Roettgen gave it to Psychologist from his assigned cell 7-150 sliding it underneath cell door.**

**Item: Altered metal eye glasses sharpened to a point. Measuring approximately 5 ½ inches in length from handle to the point and ¼ inch from handle.**

**Date & Time Evidence Photographed: 1/2/2015 @1200**

**Name & Title of Employee CORRECTIONAL OFFICER PINTADO**

**Signature of Employee_____**



# R. J. DONOVAN CORRECTIONAL FACILITY

## EVIDENCE PHOTOGRAPH

**Name and CDC Number Suspect(s)**

**1. ROETTGEN, J. (V05142) FB-7-150L.**

**Date & Time Evidence Retrieved:  1/2/2015 @0900 HOURS**

**Location where evidence was retrieved (General to Specific): Inmate Roettgen gave it to Psychologist from his assigned cell 7-150 sliding it underneath cell door.**

**Item: Altered metal eye glasses sharpened to a point. Measuring approximately 5 ½ inches in length from handle to the point and ¼ inch from handle.**

**Date & Time Evidence Photographed: 1/2/2015 @1200**

**Name & Title of Employee CORRECTIONAL OFFICER PINTADO**

**Signature of Employee**



E X H I B I T

J

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

RULES VIOLATION REPORT – PART C

PAGE 1 OF 1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V05142 | Roettgen | FB15-002 | RJDCF | 3-2-15 |

☑ SUPPLEMENTAL   ☐ CONTINUATION OF   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☐ I.E. REPORT   ☐ OTHER:

**CDO MODIFICATION:** Per CCR 3312(b)(1), the Chief Disciplinary Officer (CDO) may order a different disciplinary action, order a different method of discipline, dismiss a charge, order a rehearing of the charge, or combine any of these disciplinary actions. As the CDO, I am ordering the following:

☐ If CDO modification was ordered by Appeals modification, enter number of modification order here: _____

☐ The finding is reduced to the Division ____ offense for: _____ with the corresponding reduction of the credit forfeiture to _____ because:
    ☐ The original finding is not fully supported by the evidence and this lesser offense is supported by the evidence.
    ☐ The finding is reduced in the interest of justice.

☐ The credit forfeiture is reduced to _____
    ☐ The original assessment exceeds the amount authorized by CCR 3323.
    ☐ The forfeiture has been reduced in the interest of justice.

☐ Credit forfeiture is disallowed because:
    ☐ The disciplinary was not served on the defendant within 15 days of discovery.
    ☐ The disciplinary was not heard within 30 days of service or, if postponed, within 30 days of DA response.

☐ Modification of other penalties assessed in the hearing:
    ☐ Privilege restriction is disallowed.
    ☐ Privilege restriction is reduced to: _____

☒ The disciplinary will be reissued and reheard, with new time constraints beginning the date of this order, because:
    ☐ Witness denial is not justified or addressed by the hearing summary.
    ☐ Staff Assistant should have been assigned to the defendant.
    ☒ Investigative Employee (IE) should have been assigned or, the completed IE report is insufficient.
    ☐ Defendant was not provided documents a minimum of 24 hours prior to the hearing to prepare and did not waive this period.
    ☐ Mandated penalties were not assessed. Ensure ALL mandated penalties are assessed accordingly.
    ☐ Defendant was not allowed to review the video of this offense and did not waive the review of video. Video was used as supporting evidence in the findings of guilt or, is the basis for the RVR.
    ☐ The Senior Hearing Officer (SHO) was found to have had prior involvement in the offense, investigation, or had classified disciplinary.
    ☐ CDCR 1030 Confidential Information Disclosure was not issued or, is insufficient.
    ☐ Confidential information was used and the disciplinary findings did not address the reliability of the source(s), as well as show that either the information was corroborated or the combination of overall circumstances and reliability were convincing.
    ☒ SHO did not take into consideration or, speak to, the CDCR 115-MH in the findings or disposition of the RVR.
    ☐ Other:

☐ This disciplinary is dismissed as the finding is not supported by the evidence and it is not reasonable to believe that a new hearing would discover new evidence supporting the finding. Credit forfeiture and other penalties are disallowed and Records will be notified of needed changes.
    ☐ Circumstances of this offense should be documented as a CDCR 128-B because of program/enemy concerns.
    ☐ Per CCR 3314, this RVR has been reduced to an administrative offense and should be documented as a CDCR 128-A in the interest of justice.

