UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROETTGEN, CDCR #AX-5810,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>D. PARAMO; M. STOUT; M. HAGEMANN; T.B. RUSSELL; DELEON; G. STRATTON; K. SPENCE; M. CURTIS; J. HEDDY; A. GARVEY; F. PINTADO; A. SANCHEZ; N. MOON; SEIBEL; C. COVEL,<br><br>　　　　　　　　　Defendants. | Case No.: 3:16-cv-01806-LAB-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2] and**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

John Roettgen ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 at 1.

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## I.    Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a certified copy of his prison trust account statements, as well as a prison certificate, pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. These statements shows that Plaintiff had an available balance of zero at the time of filing. Therefore, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, the Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

1  Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
2  applied in the context of failure to state a claim under Federal Rule of Civil Procedure
3  12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter,
4  accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,
5  556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

6  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
7  elements of a cause of action, supported by mere conclusory statements, do not suffice."
8  *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
9  relief [is] . . . a context-specific task that requires the reviewing court to draw on its
10 judicial experience and common sense." *Id.* The "mere possibility of misconduct" or
11 "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
12 this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969
13 (9th Cir. 2009).

14  **B.  Plaintiff's Allegations[2]**

15  Plaintiff has filed a forty three (43) page Complaint in which he names seventeen
16 (17) defendants and attaches ninety four (94) pages of Exhibits.  (Doc. No. 1.)  Plaintiff
17 alleges that his claims arise during his incarceration at RJD from July 3, 2014 to March 9,
18 2015.  (*Id.* at 1.)

---

[2]  The Court takes judicial notice that Plaintiff has filed four other § 1983 actions in this Court which involve some of the same defendants who are named in this action.  A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). *See Roettgen v. Foston, et al.* S.D. Cal. Civil Case No. 3:13-cv-01101-GPC-BGS; *see also Roettgen v. Arnold, et al.* S.D. Cal. Civil Case No. 3:11-cv-02562-MMA-NLS; *see also Roettgen v. Des Jardins, et al.*, S.D. Cal. Civil Case No. 3:14-cv-02913-BAS-JMA; *see also Roettgen v. Paramo, et. al.* S.D. Cal. Civil Case No. 3:14-cv-02988-JAH-WVG.

### C.     42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### C.     Rule 8

As an initial matter, the Court finds that Plaintiff's Complaint fails to comply with Rule 8.   Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2).  In addition, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff is also admonished that he must comply with Local Rule 8.2 which requires, in part, that "[c]omplaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983, must be legibly written or typewritten on forms supplied by the court" and "additional pages not to exceed fifteen (15) in number may be included with the court approved form complaint, provided the form is completely filled ion to the extent applicable." S.D.  CivLr 8.2(a).  Here, Plaintiff filed an additional thirty five (35) pages, along with the Court's form complaint, which well exceeds the number of pages permitted by the local rule.

### D.     Eighth Amendment Failure to Protect

Plaintiff claims that Defendants Paramo, Hagemann, Stout and "all ranking staff" failed to protect him from harm when one of Plaintiff's known "enemies" was housed in his yard. (Compl. at 15, 17.)  When Plaintiff learned that this inmate was housed in his

yard, he "immediately wrote a letter to Defendant Paramo and to the Courts."[3] (*Id.* at 15.) When he addressed his concern to Defendant Hagemann, Plaintiff was told that he would "go to ad-seg because he was the complaining party." (*Id.* at 16.)

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim, however, Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison officials he seeks to hold liable were "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer,* 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

There are no facts from which the Court could conclude that any Defendant acted with "deliberate indifference" to a serious risk of harm to Plaintiff.  In fact, Plaintiff claims that when he informed prison officials of the alleged enemy being housed in his yard, Plaintiff was removed from that housing assignment to avoid the risk of harm.  There are

---

[3]  Plaintiff claims that he wrote to District Judge Anello in *Roettgen v. Arnold, et al*, S.D. Civil Case No. 11cv2562 MMA (NLS). A review of the Court's docket in that matter indicate that Plaintiff did raise his concerns with being housed with inmate Johnson to the Court in that matter. (*Id.*, Doc. No. 117.)  In addition, Plaintiff raised a general "failure to protect" claim in this separate matter based on his housing in Ad-Seg which the Court found in favor of Defendants and entered judgment as to that claim. (Doc. No. 189.)  To the extent that Plaintiff is raising duplicative claims, this Court may ultimately dismiss these claims as frivolous.  A complaint "that merely repeats pending or previously litigated claims is subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e).  *See Cato v. United Stat*es, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations omitted); *McWilliams v. State of Colo*., 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious.") (quotation omitted).  If Plaintiff chooses to amend his pleading, he must clearly identify why these claims should not be dismissed as duplicative.

no facts that any named Defendant failed to respond to Plaintiff's concerns.  There are no allegations that Plaintiff faced any serious risk of harm after he was placed in ad-seg.

Here, the Court finds that Plaintiff fails to allege that any Defendant was aware of any facts demonstrating an "obvious" risk and failed to take any action. *Farmer*, 511 U.S. 842; *see also Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003) ("Much like recklessness in criminal law, deliberate indifference . . . may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.").

For these reasons, the Court finds Plaintiff's failure to protect claims against all Defendants also must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.  If Plaintiff chooses to amend these claims, he must identify Eighth Amendment claims he has not already raised and litigated in *Roettgen v. Arnold, et al.*, S.D. Cal. Civil Case No. 3:11-cv-02562-MMA-NLS.

### E. Access to Courts

Plaintiff claims Defendants have denied him access to courts and sets forth examples in which he alleges Defendants hampered his efforts to effectively litigate his ongoing civil rights matters.  (*See* Compl. at 22.)

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

1    However, Plaintiff must allege "actual injury" as the threshold requirement to any
2 access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual
3 injury" is "actual prejudice with respect to contemplated or existing litigation, such as the
4 inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also*
5 *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the
6 "inability to file a complaint or defend against a charge"). The failure to allege an actual
7 injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to
8 show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518
9 U.S. at 353 & n.4).

10   In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable"
11 underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the
12 underlying claim must be set forth in the pleading "as if it were being independently
13 pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be
14 awarded as recompense but not otherwise available in some suit that may yet be
15 brought." *Id.* at 415.

16   Plaintiff's Complaint fails to allege the actual injury required to state an access to
17 courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Plaintiff failed to
18 include any "factual matter" to show how or why any individual Defendant in this case
19 caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline
20 or to present a claim," with respect to that case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d
21 at 936; *Iqbal*, 556 U.S. at 678.   While Plaintiff alleges that he was prevented from
22 "complying with Court deadlines" in his ongoing civil rights matters, he then claims that
23 he has actually prevailed in several rulings.  There is no adverse event that Plaintiff links
24 to any action on the part of Defendants.

25   Thus, because Plaintiff has failed to allege facts sufficient to show that Plaintiff
26 suffered any "actual injury" with respect to that case, or any other non-frivolous direct
27 criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518
28 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for

failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### F. Due Process

Plaintiff also seeks to hold Defendants liable for his placement in ad-seg in violation of his right to due process. The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's Complaint fails to allege facts which show that the conditions in ad-seg subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his placement in ad-seg.

Moreover, Plaintiff's pleading contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

### G. Leave to Amend

A pro se litigant must be given leave to amend his pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. Conclusion and Order

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

5. **GRANTS** Plaintiff forty-five (45) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned,

however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to follow these instructions and/or files an Amended Complaint that still fails to state a claim, his case may be dismissed without further leave to amend. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: July 20, 2016

                                                                    _Larry A. Burns_
HON. LARRY ALAN BURNS
United States District Judge