UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROETTGEN,<br><br>                      Plaintiff,<br><br>v.<br><br>D. PARAMO, ET AL.,<br><br>                      Defendant. | Case No.: 3:16-cv-01806-LAB-BGS<br><br>**ORDER DENYING MOTION REQUESTING COURT TO VACATE ORDER** |

## I.    Procedural History

Plaintiff, an inmate currently incarcerated at the California State Prison – Sacramento located in Represa, California, initially filed this action on July 11, 2016. (ECF No. 1.) On July 21, 2016, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and dismissed his Complaint ("FAC") pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 3.) The Court found a number of deficiencies in his pleading but nevertheless, Plaintiff was granted forty-five (45) days leave to file an amended complaint. (*Id.* at 10-11.)

///

///

On February 13, 2017, nearly seven months after the Court dismissed this action, Plaintiff filed a "Motion for Copy of Court Order, Reinstate Case and for 45 days in which to file First Amended Complaint." (ECF No. 5.) The Court denied Plaintiff's Motion to reopen the case but granted him additional time to file an amended complaint. (ECF No. 5.) The Court also directed the Clerk of Court to mail a copy of the Court's July 21, 2016 Order to Plaintiff. (*Id.*) Plaintiff then filed a second extension of time and claimed that prison officials have confiscated his legal materials. (ECF No. 8.) The Court granted Plaintiff's request for additional time on August 1, 2017. (ECF No. 9.) However, Plaintiff waited an additional year to bring his third request for an extension of time to file his First Amended Complaint. (ECF No. 11.)

On September 13, 2018, based on Plaintiff's allegations in his motion, the Court found good cause to grant Plaintiff one final extension of time in which to comply with its July 21, 2016 Order. (ECF No. 12.) Plaintiff was informed that if he failed to comply the Court's Order within this timeframe, the Court would enter a final order of dismissal. Moreover, no further extensions of time would be granted absent a showing of exceptional circumstances. (*Id.*)

After that timeframe passed yet again without a filing submitted by Plaintiff, the Court DISMISSED the entire action for the reasons set forth in the Court's July 21, 2016 Order and for his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's September 13, 2018 Order. (ECF No. 13.) Judgment was entered on November 7, 2018. (ECF No. 14.)

On November 13, 2018, the Court received Plaintiff's First Amended Complaint ("FAC"). (ECF No. 15.) The Court rejected this filing on the grounds that the "Court cannot entertain Roettgen's motion or permit further amendments. (*Id.* citing *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996).) On January 2, 2019, Plaintiff filed a "Motion Requesting Court to Vacate Order Dismissing Case" pursuant to Fed. R. Civ. P. 60(b).

/ / /

/ / /

## II. Plaintiff's Motion pursuant to FED. R. CIV. P. 60(b)

### A. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b)*; School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

### B. Plaintiff's Motion

Despite Plaintiff's repeated failure to comply with Court deadlines, Plaintiff was granted one final extension of time on September 13, 2018. (*See* ECF No. 12.) Plaintiff claims that he had prepared his FAC for filing with the Court and "planned to make his copies of his FAC on October 22, 2018" at the prison's law library. (ECF No. 17 at 2-3.) However, he learned on October 22, 2018 that the library was closed and he was "unable to obtain his copies until November 6, 2018." (*Id.* at 3.) Plaintiff "promptly mailed the FAC on the same day." (*Id.*)

As stated above, the Court did receive this proposed FAC on November 13, 2018 but it was rejected as untimely on November 15, 2018. (*See* ECF No. 15 at 1.) Plaintiff

then waited until December 18, 2018[1] to prepare the Motion currently before the Court. (*See* ECF No. 17 at 38.) Plaintiff filed his original Complaint two and a half years ago. (*See* ECF No. 1.) The procedural history of this case shows quite clearly that Plaintiff has engaged in unreasonable delay for the past two years. Plaintiff's only excuse for failing to file his FAC in a timely matter is his assertion that the law library was closed on the day of his choosing to make photocopies of his FAC. (*See* ECF No. 17 at 3.) Pursuant to the Court's September 13, 2018 Order, Plaintiff's FAC was due to be filed with the Court on October 28, 2018. (ECF No. 12 at 2.)

"What constitutes 'reasonable time' depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).

Plaintiff acknowledges that this Court was "likely correct to reject Plaintiff's post-dismissal motion for extension of time." (ECF No. 17 at 2.) Plaintiff never offers any rational reason why he did not seek an extension of time when he knew that the law library was closed. Instead, he waited for almost two months to file this Motion. The Court finds that Plaintiff, throughout this action, has unreasonably delayed in complying with the Court's Orders. Therefore, Plaintiff's Motion to Vacate the Court's November 7, 2018 Order is **DENIED**.

/ / /
/ / /
/ / /
/ / /

---

[1] Plaintiff dated his Motion on December 18, 2018. Accordingly, the Court finds that this Motion is deemed "filed" on December 18, 2108. *Houston v. Lack,* 487 U.S. 266, 270-72 (1988) (notice of appeal filed by a pro se prisoner is deemed to be "filed" when it is delivered to prison authorities for forwarding to the district court); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners.").

### III. Conclusion and Order

For reasons stated, Plaintiff's motion for relief from the Court's November 7, 2018 Order dismissing his case, and request to vacate the November 7, 2018 Order pursuant to FED. R. CIV. P. 60(b) is **DENIED**.

Dated: January 11, 2019

*[signature: Larry A. Burns]*

Hon. Larry Alan Burns
United States District Judge