Comments: _____

Route through Disciplinary Officer. After giving copy to inmate, Disciplinary Officer should send copy to Register of Institution Violations. If credit forfeiture has been changed, a copy should also be routed to the C&PR in the Records Office. Original should be filed with the CDCR 115.

| | SIGNATURE / CHIEF DISCIPLINARY OFFICER | DATE SIGNED |
|---|---|---|
| ☑ COPY OF CDC-115 GIVEN TO INMATE | C. Covel | 3-2-15 |
| | GIVEN BY STAFF SIGNATURE: | DATE SIGNED: 3/3/15   TIME SIGNED: 1310 |

CDCR-115-C

STATE OF CALIFORNIA                                                                              DEPARTMENT OF CORRECTIONS
**NOTICE OF PENDING CDC-115**
CDC 804 (Rev 08/00)

**CHIEF DISCIPLINARY OFFICER:** *This form is to be filled in at the time the CDC-115 is typed. The form is then immediately routed to the Records Office.*

**RECORDS OFFICER:** *Attach to the inside top-right of the inmate's Central File. Remove upon filing of finalized CDC-115.*

| THE BELOW INDICATED INMATE HAS RECEIVED A RULES VIOLATION REPORT (CDC-115) WHICH IS CURRENTLY BEING PROCESSED | | | | |
|---|---|---|---|---|
| INMATE NUMBER<br>V-05142 | NAME<br>ROETTGEN | | HOUSING<br>FB-07-150L | CDC-115 LOG NUMBER<br>FB-15-002R |
| DATE OF CDC-115<br>03/02/15 | VIOLATED RULE NUMBER AND TITLE<br>CCR §3006(a), POSSESSION OF AN INMATE MANUFACTURED WEAPON | | | INCIDENT TYPE |

| ISL INFORMATION | | |
|---|---|---|
| ☐ **RECISSION HEARING PENDING** | RELEASE DATE | BOARD DATE |

| DSL INFORMATION | | | | | | |
|---|---|---|---|---|---|---|
| MINIMUM DATE EPRD | The disciplinary may result in the loss of the below indicated type and amount of credit: | | | | | |
| MAXIMUM DSL DATE | Div. A-1<br>181-360 | Div. A-2<br>151-180 | Div. B<br>121-150 | Div. C<br>91-120 | Div. D<br>61-90 | Div. E<br>31-60 | Div. F<br>0-30 |
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

☐ **D.A. REFERRAL**      ☐ **RELEASE DATE WITHIN 90 DAYS**

# CDC-115 PENDING

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

AG 3/27/15

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| V-05142 | ROETIGEN | | | R.J.D.C.F. | FB-07-150L | FB-15-002R |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3006(a) | POSSESSION OF AN INMATE MANUFACTURED WEAPON | "B" ASU #7 | 03/02/15 | 0900 HOURS |

CIRCUMSTANCES On Monday, March 02, 2015, Associate Warden C. Covel ordered Rules Violation Report Log FB-15-002 Re-Issued / Re-Heard for the following reasons: No Investigative Employee was assigned as required and the SHO did not address the CDC 115-MH Mental Health Assessment in the findings of the initial disposition. The circumstances of the RVR are as follows:

On Friday, January 02, 2015, at approximately 0900 hours, while performing my duties as Administrative Segregation Unit (ASU) Building #7 Staff Psychologist, I was conducting my rounds. During my rounds I arrived at cell 7-150, which was occupied and assigned to Inmate ROETIGEN (V-05142, FB-07-150L). During this time Inmate ROETIGEN informed me that he was suicidal and was going to cut his neck. I then proceeded to talk him out of hurting himself. I asked him how he was going to hurt himself. Inmate ROETIGEN stated, "I'm going to cut myself with my eye glasses." Inmate ROETIGEN finally agreed to not hurt himself and slid an eye glass piece underneath the cell door onto the dayroom floor. I picked up the piece of altered eye glasses and kept control of it notifying my supervisor of Inmate ROETIGEN's suicidal state. I also relinquished custody of the altered eye glass piece to ASU custody staff, Correctional Officer Pintado, who took custody and control of the contraband. As Staff Psychologist I referred Inmate ROETIGEN for further mental health evaluation where he was subsequently placed on Mental Health Crisis Bed status. This concludes my report. Inmate ROETIGEN is aware of this report and it's specific charges.

MHSDS: CCCMS     TABE: 12.9

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ N. Moon, Staff Psychologist | | ASU #7 Psychologist | W/S/Su |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ A. Garvey, Correctional Sergeant | | DATE | | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | | ▶ S. Sanchez, Facility "B" Captain | ☐ HO   ☐ SHO   ☐ SC   ☐ FC |
| ☐ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | | | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

Rc'd 4-14-15

REFERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ S. Sanchez, Facility "B" Captain | | ▶ C. Covel, Associate Warden | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| | ▶ | | | |

CDC 115 (7/88)

RECEIVED MAR 24 2015

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE __1__ OF __1__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-05142 | ROETTGEN | FB-15- | R.J.D.C.F. | 03/02/2015 |

| [X] SUPPLEMENTAL | [ ] CONTINUATION OF: | [X] 115 CIRCUMSTANCES | [ ] HEARING | [ ] IE REPORT | [ ] OTHER _____ |

On Friday, January 02, 2015, at approximately 0930 hours, while performing my duties as Facility "B" Yard #1 Correctional Officer, I was redirected to Administrative Segregation Housing Unit #7. While performing my duties, Inmate ROETTGEN, V-05142, FB-07-150L, was discovered to be in possession of an inmate manufactured weapon. I took possession of the inmate manufacture weapon from N. Moon, Staff Psychologist. Upon taking custody and control of the contraband I observed it to be an altered piece of eye glasses which was made out of metal and fashioned into an inmate manufactured weapon. The altered eye glasses measured $5\frac{1}{2}$ inches in length from the handle and to the sharpened point. It was approximately $\frac{1}{4}$ inches in width at the handle point area. While maintaining control of the weapon I took two (2) Xerox photograph copies of the inmate manufactured weapon. I then secured the contraband into Central Control Evidence Locker #1.

At approximately 1335 hours, I read Inmate ROETTGEN his rights pursuant to the Miranda Decision. Inmate ROETTGEN understood his rights and elected not to make a statement. This concludes my involvement in this incident.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| F. Pintado, Correctional Officer | 3-7-15 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| [ ] COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)

OSP 11 123876

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| V-05142 | ROETTGEN | CCR §3006(a) | 03/02/15 | R.J.D.C.F. | FB-15-002R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |

| | REASON |
|---|---|
| ☐ NOT ASSIGNED | DOES / DOES NOT MEET THE CRITERIA PER CCR §3315(d)(2) |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED   ☐ WAIVED BY INMATE | ▶ | |

| | DATE | NAME OF STAFF |
|---|---|---|
| ☐ ASSIGNED | | |

| | REASON |
|---|---|
| ☐ NOT ASSIGNED | DOES / DOES NOT MEET THE CRITERIA PER CCR §3315(d)(1) |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | | | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| ☐ COPY OF CDC 115-A GIVEN INMATE | ▶ | | |

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

*SHO*

1

RECEIVED JAN 2 6 2015

## RULES VIOLATION REPORT: MENTAL HEALTH ASSESSMENT REQUEST

### REVIEWING CUSTODY SUPERVISOR

A CDC 115, Rules Violation Report (RVR), has been written on the following inmate, who requires a mental health assessment.

Inmate Name: ROETTGEN                                    CDC Number: V-05142

RVR Log Number: FB-15- *002*     Date of Violation: 01/02/2015     Housing: FB-07-150L

Specific Act Charged: POSSESSION OF INMATE MANUFACTURED WEAPON

The inmate's current Mental Health Level of Care is: (check one):

☐ NOT IN MHSDS PROGRAM*     ☒ CCCMS*     ☐ EOP     ☐ MHCB     ☐ DMH

**\*CCCMS AND NON-MHSDS PROGRAM PARTICIPANTS WILL BE REFERRED FOR A MENTAL HEALTH ASSESSMENT FOR BEHAVIOR THAT IS BIZARRE OR UNUSUAL FOR ANY INMATE, OR THAT IS UNCHARACTERISTIC FOR THIS INMATE.**

Sent to Mental Health: 1/4/15       By: A. Sanchez  LT I  [signature]
               Date           Print Name          Signature

Return this form to: B-Facility Program Office          \*By: A.S.A.P.
                  Print Name                    Date

\*(CCCMS and non-MHSDS, 5 working days; EOP/MHCB/DMH, 15 calendar days)

### MENTAL HEALTH CLINICIAN

Conducted non-confidential interview: 1-30-15       (Inmate informed of non-confidentiality).
                                    Date

1. CCCMS/NON-MHSDS only. Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for the assignment of a Staff Assistant?     ☐ Yes     ☒ No

Explain "yes" response: _____

_____

_____

2. In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR?

☒ Yes     ☐ No     Explain "yes" response: _____

See attached

3. If the inmate is found guilty of the offense, are there any mental health factors that the hearing officer should consider in assessing the penalty?     ☒ Yes     ☐ No   Explain "yes" response:

_____

See attached

_____

| INSTITUTION: | CLINICIAN NAME (Print) | SIGNATURE | DATE |
|---|---|---|---|
| R.J.D.C.F. | J. Trimble, Psy | [signature] | 1-31-15 |
| RECEIVED BY: | CUSTODY STAFF NAME (Print) | SIGNATURE | DATE |

DISTRIBUTION:
Original : Central File With Adjudicated CDCR
Blue : 115 Unit Health Record
Pink : Inmate

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH
V-05142, ROETTGEN

### RULES VIOLATION REPORT:
### MENTAL HEALTH ASSESSMENT REQUEST

# Rules Violation Report:  Mental Health Assessment Request – CDCR 115-MH Supplemental Information Form for Hearing Officer

Date:   1/30/15
RVR Log#:  FB-15-002
Offense:  Possession of inmate weapon
Date of Violation:  1/02/15
Date of Inmate Interview:  1/30/15
Sources of Information:

☒Interview with I/P  ☒e-UHR  ☒C-File/ERMS Review ☒SOMS ☒Interview with Custody Staff  ☐ Primary Clinician
☐POC Reports ☐Other:

**Question 1 - CCCMS/NON-MHSDS only -** Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his interests in the hearing that would indicate the need for the assignment of a Staff Assistant?                                                                          Yes ☐  No ☒  N/A ☐

**Question 2 –** In your opinion, did the inmate's mental disorder appear to contribute to the behavior that led to the RVR.

| | | |
|---|---|---|
| 1. | A mental disorder was present at the time of the RVR | Yes☒ No☐ |
| 2. | The inmate was experiencing active psychiatric symptoms typically associated with a mental disorder around the time (days/weeks) of the alleged offense | Yes☒ No☐ |
| 3. | There is a direct connection between the active psychiatric symptom(s) and the alleged behavior | Yes☒ No☐ |

**Conclusion –**

☒ Based on a YES response to *all three* statements above, this inmate's mental disorder appears to have contributed to his behavior described in the RVR.

☐ A mental disorder did not appear to contribute to the inmate's behavior(s) described in the RVR.

**Question 3 –** If the inmate is found guilty of the offense, are there any mental health factors that the hearing officer should consider in assessing the penalty?

☐ There **are no** mental health factors the hearing officer should consider in assessing the penalty

☒ There **are** mental health factors the hearing officer should consider in assessing the penalty (see next page).

| | Roettgen, John<br>CDCR #: V05142<br>DOB: 9/15/61 |
|---|---|
| | |

# Rules Violation Report:  Mental Health Assessment Request – CDCR 115-MH Supplemental Information Form for Hearing Officer

Below is a list of penalties that may result in increased risk for decompensation for this inmate patient:

| Penalty | Risk for Decompensation | Increase in Risk Due To: |
|---|---|---|
| Loss of Visits | Yes☒No☐ | Less community/family support/increased isolation |
| Loss of Phone Calls | Yes☐No☒ | Less community/family support/ increased isolation |
| Loss of Day Room | Yes☐No☒ | Fewer socialization activities/ increased isolation |
| Loss of Yard | Yes☐No☒ | Less exercise, sunlight, socialization activities/ increased isolation |
| Loss of Entertainment Devices | Yes☐No☒ | Less ability to use distraction from preoccupations |
| Confinement to Quarters | Yes☐No☒ | Fewer socialization activities/more isolation |
| Loss of Job | Yes☐No☒ | Decreased out of cell activity and distraction from preoccupations |

Other Penalty Considerations (for example, penalties that might affect continuity of treatment providers/specific treatment program &/or Group Assignments):

Other Relevant Information to consider:

Clinician Name & Signature: J. Trimble, Psy. D.

Roettgen, John
CDCR #: V05142
DOB: 9/15/61

$5H0$

## INVESTIGATIVE SERVICES UNIT
## R. J. DONOVAN CORRECTIONAL FACILITY
### Notice of District Attorney Non-Referral

**Date:** **January 20, 2015**

**TO:** **D. PARAMO**
**WARDEN**

**SUBJECT:**

Name: ROETTGEN, JOHN; V-05142     SUSPECT

RJDCF Case#:   RJD-B07-15-01-0001    Date of Incident:   1/2/2015
Violation:      Possession of Weapon

We have reviewed the above incident and we will not be referring this case to the District Attorney for prosecution for the reason(s) checked below:

☐ Insufficient evidence to prove the inmates culpability beyond a reasonable doubt.

☐ Insufficient evidence to prove knowledge, dominion and control of the contraband by inmate beyond a reasonable doubt.

☑ Although there is prima facie evidence indicating the inmate responsible for the offense, the matter should be handled by administrative disciplinary proceedings by the Department of Corrections.

☐ There is insufficient evidence to identify the inmate as the assailant responsible for the injury.

☐ There is prima facie evidence showing inmate had knowing possession of contraband, however, minor amounts are involved and the case should be handled by administrative disciplinary proceedings by the Department of Corrections.

☐ Administrative Review only, no felony committed.

Reviewed: _____     _____
        D. PARAMO                 G. HERNÁNDEZ
        Warden                     Investigative Lieutenant
                                      Investigative Services Unit

E X H I B I T

K

State of California                                              Department of Corrections and Rehabilitation

C - 14-278

# Memorandum

**Date** :    Monday, March 09, 2015

RC'd fR
c/o  Valencia
5/29/15

c/o T.V.

**To**    :    Main Records
           Richard J. Donovan Correctional Facility

**Subject:**    RULES VIOLATION REPORT (RVR) FB-15-002R

On Monday, March 09, 2015, M. Hagemann, Facility "B" Captain (A), elected to reduce the classification of Rules Violation Report Log# FB-15-002R and document the circumstances of the matter on a CDC 128--B General Chrono. Therefore, RVR FB-15-002R is being voided.

M. Hagemann
Facility "B" Captain (A)
R.J.D.C.F.

APPROVED / DISAPPROVED

C. Covel
Associate Warden, Facilities
R.J.D.C.F.

CDCR 1617 (10/05)

On Monday, March 09, 2015, M. Hagemann, Facility "B" Captain (A), elected to reduce the classification of Rules Violation Report Log# FB-15-002R and document the circumstances of the matter on a CDC 128-B General Chrono, as permitted pursuant to California Code of Regulations §3313(c)(1).

On Friday, January 02, 2015, at approximately 0900 hours, while performing my duties as Administrative Segregation Unit (ASU) Building #7 Staff Psychologist, I was conducting my rounds. During my rounds I arrived at cell 7-150, which was occupied and assigned to Inmate ROETIGEN (V-05142, FB-07-150L). During this time Inmate ROETIGEN informed me that he was suicidal and was going to cut his neck. I then proceeded to talk him out of hurting himself I asked him how he was going to hurt himself. Inmate ROETIGEN stated, "I'm going to cut myself with my eye glasses. Inmate ROETIGEN finally agreed to not hurt himself and slid an eye glass piece underneath the cell door onto th dayroom floor. I picked up the piece of altered eye glasses and kept control of it notifying my supervisor of Inmat ROETIGEN's suicidal state. I also relinquished custody of the altered eye glass piece to ASU custody staff, Correctiona Officer Pintado, who took custody and control of the contraband. As Staff Psychologist I referred Inmate ROETIGEN for further mental health evaluation where he was subsequently placed on Mental Health Crisis Bed status. This concludes my report. Inmate ROETIGEN is aware of this report and it's specific charges.

ORIG:   C File

cc:   B Program
       Inmate

M. Hagemann, Facility "B" Captain (A)
R.J.D.C.F.

DATE   03/09/15

GENERAL CHRONO

CDC-804 SENT TO RECORDS BY: _M.A_ DATE: _6/1/15_

STATE OF CALIFORNIA

# RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| V-05142 | ROETTGEN | | 5/2/2002 | R.J.D.C.F. | FB-07-150L | FB-15-002 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3006(a) CONTRABAND | POSSESSION OF INMATE MANUFACTURED WEAPON | ASU, BLDG. #7 B-FAC. | 01/02/2015 | 0900 Hours |

CIRCUMSTANCES    On Friday, January 2, 2015, at approximately 0900 hours, while performing my duties as Administrative Segregation Unit, (ASU), Building #7, Staff Psychologist, I was conducting my rounds.  During my rounds I arrived at Cell 7-150, which was occupied and assigned to Inmate ROETTGEN, V-05142, FB-07-150L.  During this time Inmate Roettgen informed me that he was suicidal and was going to cut his neck.  I then proceeded to talk him out of hurting himself.  I asked him how he was going to hurt himself.  Inmate Roettgen stated, "I'm going to cut myself with my eye glasses." Inmate Roettgen finally agreed to not hurt himself and slid an eye glass piece underneath the cell door onto the dayroom floor.  I picked up the piece of altered eye glasses and kept control of it notifying my supervisor of Inmate Roettgen's suicidal state.  I also relinquished custody of the altered eye glass piece to ASU Custody Staff, Correctional Officer Pintado, who took custody and control of the contraband.  As Staff Psychologist I referred Inmate Roettgen for further mental health evaluation where he was subsequently placed on Mental Health Crisis Bed status. This concludes my report.  Inmate Roettgen is a participant in the Mental Health Services Delivery System (MHSDS) at the CCMS level of care.  Inmate Roettgen did have a CDCR 115-MH prepared because his behavior at the time of the offense was  considered to be bizarre, unusual or uncharacteristic.

MHSDS: CCCMS    GPL: 12.9

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| N. Moon, Staff Psychologist | 1/15/15 | ASU, BLDG. #7 | W/S/SU |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| A. Garvey, Correctional Sergeant | 1/6/15 | DATE N/A | LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | A1 | 1/6/15 | M. Stout, B-Facility Captain | ☐ HO ☒ SHO ☐ SC ☐ FC |

## COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | C/O | 1/23/15 | 0850 | MIRANDA WARNING, HOLDING CELL LOG MEDICAL REPORT (7219), TWO EVIDENCE PHOTO |

| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| SD-B07-15-1-001 | C/O | 1/23/15 | 0850 | C/O | 1/23/15 | 0850 |

| HEARING | | | | |
|---|---|---|---|---|
| | 128-B TIME STOP, 128-B TIME RESUME | | | |
| | DA NON-REFERRAL | | | |
| | C/O | | 1/23/15 | 0830 |
| | 128 B TIME RESUME ( REVISED) | | 1/28/15 | 0910 |
| | (115 MH assessment | | 4/2/15 | 1008 |

BC'd 4-14-15

Dismissed in  furtherest  of Justice SH 1205 - PER Boytman  2/19 1220

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| L. Skelton, Correctional Lieutenant (SHO) | | | 2/24/15 | 0800 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| M. Stout, B-Facility Captain | 2/24/15 | C. Covel, Associate Warden | 3/9/15 | |
| | | BY: (STAFF'S SIGNATURE) | DATE | TIME |

☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING

CDC 115 (7/88)

STATE OF CALIFORNIA          DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**      PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-05142 | ROETTGEN | FB-15- 002 | R.J.D.C.F. | 01-02-2015 |

| [x] SUPPLEMENTAL | [ ] CONTINUATION OF: | [x] 115 CIRCUMSTANCES | [ ] HEARING | [ ] IE REPORT | [ ] OTHER _____ |
|---|---|---|---|---|---|

On Friday, January 02, 2015, at approximately 0930 hours, while performing my duties as Facility "B" Yard #1, Correctional Officer, I was redirected to Administrative Segregation, Housing Unit #7, to assist with daily duties within ASU #7. While performing my duties, Inmate ROETTGEN, V-05142, FB-07-150L, was discovered to be in possession of an inmate manufactured weapon. I took possession of the inmate manufactured weapon from N. Moon, Staff Psychologist. Upon taking custody and control of the contraband I observed it to be an altered piece of eye glasses which was made out of metal and fashioned into an inmate manufactured weapon. The altered eye glasses measure $5\frac{1}{2}$ inches in length from the handle and to the sharpened point. It was approximately $\frac{1}{4}$ inch in width at the handle part area. While maintaining control of the weapon I took Two (2) Xerox photograph copies of the inmate manufactured weapon. I then secured the contraband into Central Control Evidence Locker #1.

At approximately 1355 hours, I read Inmate Roettgen his rights pursuant to the Miranda Decision. Inmate Roettgen understood his rights and elected not to make a statement. This concludes my involvement in this incident.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| F. Pintado, Correctional Officer | 1-6-15 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| [X] COPY OF CDC 115-C GIVEN TO INMATE | C/O | 1/25/15 | 0850 |

CDC 115-C (5/95)        OSP 14 133382

STATE OF CALIFORNIA                                                  DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| V-05142 | ROETTGEN | CCR §3006(a) | 01/01/15 | R.J.D.C.F. | FB-15- 002 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☑ YES   ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ | **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ | **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| ☐ **I REVOKE** my request for postponement. | | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |

| ☒ ASSIGNED | DATE 1/25/15 | NAME OF STAFF C/O A. DEMESA | 2/18/15 REASSIGNED S.A OP 30 hrs 4/0 P. RIVERA. |
|---|---|---|---|
| ☐ NOT ASSIGNED | REASON Does / Does not meet the criteria pursuant to CCR §3315.(d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON Does / Does not meet the criteria pursuant to CCR §3315.(d)(1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| Lt. Spence | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|---|
| | | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C/o | TIME 0850 | DATE 1/25/15 |
|---|---|---|---|

[ ] FINAL COPY OF CDC 115-A GIVEN I/M BY: _____ TIME: _____ DATE: _____

CDC 115-A (7/88)                   — *If additional space is required use supplemental pages* —

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE _2_ OF _3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-05142 | ROETTGEN, J. | FB-15-002 | R.J.D.C.F. | 2/19/2015 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER

**PLEA:** GUILTY  **DISPOSITION:** GUILTY [POSSESSION OF DANGEROUS CONTRABAND]

Inmate ROETTGEN, J., V-05142, appeared before Senior Hearing Officer (SHO) L. Skelton, Correctional Lieutenant, on February 19, 2015, at approximately 1220 hours, for adjudication of the specific charge of POSSESSION OF INMATE MANUFACTURED WEAPON.

**EFFECTIVE COMMUNICATION:** Effective communication was established by speaking slowly, using simple English. These reports as well as the disciplinary charge of POSSESSION OF INMATE MANUFACTURED WEAPON were reviewed with Subject during the hearing. Subject is able to understand and effectively articulates both the nature of the charge and the disciplinary process. This was determined by allowing Subject to read the RVR, and then, verbally articulate the charge. Subject stated he understood and was prepared to begin. Subject has a TABE score of GPL 12.9 on file.

Subject states he is in good health and ready to proceed with the hearing. This CDC 115 was heard in Administrative Segregation Unit (ASU).

**DUE PROCESS:** Subject acknowledges he received a copy of the CDC 115/115-A on 1/23/2015, Supplemental Reports, CDCR 7219, CDCR 1104 Miranda Rights Form, TWO (2) photographs, and the District Attorney Non-Referral on 1/25/2015, and the CDCR 115-MH Assessment on 2/2/2015, more than Twenty-Four (24) hours prior to the hearing. Subject stated he had adequate time to prepare for the hearing and was ready to proceed.

**MENTAL HEALTH:** Subject is a participant in the Mental Health Delivery System at the CCCMS level of care and was placed in a Mental Health Chrisis Bed at the time of the incident. A CDCR 115-MH evaluation was on 1/30/2015, by Psy.D. J. Trimble. Subject received a copy of the CDCR 115-MH on 2/2/2015, more than Twenty-Four (24) hours prior to the hearing.

**INVESTIGATIVE EMPLOYEE (IE):** Investigative Employee was not assigned in accordance with the CCR Title 15, §3315.(d)(1)(A).

**STAFF ASSISTANT (SA):** Correctional Officer P. Rivera was assigned as the Staff Assistant due to other special needs designation. The assigned Staff Assistant was present at the hearing and met with the Subject more than Twenty-Four (24) hours prior to the hearing.

**DISTRICT ATTORNEY REFERRAL:** This incident was not referred to the San Diego County District Attorney's Office for possible felony prosecution.

**PLEA STATEMENT:** Guilty.

**SUBJECT'S STATEMENT:** "Insanity." "I was not in a good place at the time, and I wanted to hurt myself."

**WITNESS(ES):** Subject requested no witnesses, as indicated by signature on CDC 115-A.

**CONFIDENTIAL INFORMATION:** Confidential information was not utilized regarding this RVR.

**(CONTINUATION OF HEARING ON CDC 115-C)**

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| L. Skelton, Correctional Lieutenant (SHO) | 2/24/15 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 14 133382

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE _3_ OF _3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-05142 | ROETTGEN, J. | FB-15-002 | R.J.D.C.F. | 2/19/2015 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

**FINDINGS:** The evidence submitted at the hearing **DOES NOT SUBSTANTIATE** the specific charge of POSSESSION OF INMATE MANUFACTURED WEAPON.

Subject is found **GUILTY** of an included serious rule violation for POSSESSION OF DANGEROUS CONTRABAND; a Division "F" offense.

1). Statements contained in the written report by Staff Psychologist N. Moon, which states in part, "On Friday, January 2, 2015, at approximately 0900 hours, while performing my duties as Administrative Segregation Unit ASU), building #7, Staff Psychologist, I was conducting my rounds. During my rounds I arrived at cell 7-150, which was occupied and assigned to Inmate ROETTGEN, V-05142, FB-07-150L. During this time Inmate Roettgen informed me that he was suicidal and was going to cut his neck."

2). Subject's Plea Statement: "Insanity." "I was not in a good place at the time, and I wanted to hurt myself."

**DISPOSITION:** SHO considered the information contained in the CDCR 115-MH Assessment that reflected the Subject's mental health factors **SHOULD** be considered when assessing penalties, if found guilty of the violation. Specifically, "This inmate's mental disorder appears to have contributed to his behavior described in the RVR." Furthermore, there are mental health factors the SHO should consider in assessing the penalties. There is a risk for decompensation if the subject were to lose his visiting.

Subject is found **GUILTY** of POSSESSION OF DANGEROUS CONTRABAND. Subject was warned and counseled **with** reprimand about future behavioral expectations and Assessed the following penalty: (30) days Loss of Behavioral Credit Forfeiture pursuant to a Division "F" offense.

The SHO further assessed the following penalties:

TEN **(10)** days Loss of DAYROOM activities, **Effective:** 2/19/2015 **Through:** 3/1/2015.

*Dismissed in the interest of justice. Due to MH input, clarification. RJDC COO 3/9/15*

THIRTY **(30)** days Loss of PACKAGES: QUARTERLY PACKAGES and SPECIAL PURCHASE PACKAGES, **Effective:** 2/19/2015 **Through:** 3/21/2015.

Subject is being referred to ICC/UCC for program review.

**NOTICE OF RIGHT TO APPEAL AND CREDIT RESTORATION:** Procedural requirements/Due Process were/was complied with, the inmate was advised of these findings, his appeal rights and credit forfeiture restoration procedures. Subject was informed that his disciplinary free period begins 2/19/2015.

**ADDITIONAL INFORMATION:** The SHO spoke with the optometrist concerning the eye glasses, it turns out that the eye glasses are manufactured with a pointed end to the metal part that reinforces the molded plastic that forms the ear pieces, and based on what the CDCR 115-MH Assessment states factors relating to what N. Moon, Staff Psychologist stated in the RVR, the SHO elects to change the specific charge to that of POSSESSION OF DANGEROUS CONTRABAND.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| L. Skelton, Correctional Lieutenant (SHO) | 2/24/15 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

CDC 115-C (5/95)

OSP 14 133382

STATE OF CALIFORNIA
## RULES VIOLATION REPORT – PART C

| CDC NUMBER | INMATE NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-05142 | ROETTGEN | FB-15- 002 | R.J.D.C.F. | 01/02/2015 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☒ OTHER – CDCR 115C EFF. COM.

☒ I ENSURED THE DISABILITY EFFECTIVE COMMUNICATION (DEC) SYSTEM AND/OR CENTRAL FILE WAS REVIEWED AND THE INMATE WAS QUERIED FOR EFFECTIVE COMMUNICATION.

'S' was identified with:
☒ No disabilities or issues requiring effective communication ☐ TABE 4.0 or lower, 'S' TABE is **12.9**
☐ Hearing (DPH, DNH)                               ☐ Vision (DPV)
☐ Learning Disability (LD)                          ☐ Foreign Language Speaking
☐ Developmental Disability (ensure confidentiality)(DD1, DD2, DD3) ☐ Speech (DPS, DNS)

Primary method of communication: (Refer to DEC/Central File and query inmate) _Simple English_

Print Name _____   Signature _____   Date 1/6/15
(Person completing the top portion of this form)

Assigned Staff Assistant c/o  A. DEMESA   Signature _____   Date 1/25/15
Assigned Investigative Employee _____   Signature _____

☐ Staff Assistant was assigned. (Note: *If assigned, S.A. must be present and provide assistance during the I.E interview, and the hearing.*)

## ALL APPLICABLE BOXES SHALL BE INITIALED

| Assistance Provided to Ensure Effective Communication | 1st Copy/SA | IE | 115 Hearing | Final Copy |
|---|---|---|---|---|
| Use of Text Magnifier | | | | |
| Read Documents to 'S' | | | | |
| Lip Reading | | | | |
| Foreign Language Interpreter | | | | |
| Sign Language Interpreter | | | | |
| Written Notes (see attached notes) | | | | |
| Simple English Spoken Slowly & Clearly | | | ☒ | |
| 'S' was wearing his hearing aids | | | | |
| Other | | | | |
| Comments: | | | | |

## Method Used to Determine Communication was Effective

| | | | | |
|---|---|---|---|---|
| 'S' reiterated in his own words, what was explained. | | | | |
| 'S' provided appropriate, substantive responses to questions asked. | | | ☒ | |
| 'S' asked appropriate questions regarding the information provided. | | | | |
| 'S' did not appear to understand the communication, even though the primary method of communication was used. | | | | |
| Other | | | | |
| Date: | | | | |
| Comments: | | | | |

| ☐ COPY OF CDC 115C GIVEN TO INMATE WITH FINAL COPIES | GIVEN BY: (STAFF SIGNATURE) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | | |

Revised 2/15/2012 (ATTACHMENT E)

PRIORITY MAIL

$09.85°

0    2016

ZIP 92179
011D11648136

California Department of
Corrections and Rehabilitation

JOHN ROETTGEN  V05142
480 ALTA ROAD  12-249
SAN DIEGO, CA  92179

U.S. DISTRICT COURT
SOUTHERN DIST. OF CALIFORNIA
333 W. Broadway, STE. 420
SAN DIEGO, CA  92101

LEGAL
MAIL

Legal Mail
CC
7-7-16